FILED

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Clerk of the Court
333 Constitution Ave., NW
Washington, DC 2001

| | |
|---|---|
| LINDA M. LEWIS, <br> 8811 Colesville Road, #210, <br> Silver Spring Maryland, 20910 <br> Pro Se Plaintiff, <br> 262 210-8539 <br> v. <br><br> MIKE JOHANNS, <br> SECRETARY OF AGRICULTURE, <br> 1400 Independence Ave, SW, RM 3312 <br> Washington, DC 20250 <br> Defendant. | ) <br> ) <br> ) <br> ) CASE NUMBER 1:05CV01507 <br> ) <br> ) JUDGE: Richard J. Leon <br> ) <br> ) DECK TYPE: Employment Discrimination <br> ) DATE STAMP: 07/29/2005 <br> ) <br> ) <br> ) |

## COMPLAINT

### I. INTRODUCTION

This complaint seeks declaratory and injunctive relief and damages, against defendant Department of Agriculture for violations of her privacy, age, sex, race, and equal employment opportunity rights. Plaintiff seeks actual, compensatory, and punitive damages, attorneys fees and costs from the defendants as a result of the harms caused by defendants' willful, intentional, egregious and unlawful behavior.

### II. JURISDICTION AND VENUE

a. This court has jurisdiction pursuant to The Privacy Act of 1974, 5 U.S.C. § 522(a), as amended, The Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., as amended, Title 5, section 2302, The Americans with Disabilities Act, as amended, codified at 42 U.S.C. 12201-12204, 12210, and 12211, et seq. ,Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 USC 2000(e), The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and 29 U.S.C. §§ 631, 633a, and The Whistleblower Protection Act for 1994.

1

b. Venue is proper in this District pursuant to 5 U.S.C. § 552a(g)(5), 28 U.S.C. § 1391, 15 U.S.C. 78aa and 77v, and 7 U.S.C. Section 25(c ).

### III. PARTIES

a. Plaintiff Linda M. Lewis, Pro Se, is a citizen of the United States and an employee of the U.S. Department of Agriculture. Plaintiff resides at 8811 Colesville Road, #210, Silver Spring Maryland, 20910.

b. Defendant Mike Johanns, the official representative of the United States Department of Agriculture, is an agent of the United States Government, located at 1400 Independence Avenue, S.W., Washington, D.C. 20250 (the "Agency").

### IV. Procedural History

a. Equal Employment Opportunity ("EEO") Complaint 2004-

   i. On May 27, 2004, complainant initially contacted the Food Safety and Inspection Services (FSIS) Civil Rights Division Director.

   ii. The Complainant was interviewed on June 8, 2004 and alleged the First Causes of actions herein.

   iii. On April 30, 2005, Complainant received a Final Agency Decision ("FAD) from the Department of Agriculture Office of Civil Rights indicating giving Complainant a right to sue in the District Court with 180 days. Complainant has timely filed this action. See Attachment 1.

b. EEOC Consolidated Complaints Nos. 970252 et al.–

   i. October 21, 2003, Judge Richard E. Schneider issued an Order remanding EEOC Case No. 100-A1-7163X, Agency Case No. 970252, et al. to the Agency for a final agency decision containing appropriate appeal rights.

   ii. The Order further indicated a dismissal pending MSPB Jurisdiction.

   iii. The Agency has been non-responsive.

## V. Standards of Law

a. The Privacy Act of 1974, 5 U.S.C. § 522(a), as amended states:

   No agency shall disclose any record which is contained in a system of
   records by any means of communication to any person, or to another
   agency, except pursuant to a written request by, or with the prior
   written consent of, the individual to whom the record pertains.

b. The Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended, requires affirmative action and nondiscrimination in employment by Federal agencies of the executive branch.

c. Title 5, section 2302, prohibits unlawful personnel practices.

d. The Americans with Disabilities Act, as amended, codified at 42 U.S.C. 12201-12204, 12210, and 12211, et seq.

e. Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 USC 2000(e) prohibits discrimination based on race, color, or sex.

f. The Age Discrimination in Employment Act of 1967, 29 U.S.C. 631, 633a, prohibits discrimination on the basis of age.

g. The Whistleblower Protection Act for 1994, as amended, provides freedom for retaliation for whistleblower activities.

## VI. First Cause of Action

As pertains to the facts below, Complainant has been subject to violations in accordance with the Standards of Law indicated in section IV, herein:

a. Complainant alleges on March 30, 2004 the agency failed to properly control distribution of Complainants highly sensitive personnel and disability information.

b. Complainant found her highly sensitive personnel and disability information unattended in an FSIS Office.

c. As pertains to element VI(b), herein, the highly sensitive personnel and disability information included but is not limited to information pertaining EEO and Whistleblower charges of retaliation, and psychiatric fitness-for-duty exams. See Exhibit A, attached hereto.

   d. The files included some never-before-produced and new information related to incidents of retaliation and discrimination which occurred in Complainant's workplace in 1999.

   e. As pertains to element VI(d), herein, these incidents of retaliation included but are not limited to denial of assignment, false characterization as a security threat, denial of a scheduled within-grade-increase without a written performance appraisal, and placement on administrative leave, lasting three (3) years.

   f. Since the documents were left unattended, Complainant has been under a "perceived disability," wherein here supervisors have limited her responsibilities based on their perceived disability.

   g. Complainant alleges she has been subject to retaliatory-based orders for fitness of duty exams.

   h. Complainant has been denied security clearances in a retaliatory and harassing manner due to the "perceived" disability indicated in element VI(f), herein.

   i. Complainant further incorporates by reference the First Cause of Action, items 1-14 as recited in U.S. District Court Case No. 1:03CV01027, filed May 5, 2003 and attached hereto as Exhibit B.

### VII. Second Cause of Action

As pertains to the facts below, Complainant has been subject to an ongoing hostile work environment, retaliation and reprisal, in accordance with the Standards of Law indicated in section IV, herein:

   a. Complainant's consolidated EEO cases which were remanded back to the Agency are alleged to be withheld from processing in a retaliatory manner.

   b. Complainant hereby incorporates by reference Second Cause of Action, elements 15-25, as recited in U.S. District Court Case No. 1:03CV01027, filed May 5, 2003 and attached hereto as Exhibit B.

   c. The Agency has been non-responsive in complying with the Order, further injuring Complainant.

   d. Complainant hereby incorporates the issues complained about in EEOC Consolidated Complaints Nos. 970252 et al.

## VIII. CONCLUSION

Prayer For Relief- WHEREFORE:

a. I request a jury trial.
b. I request a court-appointed attorney
c. I request to be made whole.
d. I request for a cease and desist by the Agency of all retaliation and harassment.
e. I request to receive the rightful employment opportunities for which I am qualified.
f. I request to be reimbursed for legal fees and costs.
g. I seek damages in an amount that is fair and reasonable.
h. I request for any other remedy a jury deems appropriate.

*Linda M. Lewis*
Linda M. Lewis, Complainant, Pro Se

8811 Colesville Rd
#210
Silver Spring, MD 20910
202 210 8539