EXHIBIT B (22 pp)

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Linda M. Lewis )
8702 Hayshed Lane, Columbia, MD 21045 )
          Plaintiff. )          No.:
           )
v. )
           )
Ann M. Veneman )   CASE NUMBER 1:03CV01027
1400 Independence Ave., Wash. D.C. 20250 )
          Secretary, )   JUDGE: Gladys Kessler
           )   DECK TYPE: Employment Discrimination
   U.S. Department of Agriculture, )
           )   DATE STAMP: 05/09/2003
          Agency. )
          and )
Dr. Sarah K. Reagan, )
4001 N. 9th St., Ste. 220, Arlington, VA 22203 )
           )
          Defendant. )

## COMPLAINT

#### First Cause of Action- USDA Non Selections of Plaintiff

1. This cause of action concerns a civil action alleging discrimination in violation of
Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C.
Section 2000(e) and the Age Discrimination in Employment Act on the basis of
sex (female), race (White), prior protected EEO and other whistleblower activity,
and age (40 to 70) when the Department of Agriculture created a hostile

05 1507

FILED

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

environment for the plaintiff Linda Lewis and did not select the her as the most

qualified candidate for Branch Chief of the Emergency Planning Staff of the Food

Safety and Inspection Service within the U.S. Department of Agriculture.

2.  The plaintiff raises in each cause of action herein the failure of the agency to

provide reasonable accommodation to her as directed by the USDA's

Departmental Reprisal Panel in accordance with the Americans with Disabilities

Act and the Rehabilitation Act of 1973 so as to mitigate damages raised in the

causes of action referenced herein.   Damages herein have also been worsened by

the agency failure to abide by the Whistleblower Protection Act regarding

protective disclosures made by the plaintiff concerning nuclear safety and food

safety, in 1996 and 1999, respectively.


3.  The Plaintiff, through her attorney, hereby references the February 13, 2002 right

to sue letter by the Office of Federal Operations (OFO), Equal Employment

Opportunity Commission (EEOC) which found agency error and remanded her

EEO reprisal case of 980005 to be consolidated with her other EEO reprisal

complaints, which include but are not limited to cases 970252, 990200, 990986,

and 000187.   Case 000187 is hereby cited for the (fraudulent) suspension of

plaintiff's security clearance as the single stated agency pretext for her non-

selection.


4.  The plaintiff was also denied selection as a GS-0301-13 Policy Analyst in

announcement FSIS 98-93 that closed on June 16, 1998.  The plaintiff was also

denied selection as an Emergency Preparedness Specialist in announcement PM-98-01 for a GS-0301-14 vacancy that closed on March 25, 1998.

5. The Plaintiff is a white female, aged 53, who has been continuously employed as a GS-301-13, Emergency Planning Specialist in the Food Safety and Inspection Service (FSIS) since joining that agency of USDA in 1992.

6. Plaintiff's outstanding educational background, including earning a second university degree in Emergency Planning and Administration and extensive work experience in emergency planning in USDA, FEMA and other exercises made her the best candidate for a GS-14 promotion as the Branch Chief of the Emergency Planning Staff, FSIS, a GS-13 Policy Analyst at USDA, and a GS-14 Emergency Preparedness Specialist.

7. But for Plaintiff's sex (female), race (White), age (40 to 70) and prior EEO and other protected (whistleblowing) activity, she would have been selected to the GS-14 Branch Chief of the Emergency Planning Staff of the FSIS, a GS-13 Policy Analyst and a GS-14 Emergency Planning Specialist.

8. Under 5 U.S.C. Section 7201 (1994), it is the "policy of the United States to insure equal employment opportunities for Federal Employees without discrimination because of race, color, religion, sex or national origin and the President shall utilize his existing authority to effectuate this policy."

9. Pursuant to the mandate of 5 U.S.C. Section 7201, Executive Orders 11,246 and 11,478 were issued to prohibit discrimination in the federal work force.

10. Section 717 of the Equal Employment Opportunity Act of 1972, provides that "all personnel actions [relating to covered federal employees] shall be free from discrimination. The 1994 Amendments to the Whistleblower Protection Act extended a mental fitness for duty examination as a personnel action for federal purposes.

11. The United States District Court for the District of Columbia has jurisdiction under 28 U.S.C. Section 1331 since the Plaintiff is a tenured competitive service federal employee working at USDA in the District of Columbia and was not selected in vacancy announcements for a USDA positions in the District of Columbia in which she was the most qualified applicant.

12. Venue is proper in the District of Columbia judicial district pursuant to 28 U.S.C. Section 1391, 15 U.S.C. Section 78aa and 77v, and 7 U.S.C. Section 25(c).

13. By virtue of her wrongful non-selections and denials of promotion to a GS-14 salary, the Plaintiff has suffered and continues to suffer from nervous stress and anxiety and requests compensatory damages in accordance to proof at trial in

addition to the lost back pay regarding the differential in salary actually received

from that which she should have received from June 1999.

14. The Office of Federal Operations of the Equal Employment Opportunity
Commission decision of February 12, 2003 (attached) provides a right to file a
civil action within 90 days of this decision. Moreover, more than 180 days have
passed since the plaintiff brought each of her EEO cases and consolidated
complaints to the EEOC.

## Second Cause of Action-Ongoing Hostile Environment and Reprisals

15. The Plaintiff hereby incorporates by reference paragraphs 1 through 14 as if fully
set forth. This cause of action arises out of the same set of operative facts and
also concerns the right to sue letter of the Office of Federal Operations decision
and order of February 12, 2003.

16. The Office of Federal Operations, Equal Employment Opportunity decision of
February 12, 2003 recognizes that a hostile environment has been created for the
plaintiff which includes but is not limited to denial of training and interagency
assignments, suspension and revocation of her security clearance in violation of
agency procedures, placement on administrative leave for forty (40) months from
September 2, 1999 through January 26, 2003, and her notice of proposed

involuntary separation from federal employment which was pending from December 15, 2000 through January 16, 2003.

17. But for her sex (female), race (White), age (40 to 70), and prior EEO and other protected (whistleblowing) activity, the plaintiff would not have suffered the hostile environment imposed upon her through baseless personnel actions and other *ultra vires* actions by USDA which have imposed and continue to impose injury.

18. From the time of her successful EEO settlement for sexual harassment regarding a case filed in 1993 while at USDA but not against the Department, the USDA's hostility has escalated as shown by several of her subsequent complaints, including but not limited to cases 970252, 980005, 990200, 990986, and 000187. These complaints include denials of training and promotion opportunities, the suspension and revocation of her security clearance, and removal of all duties.

19. Agency officials have tried to provoke her, encouraged others to attack her, and subsequently blamed her for the altercations. Agency officials also threatened her, falsely maligned her character, and disparaged her competency.

20. Agency officials have failed to notice plaintiff of her rights subsequent to the agency initiating an EEO investigation that includes three negligently if not

intentionally incomplete Reports of Investigation (ROI's) by the agency, the third of which struck plaintiff's own affidavit from the record.

21. The plaintiff has petitioned the Office of Federal Operations of the EEOC to ensure that the agency has consolidated all of her reprisal complaints as ordered to do so by Judge Kenneth Kraham of the Washington Regional Office of the EEOC and by the Office of Federal Operations of the EEOC by order of Carlton Hadden dated February 12, 2003.

22. Despite the extensive period of time in which the agency could have made numerous corrective actions, the agency has failed to issue a final action in accordance with 29 C.F.R. 1614.110 within 180 days of her filing each complaint, or at any time whatsoever, regarding any of plaintiff's reprisal complaints which are consolidated effective February 12, 2003.

23. On September 1, 1999 the USDA order prohibiting FSIS and its other agencies from reprisal against their respective agency employees lapsed and the Department's Reprisal Panel, that previously protected USDA employees by providing an investigative and reviewing body, ceased to exist.

24. Ronald Hicks, the Deputy Administrator of FSIS, promptly ordered on September 2, 1999 the plaintiff to turn in her office keys and Department badge.  Hicks then

placed the plaintiff on forty (40) months of administrative leave and the agency

provided no due process to object to these humiliating actions.

25. The plaintiff was not provided an opportunity to challenge the following January

7, 2000 revocation of her security clearance until June 2002.   The agency did not

rescind its notice of December 15, 2000 for proposed removal until January 16,

2003 when the Food Safety and Inspection Service (FSIS) of USDA ordered the

plaintiff to return to work on January 27, 2003.

## Third Cause of Action – Negligent Malpractice by Dr. Sarah Reagan

26. The plaintiff hereby incorporates by reference paragraphs 1 through 25 as if fully

set forth. This cause of action arises out of the same set of operative facts

concerning the first two causes of action.

27. In April 1999 the agency ordered the plaintiff to suffer the personnel action of a

mental fitness for duty examination under threat of removal from her federal

employment unless she complied with this needless indignity.

28. Despite plaintiff's having passed a fitness for duty examination by USDA's Chief

Medical Officer on June 1, 1999, the Agency compelled the plaintiff to undertake

a mental fitness for duty examination in October 1999 from USDA contractor

psychologist Dr. Sarah Reagan.

29. Sarah Regan was not competent to perform this mental fitness for duty

examination because she was not a psychiatrist with a medical degree who could

assess physiological conditions such as fibromyalgia and perimenopause that afflict the plaintiff and could affect her relationship with co-workers within the meaning of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

30. Despite seeing the plaintiff on only two occasions, one of which consisted of plaintiff's completing a paper and pencil exam and her testing within normal ranges except for scoring high in intelligence, Sarah Reagan falsely and negligently diagnosed the plaintiff as having a "paranoid disorder."

31. Sarah Reagan's report to USDA did not cite a single paranoid delusion observed by her and rejected without cause the positive psychiatric diagnosis provided by a trained psychiatrist, Dr. Marta Hopkinson.

32. Sarah Reagan refused to have Dr. Donald Soeken observe her testing procedures concerning the plaintiff.

33. The gravity of this false psychosis diagnosis by Sarah Reagan was that the plaintiff was presumed to be so disoriented that she [the federal employee, not the contractor] could no longer understand reality sufficiently to be entrusted with a security clearance regarding *national security information* (NSI).

34. Sarah Reagan knew or should have known that a diagnosis of psychosis would be used by the agency to revoke plaintiff's security clearance as a fraudulent attempt to remove a whistleblower from federal employment when the agency did not have either a performance nor misconduct basis to remove such an employee under either Chapter 43 or 75 of Title V of the United States Code.

35. The mental fitness for duty examination proceeded under the fraudulent presumption that plaintiff's encumbered position required a top-secret security clearance and that a revocation of her security clearance and a resulting firing was required. Dr. Reagan and the agency deliberately failed to suggest or make any reasonable accommodation to keep the plaintiff from handling *national security information* during a period of impairment when she could perform other less sensitive duties, presumably.

36. Upon entering agency employment in 1992, the plaintiff was placed in a position description that did not require pre-employment suitability for a top-secret or other security clearance.

37. During this period of over a decade to present, the USDA never asked the plaintiff to perform any duties that required a top secret or other security clearance.

38. At no time has plaintiff worked with or was asked to work with secured documents for the federal government including emergency planning exercises.

39. The U.S. Department of Agriculture did not have the delegated authority from the President to classify any document as *national security information* until Executive Order 12958 was issued on September 26, 2002 and such authority has not been expressly entrusted to the USDA agency, Food Safety and Inspection Service (FSIS), in which the plaintiff continues to work without problem today.

40. Besides the contractual duty to provide an honest report to the USDA, Dr. Sarah Reagan also owed a duty to plaintiff to conduct a professional mental fitness for duty examination.

41. Dr. Sarah Reagan breached that duty to plaintiff by negligence if not recklessness. This recklessness includes but is not limited to Reagan failing to accept the psychiatric opinion of Dr. Marta Hopkinson, not considering the fitness for duty determination by Dr. Oleh Jacykewicz, the USDA's Chief Medical Officer, and failing to obtain any supporting psychiatric or other medical opinion for her psychotic diagnosis.

42. Dr. Sarah Reagan negligently breached her duty to plaintiff by her failure to conduct a mental fitness for duty examination in accordance with agency and Office of Personnel Management (OPM) procedures.

43. Dr. Sarah Reagan breached her duty to plaintiff by negligently proffering a diagnosis of paranoid psychosis which she knew, or should have known, could and would be misused by the agency to deprive the plaintiff of her property and liberty interest in her federal employment. The Plaintiff is informed and believes that this false diagnosis was entered into the United States mail within the meaning of 18 U.S.C. Section 1341 in furtherance of a fraudulent scheme within the meaning of 18 U.S.C. Section 1961 *et al.*

44. Dr. Sarah Reagan knew or should have known that the false labeling of plaintiff as a psychotic would taint her reputation [the federal employee's, not the contractor's] so as to make Linda Lewis unemployable by federal and other employers. Reagan received compensation only when she submitted a report that the agency found satisfactory. The plaintiff is informed and believes that FSIS personnel official, Roslyn Robinson, also asked Dr. Reagan to supplement her report regarding the plaintiff.

45. The plaintiff is informed and believes that this Court has personal jurisdiction

over the defendant Dr. Sarah Reagan regarding the psychologist's negligent

conduct described herein examining the complainant, a federal worker at USDA

Headquarters in Washington, D.C. and her District of Columbia employee rights.

46. The plaintiff is informed and believes that this Court has complete diversity

subject matter jurisdiction over Dr. Reagan's malpractice and breach of duty to

plaintiff and that such negligence has caused over $75,000 of injury to plaintiff

including but not limited to damage to her career, psychological and physiological

injury, and further pain and suffering. But for this negligence, no psychosis

would have been diagnosed regarding the plaintiff, who through over five decades

of life was never previously diagnosed as psychotic, a danger to herself, or a

danger to others.

47. The plaintiff, at all times herein mentioned, is a resident of the state of Maryland

who resides at 8702 Hayshed Lane, Columbia, MD 20145.

48. The plaintiff is informed and believes that the defendant Dr. Sarah Reagan

maintained her office at 4001 N. Ninth Street, Suite 220, Arlington, VA 22203

and resided in the state of Virginia at all times herein mentioned.

49. The plaintiff is informed and believes that injury to her proximately caused by

defendant Reagan's negligence is ongoing under the laws of the states of

Maryland, Virginia, and of the District of Columbia, and each of them.

50. The plaintiff is informed and believes that otherwise applicable statutes of

limitation have been tolled because of the active attempt by the agency and Dr.

Reagan to hide collusion to provide the plaintiff with a false and fraudulent

diagnosis. The agency denied to plaintiff complete copies of records in her

security and medical file at USDA in violation of E.O. 12968. Plaintiff's request

to the agency for all her test records in Reagan's possession was denied.

51. Moreover, despite the agency and the Dr. Reagan having the affirmative duty to

correct the false diagnosis, neither the agency nor Dr. Sarah Reagan has

countermanded or withdrawn the false psychotic opinion and the fraudulent

mental fitness for duty examination. The USDA has not restored plaintiff's top-

secret security clearance and the fraudulent revocation of her security clearance

continues to injure plaintiff's career.

52. The plaintiff is informed and believes that federal pendent subject matter

jurisdiction is present for defendant's negligent malpractice that occurred under

the laws of Virginia, Maryland and the District of Columbia, and each of them,

arising out of the set of operative facts as cited stated herein.

## Fourth Cause of Action-Breach of Contract

53. The Plaintiff hereby incorporates by reference paragraphs 1 through 52 as if fully

set forth.

54. The plaintiff is informed and believes that she is a third party beneficiary of the

personal services contract between the federal government and psychologist Dr.

Sarah Reagan to perform a professional mental fitness for duty examination.

55. The plaintiff is informed and believes that Dr. Sarah Reagan has breached that contract by providing a non-professional and false diagnosis of paranoid psychosis that was known to be false by both Dr. Reagan and agency officials in much the same way that Soviet commissars sent innocent dissidents to their deaths in psychiatric prisons in Siberia.

56. The potential injury of a false diagnosis of psychosis was foreseeable by both Dr. Sarah Reagan and the USDA and its officials.

57. As a proximate result of this contractual breach of contractual duty, the plaintiff has been injured to an extent that exceeds $75,000.

58. The plaintiff is informed and believes that the *situs contractu* of both the written agreement and implied understanding between Dr. Sarah Reagan and one or more USDA officials was the District of Columbia. This Court has both personal and subject matter jurisdiction over defendant Reagan. The plaintiff is informed and believes that the fraudulent Reagan report was mailed to USDA Headquarters in Washington, D.C. and received by USDA officials working the District of Columbia.

59. The plaintiff is informed and believes that pendent jurisdiction regarding state law contractual causes of action arising from the operative facts stated herein and complete diversity between the plaintiff and defendant Reagan apply to provide this Court with subject matter jurisdiction to grant relief regarding this cause of action.

WHEREFORE, the Plaintiff seeks damages in such amount as is fair and reasonable, for the costs herein occurred, for attorney fees, and for such other relief, as the court deems proper.

May 9, 2003

David B. Nolan, Esq.
Attorney for Plaintiff
D.C. Bar # 379804
(o) 703-780-1864
(FX) 703-780-1434
DBNESQ1@aol.com



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

FEB 2 1 2003

Agriculture, Dept of
Dir, Ofc Of Civil Rights
14 & Indep Av SW #1336 So Bldg      REF: Compliance #: 06A30510
Washington, DC  20250                     Appeal #    : 01a10033
                                          Agency #    : 980005
                               Lewis v. Agriculture, Dept of

Dear Sir/Madam:

The Commission's decision in appeal number 01a10033 directed your  agency to
take  corrective action  related to the  appellant's complaint.  This letter
is to inform you that  your compliance with that decision  will be monitored
under  the  tracking  number  cited  above.  Please  submit your compliance
report to John Flanigan          , Compliance Officer, at the above address,
and use this tracking number in all related correspondence.

Your  report must be in  writing.  It should enumerate  each of the  actions
taken  as ordered  and include  appropriate  supporting  documentation, e.g.
copies  of personnel  action  forms, copies of  posted  notices, copies  of
documents  effecting any  payments, etc.  If backpay was  included in  our
decision, your report  should also include the computations and a summary of
calculations as well as deductions.  A copy of your report  must be sent to
the appellant.

Your cooperation in this matter will be greatly appreciated.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division


cc:   Linda M Lewis
      8710 Hayshed Ln #302
      Columbia, MD  21045




ffice of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Linda M. Lewis,
Complainant,

v.

Ann M. Veneman,
Secretary,
Department of Agriculture,
Agency.

Appeal No. 01A10033

Agency No. 980005

**DECISION**

The complainant timely initiated an appeal from a final agency decision concerning her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission vacates and remands the agency's final decision.

The complainant alleged discrimination on the bases of her sex (female) and retaliation (prior EEO activity), when the agency created a hostile work environment extending from 1993 to present. In this complaint she alleged that the agency denied her opportunities to attend meetings and training, allowed co-workers to make derogatory remarks about her and that her supervisor told her that her criticism of a training session was personal and not objective.

In its final decision, the agency states that subsequent to the investigation, the complainant was notified of her right to an administrative hearing or a final decision based on the existing record, to which she failed to respond. The agency issued its decision concluding that the complainant failed to show she was subjected to a hostile work environment or unlawfully discriminated against on the basis of her sex or because of her prior EEO activity.

On appeal, complainant contends, among other things, that the agency agreed to consolidate all of her complaints and nevertheless issued a decision on this one case. Therefore, she argues, she is being denied due process. She further contends that the agency's hostility has escalated as shown by several of her subsequent complaints about further denials of training and promotion

opportunities, the revocation of her security clearance and removal of all duties. She further states the hostility continues as agency officials have tried to provoke her, encouraged others to attack her, and subsequently blamed her for the altercations.

We note that the record does not contain evidence to support the agency's statement regarding complainant's receipt of the notice of her rights subsequent to the investigation. We further note that the record does contain evidence and the Office of Federal Operations records confirm, that the complainant has a hearing scheduled for at least one complaint filed prior to this one and three complaints filed after this one. We also note that the agency does not dispute the complainant's contentions on appeal.

In the interest of justice, as to the underlying hostile work environment claim, given the lack of evidentiary support from the agency and its silence as to the complainant's averment that it agreed to consolidate all of her complaints, with a docketed administrative hearing (EEOC Hearing No. 100-A1-7163X), it is the decision of the Commission to vacate the agency's final decision and remand the complaint to the agency for consolidation of this complaint with the complainant's other complaints currently docketed for a hearing.

## ORDER

The agency shall submit to the Hearings Unit of the Washington District Office a request to consolidate and a copy of the complaint file within fifteen (15) calendar days of the date this decision becomes final. The agency shall provide written notification to the Compliance Officer at the address set forth below that the complaint file has been transmitted to the Hearings Unit for consolidation. Thereafter, the Administrative Judge shall issue a decision on the complaints in accordance with 29 C.F.R. 1614.109, and the agency shall issue a final action in accordance with 29 C.F.R. 1614.110.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline

stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the

person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 1 2 2003
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

FEB 1 2 2003
Date

Equal Opportunity Assistant



States
Department of
Agriculture

Safety and
Inspection
Service

Relations
Division

Employee
Relations
Branch

Room 3175 South Bldg.
Washington, DC 20250
(202) 720-6557
(202) 690-3935 fax
(800) 217-1885 toll-free

SENT BY FACSIMILE and
Certified - Return Receipt Requested

FOR OFFICIAL USE ONLY

January 16, 2003

Linda M. Lewis
8710 Hayshed Lane
Apt. No. 302
Columbia, Maryland 21045-3037

Dear Ms. Lewis:

This letter hereby rescinds the December 15, 2000, proposal letter issued to you. The notice constituted a proposal to remove you from your position as a GS-301-13, Emergency Programs Specialist with the U.S. Department of Agriculture (USDA) Food Safety and Inspection Service, Washington, DC and the Federal Service.

By this notice, I am also directing you to return to duty. You should report to duty on Monday, January 27, 2003 at 8:00 a.m. to Room 408 of the Aerospace building. Your supervisor will be Karen Wesson. If you have any specific questions i.e., where the Aerospace building is, etc., you may contact Ms. Wesson at 720-6240.

Failure to report for duty as directed could result in a disciplinary action up to and including removal from the Federal Service.

Sincerely,

Kristie D. Kelm
Supervisory Employee Relations Specialist

cc:   J. Axtell, ADA, OM
      D. Mussacchio ADA, OM
      W. Milton, LERD
      R. Reed, ERB

## Certificate of Service

I hereby certify that the Appellant's Renewed Request for a Hearing on Jurisdiction, Motion to Compel Agency to Provide OPF, Medical and Security Files Confirming Board Jurisdiction. Motion to Compel Agency to Make Deponents Available to Testify Under Oath by June 9, 2003, and case 1:03CV010027 Attachment was mailed to the following:

Walter D. Brown
Agency Representative
USDA, FSIS, LERD
1400 Independence Ave., S.W., Room 3175
Washington, D.C. 20250-3700
Fax: 202-690-3938

Elizabeth B. Bogle
Administrative Judge
Washington Regional Office
U.S. Merit Systems Protection Board
1800 Diagonal Road, Suite 205
Alexandria, VA 22314-2840
Fax: 703-756-7112


David B. Nolan, Esq.                    Date: May 19, 2003
Representative for Appellant