UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA M. LEWIS,
8811 Colesville Rd, #210, Silver Spring,
MD 20910, (202) 210-8539,

    Plaintiff,

v.

MIKE JOHANNS,
SECRETARY OF AGRICULTURE,

    Defendant.

Civil Action No.: 05-1507 (GK)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME and OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

STATEMENT OF FACTS

The Defendant, through his counsel, the United States Attorney, submitted to the Court a Motion for Enlargement of Time, dated January 20, 2006, and a Motion for Reconsideration, dated January 23, 2006. The Plaintiff received the Motion for Enlargement of Time on January 25, by regular mail. The Plaintiff received the Motion for Reconsideration on January 26, 2006, by regular mail. Those also were the dates the Plaintiff first learned of the motions.

The Defendant did not contact the *pro se* Plaintiff, per Local Rule LCvR7(m) prior to submitting either motion. In the Defendant's Motion for Reconsideration, the Defendant admits failing to discuss the above motions with the Plaintiff. The Defendant claims it was not possible to comply with LCvR7(m) because the Defendant's counsel

RECEIVED
FEB 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

did not have Plaintiff's telephone number. However, the Defendant was the Plaintiff's employer for thirteen (13) years and has had the Plaintiff's current telephone number for the past year and a half. The Plaintiff has not changed her telephone number since retiring in October, 2005, and has been in regular contact with the Defendant by phone and by email in connection with another complaint, which is currently in discovery before the Equal Employment Opportunity Commission. Because Plaintiff's phone is a cellular phone, Plaintiff is available nearly around the clock, at home and away. This relevant information was not available to the Court in Defendant's Motion for Reconsideration.

The Defendant failed to provide any credible justification for requesting an extra 30 days to answer the Plaintiff's complaint. Despite having access to a daunting array of legal resources, Defendant apparently waited until the 59th day, of the 60 days allowed for response, to request an extension in order to "confer with agency counsel and obtain critical information about the circumstances of the case." Such a conference would expectedly be one of the first steps in preparing a response. Defendant's Motion gives no indication that any meaningful effort had been made by the 59th day, and Defendant's request for a generous addition of thirty (30) days adds to this impression. In the words of Lord Chief Justice Lloyd Kenyon, "This is the last hair in the tail of procrastination."

As justification for requesting additional time, the Defendant offered no evidence that some extraordinary or unforeseeable event precluded the United States Government from making a basic inquiry or any response to the Plaintiff's claims. The Defendant instead blamed the Plaintiff's Complaint for alleging multiple violations of federal law, which Defendant's Motion colorfully refers to as the "kitchen sink." Yet, the alleged

violations are common in employment cases and the Complaint is not extraordinarily long. Detailed descriptions of the bases for the allegations were previously provided to the Defendant in pleadings of this case before the EEOC, and in the Department's own investigations.

Days before the Defendant requested a 30-day extension, the Defendant coldly rejected a similar request from the Plaintiff. The Plaintiff, having a documented illness, had requested a 30-day extension of discovery in a related complaint that is now before the Equal Employment Opportunity Commission. In flatly rejecting Plaintiff's request, which was offered with better justification, the Defendant undermined the integrity of his own plea. Moreover, in the same case, Plaintiff's efforts to obtain testimony from witnesses are being thwarted by Defendant's stonewalling of depositions.

## BASES FOR OPPOSITION AND REQUESTED RELIEF

Enlargements of time, like deadlines, presumably serve to level the playing field for all parties. In this case, however, a heavily advantaged party, the Defendant, sought additional advantage without showing that anything had occurred to tilt the field even minimally in the *pro se* Plaintiff's favor. The Defendant obtained that advantage by preventing the Plaintiff from having any opportunity to object before a decision was issued.

Bad faith is suggested by the Defendant's failure to promptly notify the Plaintiff, by the Defendant's double standard, by the emptiness of the Defendant's excuses, and by the Defendant's failure to make the "entire record in this matter" available to the Court. The Plaintiff submits that bad faith is inherently prejudicial to the cause of justice and her case, and is therefore undeserving of leniency.

Although Defendant's Motion for Reconsideration had already been granted by the Court on January 23, days before the Plaintiff learned of either Motion, Plaintiff nevertheless declares opposition to the Motion for Enlargement of Time, declares opposition to the Motion for Reconsideration, and protests the Defendant's handling of both.

Should the Court be willing to reconsider its decision, the Plaintiff respectfully requests that it set aside the decision to allow an enlargement of time and instead permit an entry of default against the Defendant.

I declare under penalty of perjury that the foregoing Statement of Facts is true and correct,

*Linda M. Lewis* (signature)
Linda M. Lewis (*pro se*)

February 4, 2006
Date

8811 Colesville Road, #210
Silver Spring, MD 20910
(202) 210-8539

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Opposition to Defendant's Motion For Enlargement of Time and Defendant's Motion For Reconsideration has been served upon the Defendant by ~~certified~~ *overnight* mail, this 4th day of February, 2006, at the following address:

> Megan L. Rose,
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W. – Civil Division
> Washington, D.C. 20530
> (202) 514-7220

Signed,

*[signature: Linda M. Lewis]*
Linda M. Lewis (*pro se*)

8811 Colesville Road, #210
Silver Spring, MD 20910
(202) 210-8539

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA M. LEWIS,<br>8811 Colesville Rd, #210, Silver Spring,<br>MD 20910, (202) 210-8539,<br><br>   Plaintiff,<br>v.<br><br>MIKE JOHANNS,<br>SECRETARY OF AGRICULTURE,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 05-1507 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of Plaintiff's opposition to Defendant's motion for enlargement of time and Defendant's later motion for reconsideration of the Court's initial decision, it is this_____ day of _____, 2006,

ORDERED that the Defendant's motion for an enlargement of time is again denied, and default on the part of the Defendant will be entered into the record.

_____
UNITED STATES DISTRICT JUDGE