UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA M. LEWIS,  )
8811 Colesville Rd, #210, Silver Spring,  )
MD 20910, (202) 210-8539,  )
                                                 )   Civil Action No.: 05-1507 (GK)
        Plaintiff,  )
   v.  )
                                                 )
MIKE JOHANNS,  )
SECRETARY OF AGRICULTURE,  )
       Defendant.  )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR ENLARGEMENT OF TIME**

Plaintiff stands by her earlier position, stated in Plaintiff's Opposition To Defendant's Motion For Enlargement Of Time And Opposition To Defendant's Motion for Reconsideration, that the Agency failed to provide compelling reasons for requesting an enlargement of time. Defendant's explanations for requesting a second enlargement of time are no more compelling and, moreover, are part of a pattern of Agency non-cooperation and non-responsiveness that has obstructed justice and denied a public review of the evidence.

STATEMENT OF FACTS

As the Plaintiff is prepared to show, evidence exists of egregious violations of civil rights by the Department of Agriculture. Importantly, much of that same evidence

RECEIVED

MAR 6 – 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

reveals an alarming neglect of national security and emergency preparedness by the Department of Agriculture and the Federal Emergency Management Agency.

The complete history of Defendant's actions, including recent actions at the administrative stage, show a pattern of bad faith. For example, while the Plaintiff's second complaint, Civil Action 06-0255 (GK), was still before the EEOC, the Defendant improperly denied deposition of witnesses and failed to respond at all to the Plaintiff's written discovery requests. Importantly, this was only a month ago, during the 30-day enlargement of time previously granted the Defendant by this Court. As a result of the Defendant's noncooperation, the Plaintiff felt compelled to bring that complaint to U.S. District Court, a more costly venue, in order to receive due process.

The Defendant has offered no persuasive argument for either of the two requests for enlargement of time. As the legal guardian of the administrative record, per EEOC orders, the Defendant had a duty to preserve and protect the record and related evidence and to make them readily available as due process requires. Thus, there should have been no need for 120 days to respond.

The Defendant's claim that the second complaint provides needed explanations of the first complaint runs counter to logic: earlier events explain later events, not the other way around. Thus, the 90 days already granted the Defendant were more than adequate.

## ARGUMENT

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court concluded that determining whether a party's neglect was "excusable," should take into account "all relevant

circumstances surrounding the party's omission," and should include, "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." In the cited case, the Court considered the movant's actions in good faith. However, had there been "any indication at all of bad faith" on the part of the movant, the Court added, it could not say that a lower court abused its discretion in declining to find the neglect to be "excusable."

The Defendant fails the third test in Pioneer, having offered no evidence that any of the delays were outside its "reasonable control."

More importantly, the Defendant fails the fourth and crucial test in *Pioneer*, of "good faith." Defendant's failure to locate "critical information concerning the administrative record," which it had a duty to preserve; failure to comply with Judge Schneider's order; and failure to respond to prior discovery requests are just three examples of the U.S. Department of Agriculture's bad faith and contempt for the legal process.

Moreover, concurrent with Defendant's delays in responding to the Plaintiff's complaint, the federal government is delaying the processing of back pay and retirement benefits owed the Plaintiff from her thirteen years of federal service, in the process denying the Plaintiff approximately $15,000 in salary that the Defendant admits was owed but never paid. In unison, the delays suggest an attempt to use financial coercion to force the Plaintiff, who notably is retired and has filed *pro se*, to abandon her claims.

3

## CONCLUSION

In accordance with the precedent established in 507 U.S. 380 (1993), the Plaintiff requests the Court to declare that the Defendant is in default, or in the alternative, to declare summary judgment against the Defendant and in favor of the Plaintiff.

_Linda M. Lewis_ (*pro se*)     March 3, 2006
Date

8811 Colesville Road, #210
Silver Spring, MD 20910
(202) 210-8539

I declare under penalty of perjury that the foregoing Statement of Facts is true and correct, to the best of my knowledge and belief,

_Linda M. Lewis_
Linda M. Lewis (*pro se*)

March 3, 2006
Date

8811 Colesville Road, #210
Silver Spring, MD 20910
(202) 210-8539

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Opposition To Defendant's Second Motion For Enlargement Of Time has been served upon the Defendant by certified mail, this 3rd day of March, 2006, at the following address:

>Megan L. Rose,
>Assistant United States Attorney
>Judiciary Center Building
>555 4th Street, N.W. – Civil Division
>Washington, D.C.  20530
>(202) 514-7220

Signed,

*Linda M. Lewis*

Linda M. Lewis (*pro se*)

8811 Colesville Road, #210
Silver Spring, MD  20910
(202) 210-8539

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA M. LEWIS,                                     )
8811 Colesville Rd, #210, Silver Spring,            )
MD 20910, (202) 210-8539,                           )
                                                    )
        Plaintiff,                              )  Civil Action No.: 05-1507 (GK)
   v.                                            )
                                                    )
MIKE JOHANNS,                                       )
SECRETARY OF AGRICULTURE,                           )
                                                    )
        Defendant.                              )

**ORDER**

UPON CONSIDERATION of Plaintiff's opposition to Defendant's motion for enlargement of time and Defendant's later motion for reconsideration of the Court's initial decision, it is this _____ day of _____, 2006,

ORDERED that a Default on the part of the Defendant be entered into the record.

                                                             _____
                                                             UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA M. LEWIS, )
8811 Colesville Rd, #210, Silver Spring, )
MD 20910, (202) 210-8539, )
)
      Plaintiff, ) Civil Action No.: 05-1507 (GK)
  v. )
)
MIKE JOHANNS, )
SECRETARY OF AGRICULTURE, )
)
      Defendant. )
)

**ORDER**

UPON CONSIDERATION of Plaintiff's opposition to Defendant's motion for enlargement of time and Defendant's later motion for reconsideration of the Court's initial decision, it is this _____ day of _____, 2006,

ORDERED that Summary Judgment, against the Defendant and in favor of the Plaintiff, be entered into the record.

_____
UNITED STATES DISTRICT JUDGE