UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA M. LEWIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1507 (GK) |
| | ) | |
| MIKE JOHANNS, SECRETARY OF AGRICULTURE | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully moves this Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's claims in this action on the grounds that the Court lacks jurisdiction over certain of Plaintiff's claims, and that all of Plaintiff's claims fail to state a claim upon which relief can be granted. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities. A proposed order is also attached.

Dated: March 22, 2006.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney

/s/
_____
RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/
_____
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA M. LEWIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1507 (GK) |
| | ) | |
| MIKE JOHANNS, SECRETARY OF AGRICULTURE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully moves this Court for dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff Linda M. Lewis, *pro se*, brings the above-captioned action alleging that Defendant violated her privacy and equal employment opportunity rights when, on March 30, 2004, Defendant allegedly failed to properly control distribution of her highly sensitive personnel and disability information. See generally Complaint ("Compl."). Additionally, Plaintiff alleges that Defendant discriminated against her with regard to the processing of several of her previous EEO cases. Compl. at 4. Although Plaintiff's Complaint generally references various other claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), Plaintiff has filed another civil action in this Court concerning those claims. See Lewis v. Johanns, 06-0255 (GK). For the reasons set forth below, this suit should be dismissed for failure to state a claim upon which

relief can be granted.

## BACKGROUND

On May 27, 2004, Plaintiff contacted the Food Safety and Inspection Service's ("FSIS") Civil Rights Division Director to initiate an informal EEO complaint.  Compl. at 2; see also Compl., attachment, April 15, 2005 Final Agency Decision.  Plaintiff alleged that Defendant had failed to properly control distribution of sensitive personnel and disability information and that this violated the Privacy Act of 1974, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as amended.  Specifically, Plaintiff stated that on March 30, 2004, a file containing "highly sensitive personnel information" about the Plaintiff was discovered by another employee unattended in an FSIS office.  See id.

Following an informal inquiry, by letter dated November 14, 2004, Defendant notified Plaintiff of her right to file a formal complaint of discrimination within 15 calendar days with the Department of Agriculture's Office of Civil Rights.  Compl. at 2; see also Compl., attachment, April 15, 2005 Final Agency Decision.   Plaintiff filed a "Complaint of Employment Discrimination" on December 17, 2004, which was received by Defendant on December 21, 2004.  See id.

On April 15, 2005, the Office of Civil Rights issued a Final Agency Decision dismissing Plaintiff's complaint.  Compl. at 2; see also Compl., attachment, April 15, 2005 Final Agency Decision.  The decision stated that Plaintiff contacted the Agency's Civil Rights Division Director on May 27, 2004, regarding the failure to properly control distribution of her highly sensitive personnel and disability information on March 30, 2004.  However, because the forty-fifth day after March 30, 2004 was May 14, 2004, Plaintiff should have filed her claim no later

than May 14, 2004. The decision noted that Plaintiff was aware of the forty-five day time limit because she previously had filed at least five EEO complaints, and that Plaintiff had provided no justification for extending the forty-five day time limit in this case. Thus, pursuant to 29 C.F.R. § 1614.107(a)(2), the Agency dismissed Plaintiff's complaint for untimely counselor contact. Id.

Plaintiff then filed this civil action in the U.S. District Court for the District of Columbia. See Compl.

## STANDARD OF REVIEW

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over Plaintiff's claims, and Rule 12(b)(6), as Plaintiff fails to state any claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

3

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; Rann, 154 F. Supp.2d at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

It is well established that the burden of establishing a prima facie case "is not great," McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984), and that at the motion to dismiss stage the Plaintiff need only allege facts rather than establish them, since this Court will assume the alleged facts to be true.  E.g., Mobil Exploration v. Babbit, 913 F.Supp. 5, 9 (D.D.C. 1995). However, without an allegation of facts that meets all elements of a cause of action, a claim should be dismissed. Cf. Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982) (plaintiff's failure to allege elements of equitable tolling required dismissal of complaint).

## ARGUMENT

Plaintiff's Complaint should be dismissed because Plaintiff failed to timely exhaust her administrative remedies.  Furthermore, even if Plaintiff had timely exhausted her administrative remedies concerning any of her claims in this case, the Court nonetheless lacks jurisdiction over

4

any alleged whistleblower claim and Plaintiff's Complaint further fails to state a claim upon which relief could be granted.

**I.      Plaintiff Failed To Timely Exhaust Her Administrative Remedies.**

It is well established that a federal employee may file a civil action only after exhausting his or her administrative remedies before the concerned federal agency.  42 U.S.C. § 2000e-16(c).  Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity).  Similarly, the same rights, remedies, and procedures applicable in Title VII employment discrimination cases against federal defendants apply to cases brought under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791.  29 U.S.C. § 794a(a)(1).

The EEOC's regulations provide that "aggrieved" employees or applicants for employment who allege they have been discriminated against must first consult an agency EEO counselor before filing a complaint of discrimination and must do so within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1); see also Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Bowden v. United States, 106 F.3d 433, 437-38 (D.C. Cir. 1997)(a plaintiff will run afoul of exhaustion requirements if he or she fails to bring a complaint to the attention of an EEO counselor within the time limits prescribed by 29 C.F.R. § 1613.105(a)(1), i.e., within 45 days of the alleged discriminatory action); Smith v. Dalton, 971 F.

5

Supp. 1, 4 (D.D.C. 1997). If the matter is not resolved through informal counseling, the aggrieved employee must, within 15 days, file a written complaint with the agency that allegedly discriminated against him. 29 C.F.R. § 1614.106(a)-(c). The agency must investigate the matter within 180 days or reject the complaint and issue a final dismissal. Id. at § 1614.106(d)(2). At the conclusion of the agency's investigation, the complainant may request a hearing before an EEOC administrative judge or an immediate final decision by the agency. Id. at § 1614.108(f). If the employee chooses the former, the EEOC administrative judge will conduct a hearing and make factual and legal findings, which will be transmitted to the agency as a recommended decision. The agency then issues a final decision. Id. at §§ 1614.109(g) and 1614.110.

A complainant who receives a final adverse decision from his agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. If the complainant appeals to the EEOC, he must file a civil action within 90 days of receiving the EEOC's decision. 29 C.F.R. § 1614.408; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999). A complainant also may file a civil action at any time after his complaint has been pending before the agency or the EEOC for at least 180 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

Compliance with these procedures and timeliness is mandatory. "Complainants *must* timely exhaust these administrative remedies before bringing their claims to court." Bowden, 106 F.3d at 437; Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"); Williamson v. Shalala, 992 F. Supp. 454, 457

6

(D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied, 525 U.S. 915 (1998). As the U.S. Supreme Court reiterated in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). Accordingly, the U.S. Supreme Court has explicitly required that all discrete discriminatory and retaliatory acts be fully exhausted as a prerequisite to suit. National R.R. Passenger Corp. v. Morgan, 536 U.S. at 108.

In this case, Plaintiff initially contacted the Food Safety and Inspection Service's (FSIS) Civil Rights Division Director on May 27, 2004, concerning the agency's alleged failure to properly control distribution of her highly sensitive personnel and disability information. Specifically, Plaintiff complained that on March 30, 2004, the agency allegedly left information pertaining to Plaintiff unattended in an FSIS office. See Compl. at 2; Compl. "Attachment 1," Final Agency Decision. Although Plaintiff was required to seek EEO counseling within 45 days of the "matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1), Plaintiff clearly failed to consult an EEO counselor within the required 45-day period.[1] Id. Therefore, Plaintiff failed to timely exhaust her administrative remedies, and this complaint should be dismissed.

---

[1] Plaintiff has sought EEO counseling on numerous occasions, filed numerous EEO administrative complaints, and the present action is one of four civil actions Plaintiff has filed in this Court. See, e.g., Lewis v. Veneman, et al., 03-1027 (GK); Lewis v. Ridge, 03-1788 (GK); Lewis v. Johanns, 06-0255 (GK). Therefore, Plaintiff is clearly aware of her rights and responsibilities under the EEO guidelines and is well-versed in the requirements for filing a timely complaint of discrimination.

**II.    Even if Plaintiff Had Timely Exhausted Her Administrative Remedies, Plaintiff's Claims Should Be Dismissed.**

Even if Plaintiff had timely exhausted her administrative remedies concerning any of her claims in this case, and despite the generous reading that must be afforded to Plaintiff's Complaint in light of her pro se status, the Court nonetheless lacks jurisdiction over any alleged whistleblower claim and Plaintiff's Complaint further fails to state a claim upon which relief could be granted.  See generally Compl.; see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984)(dismissing pro se plaintiff's proposed second amended complaint because its conclusory allegations were unsupported by any facts).  With regard to Plaintiff's first cause of action concerning Defendant's alleged failure to properly control distribution of Plaintiff's personnel and disability information, Plaintiff cannot establish subject matter jurisdiction over any possible whistleblower claim which she may be asserting.  Additionally, Plaintiff's first cause of action fails to state a claim under the Privacy Act, 5 U.S.C. § 552a, and fails to state a claim of retaliation under Title VII or the Rehabilitation Act.  Finally, Plaintiff's second cause of action concerning the processing of any of her EEO cases also fails to state a claim upon which relief can be granted.

**A.    To The Extent Plaintiff's First Cause Of Action References A Whistleblower Claim, This Court Lacks Jurisdiction Over Such Claim.**

The Whistleblower Protection Act provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety.  See 5 U.S.C. § 2302(b)(8). Under Title 5, Section 1214 of the U.S. Code, an employee who believes she is the victim of an unlawful reprisal must first bring her claim to the

United States Office of Special Counsel ("OSC"), an independent investigative and prosecutorial

agency created by the Civil Service Reform Act ("CSRA").  5 U.S.C. §§ 1211, 1214; Weber v.

United States, 209 F.3d 756, 758 (D.C. Cir. 2000) (describing whistleblower protection

procedures under Title 5).  If the OSC finds that there was a prohibited personnel action, it

reports its findings to the Merit Systems Protection Board ("MSPB"), and it can petition the

MSPB on the employee's behalf.  Weber, 209 F.3d at 758.  If the OSC finds no agency

wrongdoing, then the employee herself may bring an action before the MSPB.  5 U.S.C. §§ 1221;

1214(a)(3); Weber, 209 F.3d at 758.  The MSPB's decision is appealable to the Federal Circuit.

5 U.S.C. § 7703; Weber, 209 F.3d at 758.

Under *no* circumstances, however, does the Whistleblower Protection Act grant the

District Court jurisdiction to entertain a whistleblower cause of action brought directly before it

in the first instance.[2]  See Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002); Gardner v.

United States, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000) ("The district court lacked subject matter

jurisdiction of [plaintiff's] claims for alleged violations of the Family Leave Act and the

---

[2] Defendant additionally notes that the Whistleblower Protection Act does not
independently create a waiver of sovereign immunity.  Because a suit against an executive
department of the United States is a suit against the United States, it is therefore, subject to the
defense of sovereign immunity.  See, e.g., Hawaii v. Gordon, 373 U.S. 57, 58 (1963).  In the
absence of a waiver of sovereign immunity, a district court lacks jurisdiction over claims against
the United States.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  None of the statutes
cited by plaintiff waive the government's immunity from liability for plaintiff's whistleblower
reprisal claim, nor do they alter the CSRA's preclusion of such claims.
    The provisions under 42 U.S.C. § 2000e pertain to violations of rights protected under
Title 42 and civil actions brought under that title and do not confer jurisdiction on the district
court over plaintiff's whistleblower claims.  Likewise, the Privacy Act, 5 U.S.C. § 552a, does not
provide jurisdiction for plaintiff's claim under the CSRA.  See Kleiman v. Department of
Energy, 956 F.2d 335, 338 (D.C. Cir. 1992) (no claim under the Privacy Act for disputes
concerning personnel actions by federal agencies due to exclusivity of CSRA).

Whistleblower Protection Act, because he failed to allege that he had exhausted his administrative remedies, as required under the Civil Service Reform Act."); Altimus v. Aspin, No. 93-1605 (NHJ), 1993 WL 491612, *1 (D.D.C. Nov. 17, 1993) ("The Civil Service Reform Act, to which the Whistleblower Protection Act is an amendment, deprives the district court of jurisdiction to review prohibited personnel practices; more serious infractions are appealable to the Merit Systems Protection Board, with further review in the Courts of Appeal."). Thus, this Court lacks jurisdiction to hear any whistleblower claim which Plaintiff may be asserting concerning Defendant's alleged failure on March 30, 2004, to properly control distribution of her personnel and disability information.[3]

### B.    Plaintiff Fails To State A Claim Under The Privacy Act.

In order for a plaintiff to bring a damages lawsuit against an agency under subsection (g)(1)(D) of the Privacy Act, the plaintiff must show a violation of the Act, that he has suffered an adverse effect, that the Privacy Act violation caused the adverse effect, and that the agency acted in an "intentional or willful manner." 5 U.S.C. § 552a(g)(4); Albright v. United States, 732 F.2d 181 (D.C. Cir. 1984). The Court of Appeals has held that a de novo court review of the underlying issues of fact is not required. Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). Rather, the court must conduct a limited review regarding the fourth prong, that the agency "intentionally or willfully" violated the Privacy Act. Id.

---

[3] Furthermore, even if this Court held jurisdiction Plaintiff's whistleblower claim, that claim fails as a matter of law. Although, as stated above, the Whistleblower Protection Act provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety, the allegations in the complaint that Plaintiff criticized the FSIS COOP and CSEPP plans do not establish a basis for protection under the statute. See 5 U.S.C. § 2302(b)(8).

The words "intentional and willful" are considered terms of art under the Privacy Act, and the voluminous case law construing this standard makes clear that it is a formidable barrier for a plaintiff seeking damages.  See White v. OPM, 840 F.2d 85, 87 (D.C. Cir. 1988); Laningham v. United States Navy, 813 F.2d1236, 1242 (D.C. Cir. 1987); Albright, 732 F.2d at 189; McCready v. Principi, 297 F.Supp.2d 178, 193 (D.D.C. 2003).  It is not enough for a plaintiff to allege that the disclosure of information was intentional.  Albright, 732 F.2d at 189. The Privacy Act "does not make the Government strictly liable for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions."  Rather, the "'intentional or willful' action requirement of Section 552a(g)(4) refers only to the intentional or willful failure of the agency to abide by the Act, and not to all voluntary actions which might otherwise inadvertently contravene one of the Act's strictures."  Id.  In order to establish that an agency's conduct was intentional or willful, a plaintiff

> must prove that the agency acted with something greater than gross negligence.  An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.

Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (citations, quotation marks, and brackets omitted).  Additionally, plaintiff must demonstrate that he has suffered actual damages flowing from the alleged improper disclosure.  Doe v. Chao, 540 U.S. 614, 627 (2004).

Plaintiff here fails to allege any facts supporting the above requirements for a claim for monetary damages under subsections (g)(1)(D) and (g)(4).  Plaintiff's Complaint alleges that Defendant failed "to properly control distribution of Complainants highly sensitive personnel and

11

disability information," when an employee found such information "unattended in an FSIS office." Compl. at 3. Plaintiff further alleges that because the documents were left unattended, she "has been under a 'perceived disability,' wherein here [sic] supervisors have limited her responsibilities based on their perceived disability." Id. at 4. In addition to the failure of Plaintiff's allegations to establish that any alleged violation of the Privacy Act caused any alleged adverse effect, Plaintiff fails to allege any facts supporting a claim that the agency acted in an "intentional or willful manner." 5 U.S.C. § 552a(g)(4). Even taking Plaintiff's allegations as true that an employee found Plaintiff's personnel and disability information unattended in an FSIS office, Plaintiff's allegations fail to state a claim that Defendant "acted with something greater than gross negligence." Deters, 85 F.3d at 660. Because the Privacy Act "does not make the Government strictly liable for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions," Plaintiff fails to meet the high standard required for a damages claim under the Privacy Act. Accordingly, Plaintiff fails to state a claim upon which relief could be granted, and the Complaint should be dismissed.

**C.     Plaintiff Fails To State A Claim Of Retaliation Under Title VII or the Rehabilitation Act.**

Under Title VII, an employer is prohibited from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this title, or because he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3. As noted above, the same rights, remedies, and procedures applicable in Title VII employment discrimination cases against federal defendants apply to cases brought under Section 501 of the Rehabilitation Act, 29

12

U.S.C. § 791.  29 U.S.C. § 794a(a)(1).  The prohibition against reprisal under both statutes is limited to matters within the scope of the statutes and is not a prohibition against reprisal in general.  See 42 U.S.C. §2000e-3(a).

In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action.  Holbrook v. Reno, 196 F.3d 255, 263 (D.C. Cir. 1999); Paquin v. Federal National Mortgage Association, 119 F.3d 23, 31 (D.C. Cir. 1997); Passer v. American Chem. Soc'y, 935 F.3d 322, 331 (D.C. Cir. 1991); Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985);  McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984).  As part of the causation element, Plaintiff must show that "but for" the protected activity, the alleged adverse action would not have occurred. Gregg v. Hay-Adams Hotel, 942 F.Supp. 1, 8 (D.D.C. 1996)("To demonstrate causation, the plaintiff must show that the adverse action would not have occurred 'but for' [the protected activity].").

Here, Plaintiff has failed to allege facts sufficient to legally support the causation element of a prima facie case of retaliation.  Based upon Plaintiff's Complaint and attached exhibits, Plaintiff herself admits that she believes she was retaliated against for her criticism of a FSIS Continuity of Operations Plan (COOP) and chemical weapons (CSEPP) plan in 1999.  Compl., Exh. A.  That is, Plaintiff's alleged protected activity is not participation in the EEO process but opposing practices and policies within the office.  Id.  The opposition clause of Title VII does not protect against reprisal for opposing any management practice; rather, it permits only a cause of action for opposing "any practice made an unlawful employment practice" under Title VII.  See 42 U.S.C. § 2000e-3(a).   Therefore, Plaintiff clearly cannot establish any connection between

13

alleged disclosure of her personnel and disability information and her EEO activity.  Even taking

all of Plaintiff's allegations as true, Plaintiff fails to state a claim under Title VII or the

Rehabilitation Act, and the Complaint should be dismissed.

**D.    Plaintiff's Allegations Concerning The Processing Of Any Of Her EEO Cases Should Be Dismissed.**

To the extent that Plaintiff is alleging that any of her EEO cases have not been processed

properly, Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff's Complaint in

this case asserts a second cause of action, referencing previous EEO complaints and alleging that

Defendant has been "non-responsive" and withheld the processing of those cases.  Compl. at 4.

An alleged failure to process an EEO claim properly is not actionable under Title VII or

related discrimination provisions.  See Trout v. Lehman, 38 Fair Empl. Prac. Cas. (BNA) 1131

(D.D.C. 1983); see also Storey v. Rubin, 976 F. Supp. 1478, 1483-84 (N.D. Ga. 1997), aff'd, 144

F.3d 56 (11th Cir. 1998) (table); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only

"right" Title VII establishes is to be free of discrimination; this right is served even if errors are

made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.)

(table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C.

1990) ("Title VII creates only a cause of action for discrimination.  It does not create an

independent cause of action for the mishandling of an employee's discrimination complaints."),

aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992).  See also

Anthony v. Bowen, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title

VII where fees were incurred to challenge processing of EEO complaint), cert. denied, 489 U.S.

1011 (1989).  Any allegation in Plaintiff's Complaint concerning the processing of her EEO

14

claims must be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests dismissal of Plaintiff's

Complaint.


Dated: March 22, 2006.

Respectfully submitted,


 /s/
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney


 /s/
RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney


 /s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **8811 Colesville Road #210**
> **Silver Spring, MD 20910**

on this <u>22nd</u> day of March, 2006.

<u>/s/</u>
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530

16