UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA M. LEWIS**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 05-1507 (GK) ) |
| **MIKE JOHANNS**, Secretary, United States Department of Agriculture | ) ) ) ) |
| Defendant. | ) ) ) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3, Fed. R. Civ. P. 26(f), and this Court's Order of April 18, 2006, the parties hereby respectfully submit a Meet and Confer Statement in the above-captioned action, which is based on a telephonic meeting and email communication between Assistant United States Attorney Megan L. Rose and Plaintiff, pro se, Linda M. Lewis, on April 20, 2006.

Plaintiff, pro se, brought this case alleging that Defendant violated her privacy and equal employment opportunity rights when, on March 30, 2004, Defendant allegedly failed to properly control distribution of her personnel and disability information. Additionally, Plaintiff's Complaint alleges that Defendant discriminated against her with regard to the processing of several of her previous EEO cases. Although Plaintiff's Complaint generally references various other claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), Plaintiff has filed another civil action in this Court concerning those claims. See Lewis v. Johanns, 06-0255 (GK).

On March 22, 2006, Defendant filed its Motion To Dismiss on the grounds that Plaintiff failed to timely exhaust her administrative remedies as to these claims, the Court lacks subject

matter jurisdiction over any alleged whistleblower claim, and Plaintiff's Complaint further fails to state a claim upon which relief could be granted.

Accordingly, Defendant believes that because a dispositive motion has already been filed, discovery and any other matters should await a decision on Defendant's Motion. Judicial resolution of key legal issues may moot further proceedings. Additionally, Plaintiff has indicated to the Court and to the undersigned counsel that she seeks to amend the complaint in this action. Plaintiff has also stated that she intends to attempt to obtain the services of counsel. Therefore, Defendant does not believe that any further action in this case is necessary or appropriate at this time.

Plaintiff disagrees with Defendant and believes that discovery should proceed in this case. Plaintiff states that she believes she exhausted her administrative remedies after the EEOC and the Agency failed ever to make a decision on her consolidated claims. Plaintiff additionally requests that the following statement be made part of the Joint Report: "Plaintiff does not simply object to the processing of her claims, although that is cause for concern. Plaintiff asks this Court to review those claims, which she included by reference in her Complaint, identifying the consolidated complaints and attaching a description of claims belonging to the complaints. The Court has already granted Plaintiff's motion to amend the Complaint, which the Plaintiff believes will be responsive to the Defendants concerns. Plaintiff has already filed with the Court proof that she made a timely filing of her Privacy Act claim on May14, 2004. Complaints 06-255 and 05-1507 are not duplicative but, in Plaintiff's opinion, they together show a pattern of repeated Agency violations of the Plaintiff's privacy and employment rights."

If, after the Court's decision on Defendant's pending motion, this case were to proceed, both Parties submit the following discussion herein, tracking the numbering and topics of Local Rule 16.3(c).

1. <u>Dispositive Motions/Discovery Timeframe</u>:  Defendant believes that this case is likely to be disposed of by its pending Motion To Dismiss and does not believe that any discovery is appropriate at this time.

Plaintiff has indicated that she will amend the complaint and attempt to obtain the services of counsel.  Plaintiff also believes that discovery is appropriate at this time.

Both parties propose that if discovery is necessary, any motions for summary judgment should be filed within forty-five (45) days after the close of discovery; any opposition to summary judgment should be filed within forty-five (45) days after filing of the motion; and any reply brief should be filed within thirty (30) days of the filing of the opposition brief.

2. <u>Amendment to Pleadings</u>:  Plaintiff has indicated to the Court and to the undersigned counsel that she plans to file an amended complaint in this action.  At this time, the Parties do not anticipate that it will be necessary to join additional or third parties.

3. <u>Assignment to Magistrate Judge</u>:  At this time, both Parties oppose referral of this case to a Magistrate Judge.

4. <u>Settlement Possibility</u>:  The Parties have not discussed settlement as of the date of this filing.  The Parties believe that any mediation in this case should take place after the close of discovery.

5. <u>Alternative Dispute Resolution</u>:  The Parties believe that alternative dispute resolution may be appropriate after the close of discovery.

      (i)      Plaintiff's objective in bringing this suit is to obtain the relief set forth in the Complaint. Defendant's objective in defending this suit is to obtain post-discovery summary judgment in their favor.

      (ii)      The Parties have not engaged in any settlement discussions.

      (iii)      Defendant believes that any settlement discussions should occur after the judicial resolution of key legal issues, and both Parties agree that settlement discussions should occur after the close of discovery.

      (iv)      The Parties, at this time, do not know whether this case will benefit from a neutral evaluation. However, if such evaluation were to occur, the Parties believe that it should be done after discovery.

      (v)      The Parties do not believe that discovery should be stayed while an ADR process is pending.

6.    <u>Dispositive Motions/Discovery Timeframe</u>: Defendant believes that this case should be dismissed.

Plaintiff does not believe that any of this case should be dismissed. Plaintiff believes that discovery should proceed.

As noted above, the Parties believe that any post-discovery dispositive motions, if appropriate, should be filed within forty-five (45) days after the close of discovery; that any opposition to summary judgment shall be filed within forty-five (45) days after filing of the motion; and any reply brief shall be filed within thirty (30) days of the filing of the opposition brief.

7.    Initial Disclosures: If necessary, the parties will do initial disclosures but would request thirty (30) days from either the filing of an answer to an amended complaint, or if an amended complaint is not filed, thirty (30) days after the Court's decision on Defendant's pending motion.

8.    Discovery: The Parties disagree over the extent of discovery necessary in this case. Defendant does not believe that the underlying facts in this case require extensive discovery or that numerous depositions are necessary. Defendant proposes that discovery, if necessary at all, be completed within 120 days from its opening.

Plaintiff believes that extensive discovery is necessary and that she will depose numerous current and former employees of Defendant. Plaintiff proposes that the discovery period should last 210 days.

Both Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia.

9.    Experts: The Parties do not know whether expert witnesses may be necessary at this time. The Parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be designated no later than thirty (30) days thereafter. The Parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

10.    Class Actions: This case is not a class action, and therefore, this paragraph of Local Rule 16.3 is not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The Parties do not see any need for bifurcation at this time.

12. <u>Proposed Date for the Pretrial Conference</u>:  The Parties believe that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion.

13. <u>Trial Date</u>:  The Parties believe that the Court should schedule a trial date at the Pretrial Conference.

14. <u>Other Matters</u>:  The parties are not aware of any other matters at this time requiring the attention of the Court.

Dated: April 21, 2006.

Respectfully submitted,

/s/
Linda M. Lewis
Plaintiff, *pro se*
8811 Colesville Road # 210
Silver Spring, MD 20910
Phone:  (202) 210-8539

/s/
Kenneth L. Wainstein, D.C. Bar No. 451058
United States Attorney

/s/
Rudolph Contreras, D.C. Bar No. 434122
Assistant United States Attorney

/s/
Megan L. Rose, N. C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
Phone:  (202) 514-7220

Attorneys for Defendant.