UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA M. LEWIS,<br>      Plaintiff,<br>      v.<br><br>MIKE JOHANNS, Secretary, United<br>States Dept. of Agriculture,<br>      Defendant. | )<br>)<br>)<br>) Civil Action No.: 05-1507 (GK)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S BRIEF STATEMENT OF CASE AND
STATUTORY BASES PER LOCAL RULE 16.3**

This case is a civil action against the U.S. Department of Agriculture (USDA), herein referred to as "the Agency," under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, 631, 633(e) *et seq*, the Rehabilitation Act of 1973, as amended, the Fifth Amendment of the U.S. Constitution, 29 CFR 1614 and the Privacy Act of 1974, 5 U.S.C. § 552a.

Plaintiff believes currently available evidence constitutes prima facie case of Agency discrimination, based on gender, age, and perceived disability, and retaliation for filing discrimination complaint, repeated violations of the Plaintiff's privacy rights and false and humiliating allegations. Plaintiff claims these harmed her career and health, costing her job opportunities and resulting in stress-related illness. Plaintiff seeks injunctive relief from continuous defamation, compensation for lost opportunities, attorney fees, medical expenses, and other relief that a jury deems appropriate.

RECEIVED
APR 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The case involves, essentially, two complaints. One is a complaint filed with the Agency civil rights office on May 14, 2004. The other complaint is, actually, a set of complaints, the first filed in October 1996, and subsequently consolidated, except for one.

### May 14, 2004 Complaint

The May 14, 2004 complaint, which the Agency erroneously claims was filed May 27, involves a violation of the Plaintiff's privacy that occurred when records containing files containing sensitive and false information were left unattended, to be discovered by unauthorized persons, in a nearby office. On March 30, a secretary brought the files, to the Plaintiff.

Summarized and incorporated in the current Complaint as an attachment, the files included letters and memoranda describing personnel actions, evidence of a plan to force the Plaintiff to take disability retirement, and false accusations regarding the Plaintiff's professional abilities, morality and stability. This was at least the second time a personnel file with false allegations about the Plaintiff had escaped the agency's control, and allegations similar to those in the files have been repeated by supervisors and coworkers inside and outside the Agency.

Over Plaintiff's objections, and contrary to documentary evidence, Agency officials insisted that her complaint was filed later. The Agency's error accidentally was replicated in the current Complaint, which the Plaintiff has asked to amend. After the Agency issued its April 15, 2005, decision, the Plaintiff filed this civil action.

### Complaints #970252, 990986, 990200, 000187 *et al* and Complaint #980005

The Plaintiff filed a series of complaints with the agency's civil rights office, beginning in October 1996. The complaints included numerous incidents of discrimination and retaliation for filing discrimination complaints. All of the complaints had been ordered consolidated by an EEOC judge, but the Agency claimed #98005 was not one of them.

2

Plaintiff again requested consolidation of #98005 with the other complaints. On February 12, 2003, EEOC Judge Richard Schneider remanded the complaint to the Agency for consolidation and ordered the issuance of a final action in accordance with 29 C.F.R. 1614.110. The Order also allowed the Plaintiff to file a civil action, which David Nolan, then Plaintiff's attorney, initiated on May 9, 2003. He did not, however, complete the filing process. Plaintiff contends that the complaint therefore remained with the EEOC. To the Plaintiff's knowledge, the complaint never was consolidated with the other complaints, referred to collectively as EEOC #100-A1-7163X. The Plaintiff incorporated by reference claims cited in the May 9 complaint, an attachment to the current Complaint.

On April 11, attorney Nolan filed an appeal with the Merit Systems Protection Board (MSPB) regarding the agency's multiple violations of due process in revoking Plaintiff's security clearance, and a decision the Agency claimed could not be appealed.

On May 30, 2003, Judge Elizabeth Bogle issued the MSPB's decision, dismissing Plaintiff's request for corrective action. However, as Judge Bogle noted, some of the Plaintiff's claims did not constitute personnel actions reviewable by the MSPB. Judge Bogle stated that the Board lacked jurisdiction over certain claims and concluded that the MSPB did not have jurisdiction over the appeal. Logically, if the MSPB did not have jurisdiction, the EEOC retained it, as the EEOC had accepted jurisdiction when the claims were first filed.

On October 21, 2003, long after the MSPB decision was issued, EEOC Judge Schneider issued an order asserting that the MSPB had jurisdiction over Plaintiff's claims. The order denied outstanding motions, including long pending motions likely to be resolved in the Plaintiff's favor because the Agency had failed to fully rebut Plaintiff's summary judgment motions. Judge Schneider's order stated that the Agency would issue a final agency decision,

thus he was returning the complaint, "EEOC Case No. 100-A1-7163X," to the Agency "for issuance of a final decision containing appropriate appeal rights," and destroying all files. Receiving no notice from USDA, as the order required, the Plaintiff was denied appeal rights for the 100-A1-7163X. Complaint #98005 simply disappeared.

Some claims initially raised with the EEOC were never raised with the MSPB. Under 29 CFR 1614.303, plaintiffs may petition the EEOC to consider an MSPB decision. But, the Plaintiff was never informed of such a right. No one ever determined, to Plaintiff's knowledge, which of her claims or complaints were affected by the MSPB decision.

The Plaintiff now knows that the Agency withheld evidence, relevant to claims reviewed by the MSPB, including the March 30, 2004, files and others that should have been provided in response to earlier discovery, Freedom of Information Act and Privacy Act requests.

The Plaintiff believes she has been denied due process for her discrimination claims, claims, which the MSPB could not properly review and to a large extent, never saw. The Plaintiff, in filing her complaint with this Court, seeks all available due process for her claims.

Dated: April 24, 2006

Respectfully submitted,

*Linda M. Lewis*
Linda M. Lewis
Plaintiff, pro se
8811 Colesville Road #210
Silver Spring, MD 20910
Phone: (202) 210-8539

4

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's PLAINTIFF'S BRIEF STATEMENT OF CASE AND STATUTORY BASES PER LOCAL RULE 16.3 has been served upon the Defendant by email this 24th day of April, 2006, at the following address:

> Megan L. Rose,
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W. – Civil Division
> Washington, D.C. 20530
> (202) 514-7220
> Megan.Rose@usdoj.gov

Signed,

*Linda M. Lewis*
Linda M. Lewis (*pro se*)

8811 Colesville Road, #210
Silver Spring, MD 20910
(202) 210-8539