UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA M. LEWIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1507 (GK) |
| | ) | |
| MIKE JOHANNS, SECRETARY OF | ) | |
| AGRICULTURE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully opposes Plaintiff's motion for leave to file a second amended and consolidated complaint. While Defendant does not necessarily oppose the consolidation of Plaintiff's two cases, 05-1507 and 06-0255, Defendant does oppose, however, Plaintiff's attempt to amend again her claims. Defendant respectfully states as follows:

### BACKGROUND

Plaintiff has filed numerous EEO administrative complaints, and the present action is one of four civil actions Plaintiff has filed in this Court. See, e.g., Lewis v. Veneman, et al., 03-1027 (GK)(similar Title VII action dismissed for Plaintiff's failure to prosecute); Lewis v. Ridge, 03-1788 (GK)(similar Title VII action dismissed with prejudice); Lewis v. Johanns, 06-0255 (GK). The facts of this particular case were adequately set forth in Defendant's previously-filed Motion to Dismiss, which was filed March 22, 2006. See Document No. 16. Plaintiff never responded to Defendant's motion and filed numerous motions for extension of time. See, e.g., Document Nos. 18, 22, 24, 25.

Following a September 6, 2006 status conference held in the above-captioned matter and in the related case, 06-0255 (GK), the Court granted Plaintiff's motion for leave to file an amended complaint and ordered that Plaintiff's amended complaint should be filed by October 6, 2006. Although Plaintiff indicated at the status conference that she intended to file an amended complaint in both of her pending civil actions, on October 10, 2006, Plaintiff filed an amended complaint in only Civil Action No. 05-1507. Document No. 30. Nonetheless, the amended complaint appeared to capture Plaintiff's claims from her related case, 06-0255. Id.

Subsequently, on November 1, 2006, Plaintiff filed a motion for leave to file a second "consolidated amended complaint." Document No. 32.

## ARGUMENT

Although Fed R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a district court "has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." National Wrestling Coaches Ass'n v. Dept. of Education, 366 F.3d 930, 945, (D.C. Cir. 2004). And the decision to grant or deny a motion to amend is within the discretion of the District Court, "requiring only that the court base its ruling on a valid ground." Id. (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir.1996)).

An amendment would be futile if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." Robinson v. Detroit News, Inc., 211 F.Supp.2d 101, 114 (D.D.C. 2002) (citing 3 Moore's Federal Practice § 15.15[3] (3d ed.2000)). In the present matter, Plaintiff's second amended complaint merely restates her claims in her

2

previous complaints and would not survive a motion to dismiss.

First, Plaintiff herself states that the proposed second "consolidated amended complaint" makes "minor changes to the wording of the recently amended 05-1507," and adds "a limited amount of useful additional information."  Pl. Motion For Leave at 1.  Therefore, because such amendment merely restates the same facts as her previous complaints, albeit in different terms, the amendment is futile.

Second, Plaintiff's second "consolidated amended complaint" reasserts claims which she has already attempted to pursue in this Court, see Lewis v. Veneman, et al., 03-1027 (GK), and many, if not all, of her claims are now untimely.  Not only did Plaintiff fail to exhaust timely her claims concerning the agency's alleged failure to properly control distribution of her highly sensitive personnel and disability information, see Def. Motion to Dismiss at 5-7, Document No. 16, but Plaintiff's additional claims under Title VII were previously brought in Lewis v. Veneman, et al., 03-1027 (GK).  After her claims in that action were dismissed for failure to prosecute, Plaintiff waited approximately three years before refiling the complaint presently before this Court in 06-0255 (GK).  Therefore, many, if not all, of Plaintiff's claims are now untimely and Plaintiff's additional attempts to amend her complaints are futile.  See, e.g., 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

Finally, Plaintiff fails to state claims upon which relief could be granted and the proposed "consolidated amended complaint" could not withstand a motion to dismiss.  Despite the generous reading that must be afforded to Plaintiff's Complaint in light of her pro se status, Plaintiff does not present any new allegations or facts that would allow this Court to grant her any form of relief.  See, e.g., Def. Motion to Dismiss at 8-15, Document No. 16.

Accordingly, Defendant respectfully opposes Plaintiff's motion for leave to file a second amended and consolidated complaint, and requests that the Court grant Defendant's previously-filed Motion To Dismiss in Civil Action No. 05-1507 (GK).[1]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to file a second consolidated amended complaint, and should grant Defendant's previously-filed Motion to Dismiss.

Dated: November 15, 2006.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, DC Bar # 498610
United States Attorney

/s/

RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/

MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

---

[1] Defendant notes that should the Court deny Plaintiff's Motion For Leave To File, and grant Defendant's previously-filed Motion To Dismiss, Defendant anticipates filing a dispositive motion as to any remaining claims presented in Plaintiff's First Amended Complaint and proposes that the deadline for filing such motion be within thirty days of the Court's ruling on the instant motion.

4

## CERTIFICATE OF SERVICE

I certify that the foregoing **Opposition** was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **2400 Wynncrest Circle**
> **Apartment 10105**
> **Arlington, TX 76006-7017**

on this 15th  day of November, 2006.


 /s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530