UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS,<br>Plaintiff<br><br>v.<br><br>MIKE JOHANNS,<br>Secretary Of Agriculture,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 05-1507 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RECEIVED**

NOV 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO
FILE CONSLIDATED AMENDED COMPLAINT**

Plaintiff Linda Lewis hereby replies to, and respectfully disagrees with

Defendant's Opposition to Plaintiff's *Motion to File Consolidated Amended Complaint*,

which Defendant misnamed. Defendant's Opposition is based on erroneous and

incomplete claims, proposes to penalize the Defendant for circumstances beyond her

control and makes an untimely and inappropriate attempt to dismiss Plaintiff's

complaints.

Defendant makes inappropriate use of the word, "numerous," for example

referring to Defendant's allegedly "numerous EEO administrative complaints." The

statement appears to blame the Plaintiff for regulations that require a federal employee

who has filed one EEO complaint to file additional complaints for every new instance of

discrimination and reprisal *even as* the Agency and the Equal Employment Opportunity

Commission (EEOC) repeatedly fail to process complaints within the required timeframe, *and* meanwhile failing to protect the abused employee from continuing harm. The complaints filed by the Defendant are each related to discrimination that has its roots in discrimination by Argonne National Laboratory (ANL) and reprisal for Plaintiff's complaint filed against ANL. Each claim filed by the Plaintiff describes one part of a long trail of abuses perpetrated against the Plaintiff by ANL employees and their associates at the U.S. Department of Agriculture and the Federal Emergency Management Agency, who jointly form an "old boys network" decried in statements by other females employee by the three organizations. USDA's failure to take appropriate s actions to protect the Plaintiff from egregious harm resulting from repeated acts of discrimination and reprisal led the Plaintiff reluctantly to relief through the courts, as the law provides.

Defendant erroneously claims Plaintiff "never responded to Defendant's motion." Defendant Counsel was present at the two scheduling meetings when the Court froze all such actions pending further notice from the Court. At the first meeting, without any request from the Plaintiff, the Court ordered additional time for the Plaintiff to seek an attorney. After a vigorous search, Plaintiff was unable to secure affordable representation and requested additional time, but still could find no affordable attorney able to take the case.

At the second scheduling meeting, the Court ordered that Defendant and Plaintiff should not respond until the Court issued an order, following the September 6 meeting and Plaintiff's submission of amended complaint(s). Per the Court's decision, Defendant would have 30 days to respond to the amended complaint(s) and Plaintiff would have 30

days to respond to that or those. Such an order has not yet been issued and therefore the Plaintiff waits.

Defendant wrongly and untimely requests that Plaintiff's complaints should be dismissed. Regarding *Lewis v. Veneman, et al.* Plaintiff's attorney did not complete filing of that complaint, thus leaving the complaint where it was at the time of filing: before the EEOC. As explained in documentation the Plaintiff filed with her original complaint (05-1507), there was no requirement for Plaintiff to file the complaint in federal court in order to preserve her claims. Rather, filing in U.S. District Court was an option offered the Plaintiff when the EEOC decided to consolidate that claim with other claims the EEOC had already consolidated.

Rightfully, the claim represented by *Lewis v. Veneman, et al* would have remained before the EEOC and would have been consolidated - the default action if Plaintiff failed to pursue the claim in District Court. Thus Defendant's allegation that Plaintiff's claims were untimely has no basis in fact. *Lewis v. Veneman* did not represents the entirety of Plaintiff's claims, and therefore the entirety of Plaintiff's claims do not rest on it. Moreover, Defendant's attempt to dismiss Plaintiff's complaints is premature and inappropriate, because the Court has not yet filed the Order declaring that such a motion may proceed and that Plaintiff may respond.

Defendant again uses the term "numerous" to refer to Plaintiff's motions for additional time. Yet, the record shows that the Plaintiff filed only one motion for an enlargement of time, and one previous request to amend, which the Court put on hold, not at the Plaintiff's request, but with Plaintiff's consent. Importantly, the Plaintiff provided good cause to request additional time. Plaintiff has struggled with multiple chronic

illnesses over the entire period since the filing of 05-1507 (and before) and typically had to contend, as a *pro se* Plaintiff, with multiple investigations and filings in a complex case. Plaintiff's requests for additional time have been accompanied by credible explanations.

In contrast, Defendant filed **two** motions (January 20 and February 21) for enlargement of time to respond to Plaintiff's Complaint, and on October 18 filed **another** request for additional time, buried in its "Praecipe." In none of the above requests did the Defendant provide a credible explanation for the failure of Defendant's staff of experienced attorneys to meet the deadline. Importantly, the Agency has for years delayed processing of Plaintiff's complaints, such that a complaint filed in 1996 still have not received a complete administrative review by the time Plaintiff filed it with this Court in 2005. Thus, the Plaintiff never properly had her day in court, or any hearing of any kind in any of her complaints filed with USDA.

Plaintiff is sensitive to the need to conduct a case promptly but has suffered a series of unexpected circumstances sometimes requires an extension of time. At the time of the second scheduling meeting, Plaintiff was attempting to complete a cross-country move to be of assistance to her father, who has been diagnosed with congestive heart failure and Alzheimer's (dementia). In the process of attempting the relocation, Plaintiff suffered a painful and debilitating injury to her knee.

On crutches, Plaintiff explained to the Court that 30 days would not likely be enough time, in the current circumstances, to prepare two amended complaints and repeated her request for 60 days. Plaintiff was aware, although perhaps the Court was not, that the case was extremely complex and involved a great many facts, tedious to

retrieve and describe. Continuing medical problems delayed completion of Plaintiff's move following the second scheduling meeting. Importantly, Plaintiff has struggled with worsening chronic illnesses for at least a year and a half that affected her physical ability to research and compose legal documents and has had to deal with multiple investigations as well as multiple complaints as a *pro se* plaintiff.

Following the September 6 meeting, Plaintiff's father unexpectedly was hospitalized twice, suffered a stroke and was hospitalized again. Plaintiff felt obliged to respond to repeated desperate pleas from her father for assistance, but also was sensitive to the need to be timely. Unable to physically unpack boxes of documents with needed documents containing important names and dates, Plaintiff did the best she could, hurriedly amending the complaint that most needed additional detail. Irregular processing of complaints by the Agency and EEOC had forced Plaintiff to file the two current complaints (each comprised of two complaints) in a piecemeal fashion that disguised the true nature and relationship of the complaints. When the Plaintiff attempted to draft a single, consolidated complaint it became apparent that some additional explanation was needed in order for the relationships to be clear. As Plaintiff worked on the consolidated complaint, she also noticed a few errors in the amended complaint for 05-1507, caused by hurrying and the lack of ready access to reference documents.

## CONCLUSION

In the Opposition to *Plaintiff's Motion to File a Consolidated Amended Complaint* and in earlier motions, Defendant has ignored or mischaracterized facts and attempted to take advantage of Plaintiff's disadvantaged *pro se* status.

Plaintiff believes the proposed Consolidated Amended Complaint serves the interests of justice and judicial efficiency by conservatively providing needed clarification. Plaintiff further believes the complaints and documentation filed in cases 05-1507 and 06-255 provide ample *prima facie* evidence - including direct evidence - of systemic, institutional discrimination and reprisal against the Plaintiff based on her protected class and activities, which Plaintiff will gladly defend in greater detail at the appropriate time.

Plaintiff again begs the Court to accept for filing the proposed Consolidated Amended Complaint and urges the Court to allow this case to be fully heard, in the public interest as well as the Plaintiff's. In their eagerness to retaliate against the Plaintiff, USDA officials willfully undermined national security and emergency preparedness programs in the months leading up to the 2001 terrorist attacks and the 2005 Gulf Coast hurricanes, even as administration officials publicly assured citizens that USDA preparedness was adequate. Thus, discrimination at USDA became not only objectionable, but dangerous to the general welfare. Plaintiff urges the court to exercise it authority to ensure that this case does not disappear into the darkness of arcane legal manipulations, but sees the light of a public courtroom, which Justice Brandesis called, "the best disinfectant."

Respectfully submitted,

Linda M. Lewis (*pro se*)                          Nov 22, 2006
2400 Wynncrest Circle, #10105,                    Date
Arlington, TX  76006

6

(202) 210-8539

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Reply to *Defendant's Opposition to Plaintiff's Motion to File Second Amended Complaint* has been served upon the Defendant by certified mail, this 22ud day of November, 2006, at the following address:

Megan L. Rose,
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7220

Signed,

Linda M. Lewis (*pro se*)
2400 Wynncrest Circle, #10105
Arlington, Texas 76006
(202) 210-8539

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA M. LEWIS,
8811 Colesville Rd, #210, Silver Spring,
MD 20910, (202) 210-8539,

      Plaintiff,

v.

MIKE JOHANNS,
SECRETARY OF AGRICULTURE,

      Defendant.

)
)
)
)
)
)
)  Civil Action No.: 05-1507 (GK)
)
)
)
)
)
)
)
)
)

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to file a Consolidated Amended Complaint, it is hereby ORDERED this_____day of _____, 2006, that Civil Actions 05-1507 and 06-255 are hereby consolidated for all purposes in the Consolidated Amended Complaint proposed by the Plaintiff, which the Court hereby accepts.

Civil Action 05-1507 shall be the lead case, and hereafter all pleadings, briefs and correspondence shall be filed in the lead case.

_____
UNITED STATES DISTRICT JUDGE

8