UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA M. LEWIS**,<br><br>      Plaintiff,<br><br>v.<br><br>**MIKE JOHANNS**, Secretary,<br>United States Department of Agriculture<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 05-1507 (GK)<br>)                06-0255 (GK) (con)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER

Defendant Mike Johanns, Secretary, United States Department of Agriculture (hereinafter "Defendant" or "Agency"), by and through undersigned counsel, hereby answers the allegations in Plaintiff's Consolidated Amended Complaint as follows[1]:

### FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over certain claims in the Complaint.

### THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies as to certain claims in the Complaint.

### FOURTH DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so

---

[1] Defendant is also filing simultaneously a notice of proposed briefing schedule for the submission of any dispositive motions related to the Consolidated Amended Complaint.

warrant. Defendant also reserve the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

## FIFTH DEFENSE

Defendant denies each and every allegation in the Amended Complaint except as may be expressly and specifically admitted. Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

## INTRODUCTION

Paragraphs 1-4, in summary fashion, allege that Plaintiff has suffered discrimination based upon gender (female), age (56), perceived disability, reprisal, violation of privacy, denial of due process, and hostile environment. Plaintiff further alleges, among other things, that she was given less than satisfactory performance evaluations, denied promotions and within-grade increases. Plaintiffs allegations are conclusory and no response is necessary. To the extent any response is required, Defendant denies.

## PARTIES

Defendant admits only that Plaintiff, pro se, has been employed by the U.S. Department of Agriculture, and that Mike Johanns is the named defendant in his official capacity as the Secretary of the U.S. Department of Agriculture.

## ADMINISTRATIVE PREREQUISITES

This section of the complaint (Administrative Prerequisites), consisting of sub-parts 7- 3, lists the administrative procedural steps Plaintiff invoked prior to filing her suit in this Court. The allegations are conclusory and no response is necessary. To the extent any response is required, Defendant denies the allegations. Defendant avers that Plaintiff initiated EEO

counseling on December 10, 2004, and on February 19, 2005, she filed a formal complaint of discrimination.

## JURISDICTION AND VENUE

Paragraphs 14 and 15, allege that venue is proper in the United States Court for District of Columbia. The allegations are conclusory and no response is necessary. To the extent any response is required, Defendant denies.

## FACTS

Paragraphs 16-97 allege facts,[2] many of which date back to 1992 and the Defendant lacks sufficient information to admit or deny. Additionally, many of the facts asserted include Plaintiff's beliefs or observations to which no response is required. Many of the numbered paragraphs also contain Plaintiff's conclusions of law to which no response is required. To the extent any response is required to the numbered paragraphs, Defendant denies.

## COUNT I

Paragraphs 98-100 allege that the Defendant discriminated against the Plaintiff on the bases of sex and contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

## COUNT II

Paragraphs 102-104 allege that the Defendant retaliated against the Plaintiff in violation of Title VII. These paragraphs contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

---

[2] Defendant also incorporates its previous responses to the identical paragraphs in Plaintiff's Complaint filed in Civil Action No. 06-0255 (GK).

## COUNT III

Paragraphs 105-107 allege that the Defendant retaliated against the Plaintiff in violation of Title VII. These paragraphs contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

## COUNT IV

Paragraphs 108-110 allege that the Defendant discriminated against the Plaintiff in violation of the Rehabilitation Act of 1973. These paragraphs contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

## COUNT V

Paragraphs 111-113 allege that the Defendant violated Plaintiff's right to nondiscriminatory consideration for a security clearance under Executive Order 12968. These paragraphs contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

## COUNT VI

Paragraphs 114-116 allege that the Defendant violated Plaintiff's rights under the First, Fifth, and Sixth Amendments of the U.S. Constitution. These paragraphs contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

## JURY DEMAND

Plaintiff requests a jury trial. To the extent that an answer is deemed to be required, Defendant denies.

## PRAYER FOR RELIEF

Paragraph 117, and subparts A-F, contain Plaintiff's prayer for relief, to which no response is necessary. These paragraphs contain conclusions of law to which no response is required. To the extent that an answer is deemed to be required, Defendant denies.

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, having fully answered, Defendant respectfully requests that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: January 11, 2007.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220

Of Counsel:
Robert Hardin, Esq.
Office of the General Counsel
U. S. Department of Agriculture

## CERTIFICATE OF SERVICE

I certify that the foregoing **Answer** was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **2400 Wynncrest Circle**
> **Apartment 10105**
> **Arlington, TX 76006-7017**

on this 11th day of January, 2007.

/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530