UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA M. LEWIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1507 (GK) |
| | ) | 06-0255 (GK) (con) |
| MIKE JOHANNS, SECRETARY OF | ) | |
| AGRICULTURE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and

through the undersigned counsel, respectfully moves this Court pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's claims in this

consolidated action on the grounds that the Court lacks jurisdiction over certain of Plaintiff's

claims, and that all of Plaintiff's claims fail to state a claim upon which relief can be granted.  In

the alternative, and with respect to any possible remaining claims, Defendant moves the Court,

pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting Defendant

summary judgment on the grounds that no genuine issue of material fact exists and Defendant is

entitled to judgment as a matter of law.  In support of this motion, Defendant respectfully refers

the Court to the accompanying Memorandum of Points and Authorities and Declaration of Kevin

McGrath, Chief, Complaints Management Branch, Civil Rights Division, Office of Management,

FSIS, USDA, and attached exhibits.  A proposed order is also attached.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the

attachments in support of the defendant's motion will be accepted by the Court as true unless the

plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in

the defendant's materials.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule

7.1(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response,
> by affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: February 7, 2007        Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


/s/_____
RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney


/s/_____
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 05-1507 (GK) |
| | )                06-0255 (GK) (con) |
| MIKE JOHANNS, SECRETARY OF | ) |
| AGRICULTURE | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully moves this Court for dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56(c).

Plaintiff Linda M. Lewis, *pro se*, brings the above-captioned action alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), and disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, during her employment at the U.S. Department of Agriculture ("USDA"), Food Safety and Inspection Service ("FSIS"). See generally Consolidated Amended Complaint ("Compl."). Additionally, Plaintiff alleges that the USDA unlawfully failed to renew her security clearance and violated her Constitutional rights. Id. For the reasons set forth below, this suit should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In the alternative, summary judgment should be granted for Defendant because there

are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law.

## BACKGROUND

Plaintiff has filed numerous EEO administrative complaints, and the present action is one of four civil actions Plaintiff has filed in this Court.  See, e.g., Lewis v. Veneman, et al., 03-1027 (GK)(similar Title VII action dismissed for Plaintiff's failure to prosecute); Lewis v. Ridge, 03-1788 (GK)(similar Title VII action dismissed with prejudice); Lewis v. Johanns, 06-0255 (GK).

By way of background, in Lewis v. Veneman, et al., 03-1027 (GK), Plaintiff alleged discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), and disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, during her employment at the U.S. Department of Agriculture ("USDA"), Food Safety and Inspection Service ("FSIS").  See Compl., Document No. 1, Civil Action No. 03-1027 (GK). Plaintiff made additional allegations concerning the USDA's failure to renew her security clearance, and she asserted that she was the victim of unlawful reprisal under the Whistleblower Protection Act.  Id.  After issuing two Show Cause Orders, on March 24, 2004, this Court dismissed Plaintiff's claims without prejudice.  Document No. 5, Civil Action No. 03-1027 (GK).

Shortly thereafter, on May 27, 2004,[1] Plaintiff contacted the Food Safety and Inspection Service's ("FSIS") Civil Rights Division Director to initiate another informal EEO complaint. See Compl. ¶¶ 81-83; Compl. at 2, Document No. 1; McGrath Declaration ("Decl.")(setting forth

---

[1]  Although the letter initiating the informal EEO complaint is dated May 14, 2004, Defendant's records show, and Plaintiff herself has stated, that Plaintiff faxed and mailed a copy of the letter on May 27, 2004.  See McGrath Declaration (setting forth timeline).

timeline); Decl. Att. 1 and 2.  Plaintiff alleged that Defendant had failed to properly control distribution of sensitive personnel and disability information and that this violated the Privacy Act of 1974, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as amended.  Specifically, Plaintiff stated that on March 30, 2004, a file containing "highly sensitive personnel information" about the Plaintiff was discovered by another employee unattended in an FSIS office.  See id.

Following an informal inquiry, by letter dated November 14, 2004, Defendant notified Plaintiff of her right to file a formal complaint of discrimination within 15 calendar days with the Department of Agriculture's Office of Civil Rights.  Compl. at 2; see also Compl., attachment, April 15, 2005 Final Agency Decision.   Plaintiff filed a "Complaint of Employment Discrimination" on December 17, 2004, which was received by Defendant on December 21, 2004.  See id.

On April 15, 2005, the Office of Civil Rights issued a Final Agency Decision dismissing Plaintiff's complaint.  See Compl. ¶ 10; McGrath Decl., Att. 6.  The decision stated that Plaintiff contacted the Agency's Civil Rights Division Director on May 27, 2004, regarding the failure to properly control distribution of her highly sensitive personnel and disability information on March 30, 2004.  Id.  However, because the forty-fifth day after March 30, 2004 was May 14, 2004, Plaintiff should have filed her claim no later than May 14, 2004.  The decision noted that Plaintiff was aware of the forty-five day time limit because she previously had filed at least five EEO complaints, and that Plaintiff had provided no justification for extending the forty-five day time limit in this case.  Thus, pursuant to 29 C.F.R. § 1614.107(a)(2), the Agency dismissed Plaintiff's complaint for untimely counselor contact.  Id.

3

Plaintiff then filed this civil action in the U.S. District Court for the District of Columbia on July 29, 2005.  See Compl., Document No. 1.

During this same timeframe, on December 10, 2004, Plaintiff initiated EEO contact concerning an October 26, 2004 letter of reprimand for late government credit card payments and a host of general allegations of discrimination which allegedly occurred in October 2004. See Compl. ¶ 90; see also Decl.,  Plaintiff then filed a formal complaint of discrimination on February 18, 2005.  See Compl. ¶11; McGrath Decl., Att. 8.  Defendant's Office of Civil Rights accepted the complaint on April 22, 2005.  McGrath Decl., Att. 9.  On October 14, 2005, Plaintiff requested an EEOC Hearing, and the parties subsequently engaged in discovery.  See McGrath Decl. Att. 3.

Simultaneously, Plaintiff administratively complained, by letter dated March 8, 2005, of discrimination on the bases of gender (female), age (54), perceived disability, and reprisal for prior EEO activity, and she specifically cited her non-selection for a Physical Scientist position, GS-1301-14.  See Compl. ¶ 11; McGrath Decl., Att. 10, 11.  According to that complaint, Appellant applied on November 19, 2004 for the position, but the announcement was withdrawn. Id.  On July 2, 2005, Plaintiff filed a formal complaint of discrimination.  McGrath Decl., Att. 13.

On February 13, 2006, Plaintiff filed another complaint in this Court.  See Civil Action No. 06-0255 (GK).  The present litigation ensued.

In response to Plaintiff's first complaint in this case, Defendant filed a Motion to Dismiss.  See Document No. 16.  Plaintiff never responded to Defendant's motion and filed numerous motions for extension of time.  See, e.g., Document Nos. 18, 22, 24, 25.  Following a

4

September 6, 2006 status conference held in the above-captioned matter and in the related case,

06-0255 (GK), the Court granted Plaintiff's motion for leave to file an amended complaint and

ordered that Plaintiff's amended complaint should be filed by October 6, 2006.  Although

Plaintiff indicated at the status conference that she intended to file an amended complaint in both

of her pending civil actions, on October 10, 2006, Plaintiff filed an amended complaint in only

Civil Action No. 05-1507.  Document No. 30.  Nonetheless, the amended complaint appeared to

capture Plaintiff's claims from her related case, 06-0255.  Id.

Subsequently, on November 1, 2006, Plaintiff filed a motion for leave to file a second

"consolidated amended complaint," Document No. 32, which the Court granted.  On December

21, 2006, the present consolidated complaint was accepted for filing and entered on the Court's

docket.  Document No. 35.

## STANDARD OF REVIEW

### I.    Motion to Dismiss (Fed.R.Civ.P. 12(b)(1) and 12(b)(6))

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over

Plaintiff's claims, and Rule 12(b)(6), as Plaintiff fails to state any claim upon which relief can be

granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v.

Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not

required, however, to accept inferences unsupported by the facts alleged or legal conclusions that

are cast as factual allegations."  Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346

F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004).  In addition, "[on] a motion

to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp.2d at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

It is well established that the burden of establishing a prima facie case "is not great," McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984), and that at the motion to dismiss stage the Plaintiff need only allege facts rather than establish them, since this Court will assume the alleged facts to be true. E.g., Mobil Exploration v. Babbit, 913 F.Supp. 5, 9 (D.D.C. 1995). However, without an allegation of facts that meets all elements of a cause of action, a claim

6

should be dismissed. <u>Cf.</u> <u>Saltz v. Lehman</u>, 672 F.2d 207, 209 (D.C. Cir. 1982) (plaintiff's failure to allege elements of equitable tolling required dismissal of complaint).

## II.    Summary Judgment (Fed.R.Civ.P. 56)

If matters outside the pleadings are considered, generally the motion shall be treated as one for summary judgment under Rule 56.  Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986); <u>Tao v. Freeh</u>, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. <u>Matsushita</u>, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  <u>Anderson</u>, 477 U.S. at 247-48; <u>Laningham v. U.S. Navy</u>, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted.  <u>Anderson</u>, 477 U.S. at 249-50 (citations omitted).  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'"  <u>Celotex Corp.</u>, 477 U.S. at 323 (citations omitted).

Moreover, Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

## ARGUMENT

Plaintiff's Consolidated Amended Complaint should be dismissed because Plaintiff failed to timely exhaust her administrative remedies and failed to file a timely complaint in this Court concerning most, if not all, of her claims. Even had Plaintiff timely exhausted her administrative remedies concerning any of her claims in this case, the Court nonetheless lacks jurisdiction over any alleged whistleblower claim and Plaintiff fails to state any other claim upon which relief could be granted. Plaintiff cannot establish a prima facie case of discrimination based on her membership in any protected class, nor can Plaintiff establish a prima facie case of failure-to-accommodate discrimination. Finally, despite the numerous opportunities given to Plaintiff to present her claims, the amended consolidated complaint fails to give Defendant fair notice of the claims asserted and fails to meet the requirements of the Federal Rules of Civil Procedure.

Therefore, for all of these reasons, the consolidated complaint should be dismissed.

I.    **Plaintiff Failed To Exhaust Timely Her Administrative Remedies and Failed To File Timely Her Claims In This Court.**

It is well established that a federal employee may file a civil action only after exhausting his or her administrative remedies before the concerned federal agency. 42 U.S.C. § 2000e-16(c). Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity). Similarly, the same rights, remedies, and procedures applicable in Title VII employment discrimination cases against federal defendants apply to cases brought under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. 29 U.S.C. § 794a(a)(1).

The EEOC's regulations provide that "aggrieved" employees or applicants for employment who allege they have been discriminated against must first consult an agency EEO counselor before filing a complaint of discrimination and must do so within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); see also Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Bowden v. United States, 106 F.3d 433, 437-38 (D.C. Cir. 1997)(a plaintiff will run afoul of exhaustion requirements if he or she fails to bring a complaint to the attention of an EEO counselor within the time limits prescribed by 29 C.F.R. § 1613.105(a)(1), i.e., within 45 days of the alleged discriminatory action); Smith v. Dalton, 971 F. Supp. 1, 4 (D.D.C. 1997). If the matter is not resolved through informal counseling, the

9

aggrieved employee must, within 15 days, file a written complaint with the agency that allegedly discriminated against her.  29 C.F.R. § 1614.106(a)-(c).  The agency must investigate the matter within 180 days or reject the complaint and issue a final dismissal.  Id. at § 1614.106(d)(2).  At the conclusion of the agency's investigation, the complainant may request a hearing before an EEOC administrative judge or an immediate final decision by the agency.  Id. at § 1614.108(f).  If the employee chooses the former, the EEOC administrative judge will conduct a hearing and make factual and legal findings, which will be transmitted to the agency as a recommended decision.  The agency then issues a final decision.  Id. at §§ 1614.109(g) and 1614.110.

A complainant who receives a final adverse decision from her agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days.  If the complainant appeals to the EEOC, she must file a civil action within 90 days of receiving the EEOC's decision.  29 C.F.R. § 1614.408; see also  Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999).  A complainant also may file a civil action at any time after her complaint has been pending before the agency or the EEOC for at least 180 days.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

Compliance with these procedures and timeliness is mandatory.  "Complainants *must* timely exhaust these administrative remedies before bringing their claims to court."  Bowden, 106 F.3d at 437; Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"); Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating

his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied, 525 U.S.

915 (1998).  As the U.S. Supreme Court reiterated in National R.R. Passenger Corp. v. Morgan,

536 U.S. 101, 108 (2002), "'strict adherence to the procedural requirements specified by the

legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108

(quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).  Accordingly, the U.S. Supreme

Court has explicitly required that all discrete discriminatory and retaliatory acts be fully

exhausted as a prerequisite to suit.  National R.R. Passenger Corp. v. Morgan, 536 U.S. at 108.

Most, if not all, of the allegations in Plaintiff's 117-paragraph Complaint fail to comply

with the above requirements.  First, Plaintiff failed to exhaust her administrative remedies as to

the only claims which are arguably the proper subject of this action.  Plaintiff initially contacted

the Food Safety and Inspection Service's (FSIS) Civil Rights Division Director on May 27,

2004, concerning the agency's alleged failure to properly control distribution of her highly

sensitive personnel and disability information.  See Plaintiff's Complaint, Document No. 1, 05-

1507 (GK).  Specifically, Plaintiff complained that on March 30, 2004, the agency allegedly left

information pertaining to Plaintiff unattended in an FSIS office.  See Compl. at 2; Compl.

"Attachment 1," Final Agency Decision.  Although Plaintiff was required to seek EEO

counseling within 45 days of the "matter alleged to be discriminatory," 29 C.F.R. §

1614.105(a)(1), Plaintiff clearly failed to consult an EEO counselor within the required 45-day

period.[2]  Id.  Therefore, Plaintiff failed to timely exhaust her administrative remedies concerning

---

[2]  Plaintiff has sought EEO counseling on numerous occasions, filed numerous EEO
administrative complaints, and the present action is one of four civil actions Plaintiff has filed in
this Court.  See, e.g., Lewis v. Veneman, et al., 03-1027 (GK); Lewis v. Ridge, 03-1788 (GK);
Lewis v. Johanns, 06-0255 (GK).  Therefore, Plaintiff is clearly aware of her rights and
responsibilities under the EEO guidelines and is well-versed in the requirements for filing a

Defendant's alleged failure to maintain properly her sensitive personnel and disability information, and any such claim in the consolidated complaint should be dismissed.

During this same time frame, on December 10, 2004, Plaintiff initiated EEO contact concerning an October 26, 2004 letter of reprimand for late government credit card payments and a host of general allegations of discrimination which allegedly occurred in October 2004. See Compl. ¶ 90; see also McGrath Decl., Att. 7. Plaintiff then filed a formal complaint of discrimination on February 18, 2005. See McGrath Decl., Att. 8. The agency investigated the complaint, and on October 14, 2005, Plaintiff requested a hearing before an EEOC administrative judge. See 29 C.F.R. § 1614.108(f); McGrath Decl. at 3. However, prior to the EEOC administrative judge conducting a hearing and making factual and legal findings, and prior to any final agency decision, on February 13, 2006, Plaintiff filed her complaint in this Court. See Civil Action No. 06-0255 (GK); see also 29 C.F.R. §§ 1614.109(g) and 1614.110. Therefore, Plaintiff failed to comply with the statutory and regulatory filing requirements by not properly exhausting her administrative remedies prior to filing this suit. See, e.g., 42 U.S.C. § 2000e-16(c); Bowden, 106 F.3d at 437. Accordingly, all of Plaintiff's claims that were asserted in Civil Action No. 06-0255 (GK) and now contained in the consolidated complaint, including all of her claims of discrimination, should be dismissed for failure to exhaust administrative remedies.

Finally, by letter dated March 8, 2005, Plaintiff administratively complained that she was not selected for a Physical Scientist position, GS-1301-14 due to her sex, age, perceived disability and prior protected activity. See Compl. ¶ 11; McGrath Decl., Att. 10, 11; see also

---

timely complaint of discrimination.

12

Compl., Document No. 1, Exh. A, 06-0255 (GK).  According to that complaint, Appellant applied on November 19, 2004 for the position, but the announcement was allegedly withdrawn on a date uncertain.  Id.  The complaint makes no other allegations concerning events that allegedly occurred within 45 days of March 8, 2005.  Therefore, any additional claims in that complaint were not properly exhausted.

Second, in addition to Plaintiff's failure to exhaust the above claims, the consolidated complaint reasserts many old claims, which are untimely, and which she has already attempted to pursue in this Court.  See Lewis v. Veneman, et al., 03-1027 (GK).  The consolidated complaint references events dating back to 1992.  See, e.g., Compl. ¶¶ 17-22.  Plaintiff filed numerous EEO complaints over the years about those events, and she cites a February 12, 2003[3] EEOC decision on those complaints.  Compl. ¶¶ 8, 9.  On May 9, 2003, Plaintiff filed in this Court a complaint based upon those claims and alleged that her claims were timely filed within 90 days of the February 12, 2003 EEOC decision.  See Civil Action No. 06-0255 (GK), Complaint ¶¶ 1, 14, 15, 26, 53.  However, after issuing two Show Cause Orders, on March 24, 2004, this Court dismissed Plaintiff's claims without prejudice.  Document No. 5, Civil Action No. 03-1027 (GK).  Approximately three years later, Plaintiff reasserted all of those claims in a new complaint before this Court, which was ultimately consolidated as part of the present action. See Civil Action No. 06-0255 (GK).

Indeed, almost identical to Plaintiff's 2003 complaint, the consolidated complaint alleges

---

[3]  Although the Consolidated Complaint states that the EEOC's decision occurred in February *2002*, based upon Plaintiff's attachments to her prior complaints, and based upon Defendant's records, she appears to be referencing a February *2003* decision.  See, e.g., Attachments to Plaintiff's first complaint, 05-1507 (GK).

discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633a

("ADEA"), and disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791,

concerning her employment at the U.S. Department of Agriculture ("USDA"), Food Safety and

Inspection Service ("FSIS").  See Compl., Document No. 1, Civil Action No. 03-1027 (GK);

Consolidated Compl., Document No. 35, Civl Action No. 05-1507 (GK).  Likewise, the

consolidated complaint again asserts claims concerning the USDA's failure to renew her security

clearance and alleged violations of the Whistleblower Protection Act.  Id.  All of these claims

should be dismissed either for failure to exhaust administrative remedies or as untimely filed.

Even if any of Plaintiff's claims were timely in 2003, they are certainly untimely now.

See, e.g., 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408; see also Wilson v. Pena, 79 F.3d 154

(D.C. Cir. 1996).  Four years have passed since the EEOC's February 12, 2003 decision, which

was cited for timely exhaustion of Plaintiff's 2003 complaint in this Court.  See Compl.,

Document No. 1, Civil Action No. 03-1027 (GK).  After this Court dismissed Plaintiff's claims

in Civil Action No. 03-1027 (GK), Plaintiff waited approximately three years before refiling the

complaint presently before this Court in 06-0255 (GK).  A plaintiff cannot sit on his or her rights

and file complaints at will.  See Wiley v. Johnson, 436 F.Supp.2d 91, 95 (D.D.C. 2006)("A

voluntary dismissal cannot be used to circumvent the requirement of exhaustion").  Accordingly,

Plaintiff should not be allowed to reassert claims three years after this Court dismissed them.

Courts allow equitable tolling in situations where the claimant has actively pursued her

judicial remedies by a defective pleading during the statutory period, or where the complainant

has been induced or tricked by his adversary's misconduct into allowing the filing deadline to

pass. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). Plaintiff bears the burden of pleading and proving equitable reasons for tolling the limitations period. Bayer v. United States Department of Treasury, 956 F. 2d 330, 333 (D.C. Cir. 1992) (holding that Title VII plaintiff bears the burden of establishing his entitlement to equitable tolling). Plaintiff does not allege, nor can she demonstrate, that Defendant engaged in affirmative misconduct or misled her about the running of the statutory period. See generally Compl. Plaintiff has consistently failed to exercise due diligence in pursuing her claims. See, e.g., Docket Entries for Civil Action 05-1507 (GK).[4] In short, Plaintiff simply cannot marshal any facts to demonstrate that this case is one of the few extraordinary cases warranting tolling of the filing requirements. See Irwin, 498 U.S. at 96; Bayer, 956 F. 2d at 333. Thus, any of the claims in the Consolidated Complaint that are now simply reasserted in this Court are untimely. See, e.g., 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

## II.    Plaintiff's Complaint Should Be Dismissed for Failure to Comply with Fed. R. Civ. P. 8(a) and 10(b).

Despite the numerous opportunities given to Plaintiff to present her claims, the amended consolidated complaint fails to meet the required pleadings standards in order to enable Defendant to understand the precise nature of each of Plaintiff's claims against him. As previously noted, Plaintiff recites her entire work history at the Department of Agriculture. See generally Compl. Though Plaintiff details numerous events that she alleges were discriminatory, she fails to specify which of these events form the basis of this lawsuit. Her reference to various issues that she contends were presented administratively leave Defendant to speculate about

---

[4] Plaintiff never responded to Defendant's first motion to dismiss. See Document No. 16.

what claims are actually before the Court, whether those claims were raised in prior lawsuits, and whether those claims were exhausted administratively. "This type of shot-gun pleading effectively precludes Defendant from fashioning a coherent answer to the complaint, and at the discovery stage, could force Defendant to litigate a host of discovery issues unnecessarily." Gilbert v. Chertoff, slip opinion, 2006 WL 2793169, (D.D.C., Sept. 28, 2006)(attached as Defendant's Exhibit B).

Under the Federal Rules of Civil Procedure, the principal function of the complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. Here, the amended and consolidated complaint fails to meet even these minimum requirements. Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Id.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal

Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be

litigated . . . ."  <u>Brown</u>, 75 F.R.D. at 498 (dismissing <u>pro se</u> plaintiff's complaint because it failed

to reasonably inform the adverse party of the cause of action).  While a plaintiff is not required

to "'plead law or match facts to every element of a legal theory'" in his/her complaint, <u>Sparrow</u>

<u>v. United Airlines, Inc.</u>, 216 F.3d 1111, 1115 (D.C. Cir. 2000)(quoting <u>Krieger v. Fadely</u>, 211

F.3d 134, 136 (D.C. Cir. 2000)), the complaint must be sufficient to "give the defendant fair

notice about what the plaintiff's claim is and the grounds upon which it rests," <u>Swierkiewicz v.</u>

<u>Sorema</u>, 534 U.S. 506, 512 (2002).

Moreover, "[a] plaintiff's bare conclusions of law, or sweeping and unwarranted

averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a

motion for summary judgment.  <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Therefore, Plaintiff's various conclusory allegations are insufficient to satisfy the pleading

standards applicable to discrimination claims.  Because the consolidated complaint fails to

comply with the Rules and fails to meet the pleadings standards, all of Plaintiff's claims should

be dismissed.

III.    **Even if Plaintiff Had Timely Exhausted Her Administrative Remedies, And the Court Were to Examine Any of Plaintiff's Claims, Plaintiff's Claims Should Be Dismissed.**

Even if Plaintiff had timely exhausted her administrative remedies concerning any of her

claims in this case, and despite the generous reading that must be afforded to Plaintiff's

Complaint in light of her <u>pro se</u> status, the Court nonetheless lacks jurisdiction over any alleged

whistleblower claim, and Plaintiff's Complaint further fails to state a claim upon which relief

could be granted.  <u>See generally</u> Compl.; <u>see also</u> <u>Jones v. Community Redevelopment Agency</u>,

17

733 F.2d 646, 649 (9th Cir. 1984)(dismissing pro se plaintiff's proposed second amended

complaint because its conclusory allegations were unsupported by any facts).

To the extent the consolidated complaint asserts a claim concerning Defendant's alleged

failure to properly control distribution of Plaintiff's personnel and disability information,

Plaintiff cannot establish subject matter jurisdiction over any possible whistleblower claim, nor

can she state a claim under the Privacy Act, 5 U.S.C. § 552a.  With regard to all of Plaintiff's

other claims of discrimination, she fails to state a claim upon which relief can be granted.

Plaintiff cannot establish a prima facie case of discrimination based on her membership in any

protected class, nor can Plaintiff establish a prima facie case of failure-to-accommodate

discrimination

> **A.    To The Extent The Consolidated Complaint Asserts A Whistleblower
> Claim, This Court Lacks Jurisdiction Over Such Claim.**

The Whistleblower Protection Act provides most federal agency employees with

protection against agency reprisals for whistleblowing activity, such as disclosing illegal

conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers

to health and safety.  See 5 U.S.C. § 2302(b)(8). Under Title 5, Section 1214 of the U.S. Code,

an employee who believes she is the victim of an unlawful reprisal must first bring her claim to

the United States Office of Special Counsel ("OSC"), an independent investigative and

prosecutorial agency created by the Civil Service Reform Act ("CSRA").  5 U.S.C. §§ 1211,

1214; Weber v. United States, 209 F.3d 756, 758 (D.C. Cir. 2000) (describing whistleblower

protection procedures under Title 5).  If the OSC finds that there was a prohibited personnel

action, it reports its findings to the Merit Systems Protection Board ("MSPB"), and it can

petition the MSPB on the employee's behalf.  Weber, 209 F.3d at 758.  If the OSC finds no

agency wrongdoing, then the employee herself may bring an action before the MSPB.  5 U.S.C.

§§ 1221; 1214(a)(3); Weber, 209 F.3d at 758.  The MSPB's decision is appealable to the Federal

Circuit.  5 U.S.C. § 7703; Weber, 209 F.3d at 758.

Under **no** circumstances, however, does the Whistleblower Protection Act grant the

District Court jurisdiction to entertain a whistleblower cause of action brought directly before it

in the first instance.[5]  See Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002); Gardner v.

United States, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000) ("The district court lacked subject matter

jurisdiction of [plaintiff's] claims for alleged violations of the Family Leave Act and the

Whistleblower Protection Act, because he failed to allege that he had exhausted his

administrative remedies, as required under the Civil Service Reform Act."); Altimus v. Aspin,

No. 93-1605 (NHJ), 1993 WL 491612, *1 (D.D.C. Nov. 17, 1993) ("The Civil Service Reform

Act, to which the Whistleblower Protection Act is an amendment, deprives the district court of

jurisdiction to review prohibited personnel practices; more serious infractions are appealable to

the Merit Systems Protection Board, with further review in the Courts of Appeal.").  Thus, this

---

[5] Defendant additionally notes that the Whistleblower Protection Act does not independently create a waiver of sovereign immunity.  Because a suit against an executive department of the United States is a suit against the United States, it is therefore, subject to the defense of sovereign immunity.  See, e.g., Hawaii v. Gordon, 373 U.S. 57, 58 (1963).  In the absence of a waiver of sovereign immunity, a district court lacks jurisdiction over claims against the United States.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  None of the statutes cited by plaintiff waive the government's immunity from liability for plaintiff's whistleblower reprisal claim, nor do they alter the CSRA's preclusion of such claims.

The provisions under 42 U.S.C. § 2000e pertain to violations of rights protected under Title 42 and civil actions brought under that title and do not confer jurisdiction on the district court over plaintiff's whistleblower claims.  Likewise, the Privacy Act, 5 U.S.C. § 552a, does not provide jurisdiction for plaintiff's claim under the CSRA.  See Kleiman v. Department of Energy, 956 F.2d 335, 338 (D.C. Cir. 1992) (no claim under the Privacy Act for disputes concerning personnel actions by federal agencies due to exclusivity of CSRA).

Court lacks jurisdiction to hear any whistleblower claim which Plaintiff may be asserting concerning Defendant's alleged failure on March 30, 2004, to properly control distribution of her personnel and disability information.[6]

**B.    Plaintiff Fails To State A Claim Under The Privacy Act.**

In order for a plaintiff to bring a damages lawsuit against an agency under subsection (g)(1)(D) of the Privacy Act, the plaintiff must show a violation of the Act, that he has suffered an adverse effect, that the Privacy Act violation caused the adverse effect, and that the agency acted in an "intentional or willful manner." 5 U.S.C. § 552a(g)(4); Albright v. United States, 732 F.2d 181 (D.C. Cir. 1984). The Court of Appeals has held that a de novo court review of the underlying issues of fact is not required. Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). Rather, the court must conduct a limited review regarding the fourth prong, that the agency "intentionally or willfully" violated the Privacy Act. Id.

The words "intentional and willful" are considered terms of art under the Privacy Act, and the voluminous case law construing this standard makes clear that it is a formidable barrier for a plaintiff seeking damages. See White v. OPM, 840 F.2d 85, 87 (D.C. Cir. 1988); Laningham v. United States Navy, 813 F.2d1236, 1242 (D.C. Cir. 1987); Albright, 732 F.2d at 189; McCready v. Principi, 297 F.Supp.2d 178, 193 (D.D.C. 2003). It is not enough for a plaintiff to allege that the disclosure of information was intentional. Albright, 732 F.2d at 189.

---

[6]  Furthermore, even if this Court held jurisdiction over Plaintiff's whistleblower claim, that claim fails as a matter of law. Although, as stated above, the Whistleblower Protection Act provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety, the allegations in the complaint that Plaintiff criticized the FSIS COOP and CSEPP plans do not establish a basis for protection under the statute. See 5 U.S.C. § 2302(b)(8).

The Privacy Act "does not make the Government strictly liable for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions."  Rather, the "'intentional or willful' action requirement of Section 552a(g)(4) refers only to the intentional or willful failure of the agency to abide by the Act, and not to all voluntary actions which might otherwise inadvertently contravene one of the Act's strictures."  Id.  In order to establish that an agency's conduct was intentional or willful, a plaintiff

> must prove that the agency acted with something greater than gross negligence.  An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.

Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (citations, quotation marks, and brackets omitted).  Additionally, plaintiff must demonstrate that he has suffered actual damages flowing from the alleged improper disclosure.  Doe v. Chao, 540 U.S. 614, 627 (2004).

Plaintiff here fails to allege any facts supporting the above requirements for a claim for monetary damages under subsections (g)(1)(D) and (g)(4).  Plaintiff's Complaint alleges that Defendant failed "to properly control distribution of Complainants highly sensitive personnel and disability information," when an employee found such information "unattended in an FSIS office."  Compl. ¶ 81.  Plaintiff suggests that because the documents were left unattended, she has been "disparaged" as being under a "perceived disability."  Id. ¶¶ 81-82; see also Compl. At 4, Document No. 1 (explaining this claim in greater detail).  In addition to the failure of Plaintiff's allegations to establish that any alleged violation of the Privacy Act caused any alleged adverse effect, Plaintiff fails to allege any facts supporting a claim that the agency acted in an "intentional or willful manner."  5 U.S.C. § 552a(g)(4).  Even taking Plaintiff's allegations

as true that an employee found Plaintiff's personnel and disability information unattended in an

FSIS office, Plaintiff's allegations fail to state a claim that Defendant "acted with something

greater than gross negligence." Deters, 85 F.3d at 660.  Because the Privacy Act "does not make

the Government strictly liable for every affirmative or negligent action that might be said

technically to violate the Privacy Act's provisions," Plaintiff fails to meet the high standard

required for a damages claim under the Privacy Act.  Accordingly, Plaintiff fails to state a claim

upon which relief could be granted, and the Complaint should be dismissed.

### C.    Plaintiff Fails To State Any Claim under the Rehabilitation Act.

The Rehabilitation Act,[7] allows qualified disabled federal employees to bring a lawsuit

against their employer in instances in which the employer has allegedly failed to provide them

with a reasonable accommodation and in instances where the employer has allegedly treated

them disparately because of their disability.  See Aka v. Washington Hospital Center, 156 F.3d

1284, 1287-88 (D.C. Cir. 1998)(en banc); Carr v. Reno, 23 F.3d 525, 529 (D.C. Cir. 1994); Barth

v. Gelb, 2 F.3d 1180, 1186 (D.C. Cir. 1993), cert. denied, 511 U.S. 1030 (1994).  The ADA

---

[7] The procedures set forth in Title VII have been incorporated into the Rehabilitation Act. See 29 U.S.C. § 794a(a)(1); Moreover, the applicability of the McDonnell Douglas burden-shifting framework, which was originally developed for actions brought under Title VII and is set forth in more detail below, to claims of disability discrimination under the Rehabilitation Act has been recognized in this Circuit.  See Barth v. Gelb, 2 F.3d 1180, 1186 (D.C. Cir. 1993); accord McGill v. Munoz, 203 F.3d 843, 845 (D.C. Cir. 2000); see also Evans v. Davis Memorial Goddwill Industries, 133 F.Supp.2d 24, 29 (D.D.C. 2000).  Furthermore, the same standards apply to both the American with Disabilities Act [ADA], 42 U.S.C. § 12201, et seq. and the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq. See 29 U.S.C. §791(g), §791(d): "The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the [ADA] and the provisions of sections 501 through 504, and 510, of the [ADA] as such sections relate to employment." Based on the interrelationship between these statutes and the applicable standards under each, this memorandum will interchangeably rely on cases interpreting both statutes in the employment context.

extends its protection only to a "qualified individual with a disability," "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); Aka, 156 F.3d at 1287-88. The regulations define "disability" as (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) the individual has a record of such impairment; or (3) the individual is regarded as having such an impairment. See 29 C.F.R. § 1614.203(a)(1).

In this case, Plaintiff's discrimination claims brought under the Rehabilitation Act must fail because Plaintiff cannot demonstrate that she is "disabled" within the meaning of the statute. Plaintiff alleges only that her employer *perceived* her as having a disability. Yet Plaintiff does not appear to allege, nor did she allege below, that she has been discriminated against on the basis of any specific disability recognized under the statute.[8] In fact, the only specific reference Plaintiff makes to any disability is when she emphatically asserts that she does not have a mental disability, and thus her security clearance should not have been revoked. See Compl. ¶¶ 70-76.

For these same reasons, Plaintiff has failed to state a claim for failure to accommodate an alleged disability. In addition to the fact that Plaintiff failed to allege that she is "disabled" within the meaning of the statute, she does not allege that she requested any specific accommodation from Defendant. Consequently, all of Plaintiff's claims brought under the Rehabilitation Act must fail. See, e.g., Scarborough v. Natsios, 190 F. Supp.2d 5, 19 (D.D.C. 2002).

---

[8] Plaintiff's administrative complaints failed to allege discrimination based on any other disability, including mental disability, and thus, regardless, Plaintiff failed to exhaust a claim of discrimination based on such disability.

23

### D.    Plaintiff Cannot Establish A Prima Facie Case Of Discrimination Or Retaliation.

Plaintiff cannot establish a prima facie case of discrimination based on her membership in any other protected class.  While Title VII plaintiffs do not need to set forth the prima facie case as to each count to survive a motion to dismiss for failure to state a claim, they must present facts that would establish the elements of each claim.  See Major v. Plumbers Local Union No. 5, 370 F.Supp.2d 118, 128-29 (D.D.C. 2005).  The Court may therefore assess the facts that the Plaintiff has alleged in the consolidated complaint and conclude that the types of allegations that Plaintiff makes here--even when assumed to be true--do not amount to legally cognizable claims.

The familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-805, 93 S. Ct. 1817, 1824-26  (1973), governs the analysis of Plaintiff's discrimination claims.  Cones v. Shalala, 99 F.3d 512, 516 (D.C. Cir. 2000) (applying McDonnell to Title VII claims); Hall v. Giant Food, Inc., 175 F.3d 1074, 1077-78 (D.C. Cir. 1999) (ADEA claims); Aka v. Washington Hosp. Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (disability claims).  Under this test, the plaintiff has the initial burden of proving by a preponderance of the evidence a "prima facie" case of discrimination.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093 (1981).  If the plaintiff is able to establish a prima facie case, the burden shifts to the defendant to produce credible evidence that its actions were taken for a legitimate, nondiscriminatory reason.  Id.  If the defendant meets this burden of production, the burden shifts back to the plaintiff to present evidence that the stated reason was pretextual.  Id.; see also Barnette v. Chertoff, 453 F.3d 513, 516 (D.C. Cir. 2006).  At all times, the plaintiff retains the ultimate burden of persuasion to demonstrate that he was in fact the victim of intentional discrimination.  Id.

To establish a *prima facie* case of disparate-treatment based on membership in a protected class, under Title VII, a plaintiff must show that: (1) she is a member of a protected class; and (2) she suffered an "adverse employment action" (3) under circumstances giving rise to an inference of discrimination.  See Stella v. Mineta, 284 F.3d 135, 144-45 (D.C. Cir. 2002) (citing McDonnell Douglas, 411 U.S. 792, 802 (1973); Harding v. Gray, 9 F.3d 150, 152 (D.C. Cir. 1993).  To establish a *prima facie* case of retaliation, a Plaintiff must demonstrate that (1) she engaged in a protected activity; (2) the employer took an action against plaintiff with material consequences such that it would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection exists between the action and the protected activity.  See Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006); see also Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405 (2006).  If plaintiff is able to establish a prima facie case of retaliation, then the Court should apply the familiar McDonnell Douglas analysis applicable to discrimination claims.  Id.

While Plaintiff alleges that she is a female, over the age of 40, and thus a member of a protected class based on sex and age, she cannot satisfy the second and third elements of the prima facie case standard for any of her claims.  Plaintiff fails to allege that she suffered an actionable adverse action.  Plaintiff's allegations consist essentially of a description of everyday interactions with supervisors and coworkers regarding work assignments and other work-related matters.  See Brown v. Brody, 199 F.3d at 456; Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002).  Additionally, even if any of Plaintiff's allegations constituted an adverse action, Plaintiff cannot meet the burden of proving that her sex or age had anything at all to do with any of her claims in this case.  See Miller v. Lyng, 660 F. Supp. at 1376.

25

Specifically, with regard to Plaintiff's allegations of discrimination based on her non-selection for a Physical Scientist position, GS-1301-14, Plaintiff's claims must fail. Although Plaintiff alleges that she applied on November 19, 2004 for the position, she states that the announcement was withdrawn. See McGrath Decl., Atts. 10, 11. Plaintiff complains that the announcement was later changed and re-issued, but that she was not informed of the change and not automatically considered for it. Id. A plaintiff cannot establish a prima facie case if there was no vacancy, the position at issue was never filled, or the plaintiff did not actually apply for the position. See, e.g., Stewart v. Ashcroft, 352 F.3d 422, 428 (D.C. Cir. 2003). Accordingly, any claim of discrimination based upon her non-selection should be dismissed.

To the extent Plaintiff is attempting to assert a claim of harassment or hostile work environment, Plaintiff's claims similarly fail. Plaintiff complains, inter alia, that supervisors made "disparaging comments," Compl. at ¶ 24, that her supervisor made distasteful jokes to another employee when Plaintiff was not around, Compl. at ¶ 25, and that co-workers and those junior to her "avoided cooperating or working with her," Compl. ¶ 29. In order to establish a prima facie case of hostile work environment (harassment), a plaintiff must offer evidence that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). The Supreme Court reemphasized in Faragher v. Boca Raton, 524 U.S. 775, 788 (1998), that the standards for finding a hostile work environment are "sufficiently demanding to ensure that Title VII does not become a 'general civility code'" and that the conduct must be so extreme as to amount to a change in the terms and conditions of employment.

26

Here, Plaintiff identifies certain discrete events in her Amended Complaint that do not create a continuous pattern, nor were they severe enough to meet the standards established by the United States Supreme Court. The consolidated complaint makes a number of allegations concerning her dissatisfaction with her job and dissatisfaction concerning interactions with her supervisors and coworkers. Considering all of Plaintiff's allegations, Plaintiff has failed to allege an actionable hostile environment. First, it does not appear that any of the alleged events were based on Plaintiff's membership in a protected class – that is based on the fact that she is a female over the age of 40. Plaintiff makes no allegation that she ever witnessed anyone making derogatory comments, or any comment specifically related to her sex or age. Second, none of the alleged events appear to be either severe enough or frequent enough to create a hostile work environment. Many of the alleged events are nothing more than normal day-to-day work place interaction and come nowhere close to demonstrating a hostile or abusive work environment. Because none of the alleged actions were so objectively severe, pervasive or offensive as to constitute a hostile work environment, Plaintiff's harassment claims should be dismissed.

Furthermore, Plaintiff fails to state a claim of retaliation under Title VII or the Rehabilitation Act. Under Title VII, an employer is prohibited from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this title, or because he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3. As noted above, the same rights, remedies, and procedures applicable in Title VII employment discrimination cases against federal defendants apply to cases brought under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. 29 U.S.C. § 794a(a)(1). The prohibition against reprisal under both statutes is

27

limited to matters within the scope of the statutes and is not a prohibition against reprisal in general.  See 42 U.S.C. §2000e-3(a).

As set forth above, a plaintiff must first demonstrate a prima facie case of retaliation.  See Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006); Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405 (2006).  If plaintiff is able to establish a prima facie case of retaliation, then the Court should apply the familiar McDonnell Douglas analysis applicable to discrimination claims.  Id.  Here, Plaintiff has failed to allege facts sufficient to legally support the causation element of a prima facie case of retaliation.  Plaintiff has conceded that she believes she was retaliated against for her criticism of a FSIS Continuity of Operations Plan (COOP) and chemical weapons (CSEPP) plan in 1999.  See Compl., Exh. A, Document No. 1.  That is, Plaintiff's alleged protected activity is not participation in the EEO process but opposing practices and policies within the office.  Id.  The opposition clause of Title VII does not protect against reprisal for opposing any management practice; rather, it permits only a cause of action for opposing "any practice made an unlawful employment practice" under Title VII.  See 42 U.S.C. § 2000e-3(a).   Therefore, Plaintiff cannot establish a connection between alleged discriminatory events and her EEO activity.

Even taking all of Plaintiff's allegations as true, Plaintiff fails to state a claim under Title VII, the ADEA, or the Rehabilitation Act, and the consolidated complaint should be dismissed.

## IV.    Plaintiff Altogether Fails to State Any Constitutional Claim Or Claim Related to Her Security Clearance.

Following all of Plaintiff's factual allegations, Plaintiff concludes the complaint by stating that Defendant violated her right to a security clearance and violated her Constitutional rights in unidentified ways.  See Compl. ¶¶ 111-116.  Yet Plaintiff failed to state any

recognizable claim under either the First, Fifth, or Sixth Amendment of the United States Constitution.  Plaintiff provides no detail concerning these claims, nor does she assert a specific right protected under the Constitution.  Accordingly, any such claim should be dismissed.[9]

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests dismissal of Plaintiff's amended consolidated complaint.

Dated: February 7, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/
RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

---

[9]  Moreover, the Court of Appeals has held that issues concerning security clearances are not actionable under the employment discrimination laws.  See, e.g., Bennett v. Chertoff, 425 F.3d 999 (D.C. Cir. 2005).

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **2400 Wynncrest Circle**
> **Apartment 10105**
> **Arlington, TX 76006-7017**

on this 7th  day of February, 2007.


 /s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530

30