UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS )<br><br>     Plaintiff, )<br><br>     v. )<br><br>MIKE JOHANNS, SECRETARY OF )<br>AGRICULTURE )<br><br>     Defendant. ) | Civil Action No.: 05-1507 (GK)<br>06-0255 (GK) (con) |

## DECLARATION OF KEVIN McGRATH

1.      I am a GS-0260-14, Supervisory Equal Employment Specialist for the Food

Safety and Inspection Service (FSIS), United States Department of Agriculture (USDA).

I have occupied this position since September 1998.

2.      My working title is: Chief, Complaints Management Branch, Civil Rights Division,

Office of Management, FSIS, USDA.  I am responsible for managing the staff that

coordinates the processing of formal complaints of discrimination and serves as the

focal point for Agency communications for complaint adjudication.

3.      Our records reflect that Ms. Linda Lewis, Plaintiff in this case, filed the following

complaints of discrimination with the Agency:

Agency Case No. FSIS-2005-050142

May 27, 2004 – Plaintiff contacted FSIS's Civil Rights Office regarding alleged inappropriate

handling of sensitive personal information, contending that her rights under the Privacy Act, the

Americans with Disabilities Act, and the Rehabilitation Act were violated.

Although the letter initiating an informal EEO complaint is dated May 14, 2004, Plaintiff faxed

and mailed a copy of the letter on May 27, 2004. See, Attachments (Atts.) 1 and 2.

June 2, 2004 – Plaintiff contacts an Agency EEO counselor. See, Att. 3.

November 14, 2004 – Plaintiff is informed of her Notice of Right to File a formal EEO

complaint. See, Att. 4.

December 17, 2004 – Plaintiff files a formal EEO complaint with the Department of

Agriculture's Civil Rights Office. See, Att. 5.

April 15, 2005 – The Department's Civil Rights Office issues a final Decision dismissing her

complaint for untimely counselor contact. See, Att. 6.


## Agency Case No. FSIS-2005-050274

**December 10, 2004** - Plaintiff makes Initial Contact with an Agency EEO Counselor

alleging the Agency discriminated against her on the bases of reprisal, gender (female),

age (54), and her perceived disability (not disclosed) when the Agency: gave her a

reprimand for late payments on her government credit card; denied her of equal

opportunity for advancement; subjected her to supervisory harassment and emotional

abuse; subjected her to supervisory biased expectations; engaged in spreading false

accusations that she has a disability; restricted her from communicating with superiors;

engaged in on-going criticism and degradation of her work; and placed her under the

direction of a male manager with a history of hostility toward her. See, Att. 7.

February 4, 2005 – Plaintiff is issued a Notice of Right to File a formal EEO Complaint.
See Att. 7.

February 18, 2005 – Plaintiff filed a formal complaint of discrimination alleging discrimination on the bases of sex (female), age (54). She cites issues regarding her performance appraisal, discipline, duties, hostile environment, and other (denied due process and opportunities for advancement. See, Att. 8.

April 22, 2005 – The Department's Office of Civil Rights issues Plaintiff a letter accepting her complaint. See, Att. 9.

October 14, 2005 – Plaintiff requested an EEOC Hearing, and the parties subsequently engaged in discovery.

February 13, 2006 – Plaintiff filed a complaint in U. S. District Court for the District of Columbia.


## Case No. FSIS-2005-00167

March 11, 2005 – Plaintiff initiated informal EEO Counseling in a letter dated March 8, 2005. She alleged discrimination on the bases of gender (female), age (54), perceived disability, and reprisal for prior EEO activity (See, Atts. 10 and Att.11), specifically citing her non-selection for a Physical Scientist position, GS-1301-14.

June 16, 2005 – Plaintiff is issued a Notice of Right to File a formal EEO Complaint. See, Att. 12.

July 2, 2005 – Plaintiff filed a formal complaint of discrimination, alleging discrimination on the basis of sex, disability, reprisal, and age regarding her non-selection,

performance appraisal, duties, discipline, training, hostile environment,

pay/compensation and other (OPF contains records that would create a falsely negative

impression of her work performance. <u>See</u>, Att. 13.

**February 13, 2006** – Plaintiff filed her complaint in U. S. District Court for the District of

Columbia.


I, Kevin McGrath, do hereby declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.


Executed on this 7th day of February 2007.

FEB – 7 2007

Kevin McGrath                                    Date
Complaints Management Branch
CRD, FSIS, USDA
5601 Sunnyside Avenue, Maildrop 5261
Beltsville, MD  20705-5261
Phone: 301-504-7755
Fax: 301-504-7746

ATT, 1

05/14/2004  13:56    282630  '0            STAPLE5218

May 14, 2004
8710 Wayshed Lane #302
Columbia, MD  21045

Dr. M. Steven Newbold, Director
USDA-FSIS-OM-CRD
Mail Drop 5261
Beltsville, MD  20705

BY MAIL AND BY FAX

Dear Mr. Newbold:

I hereby file a complaint regarding the possible violation of my civil rights on or
about March 30, 2004.  That afternoon, a file containing highly sensitive personnel
information regarding me, including documentation related to personnel actions and a
perceived disability, reportedly was discovered, abandoned, in an FSIS office with
no rationale basis to have or store such information.  On the following day, March
31, Ms. Tonia Malone brought the above file to the attention of Ms. Betty Barrett
and me.

Failure to properly control distribution of sensitive personnel and disability
information potentially violates the Privacy Act of 1974, the Americans with
Disabilities Act and the Rehabilitation Act of 1973, as amended.  The unauthorized
disclosure of such information, which included documents related to past incidents of
retaliation and discrimination, caused me embarrassment and aggravated emotional
wounds caused by earlier violations of my civil rights.

I request that you act as an agent of USDA to arrange for an investigation of the
above incident by the appropriate office and to ensure that my civil rights are
protected under all applicable federal laws.

Sincerely,


Linda M. Lewis
FSIS, OFSEP, Scientific and Technical Support Staff
Room 414, Aerospace Building
901 D Street
Washington, DC  20024
Cell phone:  (202) 607-7064


II-1

ATT. 2

June 30, 2004

Arthur Simmons, Jr.
EEO Counselor
FSIS Civil Rights Division
Office of Management
Food Safety and Inspection Service
U.S. Department of Agriculture

Dear Mr. Simmons:

Your June 16 letter gravely misreports the facts regarding my recent contact with the FSIS Civil Rights office. Furthermore, the errors consistently favor the Agency and yourself, to my detriment.

Your letter incorrectly stated that I first contacted your office on June 2 regarding the inappropriate handling of sensitive personal information. In fact, my letter to Dr. Steven Newbold was faxed to the FSIS Civil Rights office on May 27. The same day, I mailed a copy of the letter, by Federal Express, to the USDA Civil Rights office.

Your letter failed to acknowledge that I previously provided the information you requested to another representative of your office, Ms. Angela Kelly, or even to mention Ms. Kelly's involvement. Ms. Kelly later told me she discussed the complaint with my supervisors, and also concluded that the violation of my privacy rights was unintentional. Ms. Kelly refused to tell me what the supervisors actually said, or to provide any other information regarding the investigation except for her subjective interpretation. As it currently stands, FSIS Management knows everything about my complaint, while I am kept in the dark regarding Management's explanations.

By failing to include the following facts, your letter unfairly implied that I was uncooperative.

* I explained to you that my cell phone had been damaged at the government-operated security screening station at my office, and it was operating erratically, when it worked at all. Despite acknowledging responsibility, the government delayed for two months in responding to my claim. Thus, I was unable to reach you by cell phone.

* The contact number you provided me is a long distance number, for your home in North Carolina, where it appears you conduct business. I had not been informed of this when I tried to call you from a pay phone, which rejected my call without explanation. In any case, I had only enough change on hand for a local call. Thus, I was unable to reach you by pay phone.

* I informed you that our office walls are thin and conversations are easily overheard. Therefore, it was reasonable that I would not wish to discuss a matter involving sensitive personal information.

II-2

* At the time of your call, making the arrangement to call me at home on Friday, June 11, you already knew that it was a day of mourning for President Reagan. I arranged to be home to receive your call, but it did not come. Later, you said you didn't call because you had forgotten to take my telephone number with you.

* You said you would call me shortly after 7:30 pm on June 16, but an hour later, you still had not called, and I was informed that you had gone out. Just as I was preparing to hang up, you returned, and I informed you that I could not wait any longer because I had to leave to take care of an urgent matter. Thus, you knew that I would not likely be available at 9:00 pm. I did not become aware of your phone message, which I was not expecting, until the next day.

* You failed to tell me, previously, what your work hours are. In any, case, they nearly match my own, making it very difficult to make a private call.

* You failed to note that I have responded promptly to your email messages.

FSIS Civil Rights has made it unnecessarily difficult and expensive for me to engage in an interview. In the past, counseling was available through an office located within walking distance of USDA headquarters, and local phone numbers were available, also, for employees to talk with counselors. But, current FSIS practices present needless barriers to employees seeking to have their civil rights protected.
Because you fail to call me when promised, the only option is for me to call you. Thus, I am forced to pay long-distance charges or give up any expectation of privacy. Because it is impractical to carry around the amount of change needed for a long-distance call, I must make calls from my home. Because your duty hours nearly match my own, I would have to request vacation leave in order to call you from home. Because our office is sometimes busy with urgent homeland security projects, leave requests are not always granted.

Your expectation of a five-day turnaround in responding to your letter was particularly inconvenient, because it arrived on the same weekend as my move. Also, it forces me to foot the considerable cost of sending the requested 7 pages of attachments (plus cover letter) by long-distance fax or overnight mail, else risk further invasion of privacy by using the fax at work.

I had hoped that USDA/FSIS handling of civil rights complaints had improved over my previous experience, when the Agency lost my paperwork, ignored my witnesses, and denied basic due process. Apparently, it has not.

Signed,

*Linda M. Lewis*

Linda M. Lewis

New Contact Information
.8811 Colesville Road, Apartment 210
Silver Spring, MD 20910
Cellphone (202) 210-8539

Simmons, June 30, 2004            *II-3*

2

ATT. 3

# United States Department of Agriculture
# Food Safety and Inspection Service
### 14ᵗʰ & Independence Ave., S. W., Washington, D.C. 20250
## EEO Counselor Report
### 29 C.F.R. § 1614.105

## I. CASE INFORMATION

Formal Case No.   050142

Informal Case No. FSIS-03275-2004

Individual Complaint ☒   or   Class Compliant ☐

Anonymity: Yes ☐  No ☒  - Complaint Process: ADR ☐  or Counseling ☒

### A. AGGRIEVED PERSON

| | |
|---|---|
| Name: | Linda M. Lewis |
| Job Title/Series/Grade: | Program Analysis, GS-0343-13/00 |
| Place of Employment: | Washington, DC |
| Work Phone No: | (202) 690-8539 |
| Home Phone No: | (202) 210-8539 |
| Home Address: | 8811 Colesville Road, #210 <br> Silver Spring, MD 20910-4328 |
| Representative Name: | None |
| Representative Phone No: | (   )   - |

### B. CHRONOLOGY OF EEO COUNSELING

Date of Initial Contact: ----------------------------------------Wednesday, June 02, 2004
Date of Initial Interview:----------------------------------------Tuesday, June 08, 2004
Date of Alleged Discriminatory Event: --------------------- Tuesday, March 30, 2004
45th Day after Event: ----------------------------------------------Friday, May 14, 2004
Date of NRF Issuance---------------------------------------- Thursday, November 04, 2004
Date Aggrieved received NRF ------------------------------- Sunday, November 14, 2004
Date Counseling Report Requested:-------------------------- Monday, December 27, 2004
Date Counseling Report Submitted:-------------------------- Tuesday, January 11, 2005

## C. BASIS(ES) FOR ALLEGED DISCRIMINATION

1) ☐ Race (Specify)
2) ☐ Color (Specify)
3) ☐ National Origin (Specify)
4) ☐ Sex (Specify)
5) ☐ Age (Date of Birth)
6) ☒ Mental Disability (Specify) perceive disability as identified by management
7) ☐ Physical Disability (Specify)
8) ☐ Religion (Specify)
9) ☒ Reprisal (Event and Date) Filed a minimum of 5 other EEO complaints
10) ☐ Other/Executive Order (Specify)
11) ☐ Other/USDA Policy (Specify)

### D.    PRECISE DESCRIPTION OF THE CLAIM(S) COUNSELED – CHRONOLOGY OF EVENTS

**Claim(s)**:

FSIS management failed to properly control distribution of highly sensitive personnel and disability information, including documentation related to personnel actions and a perceived disability of the Aggrieved. Personnel file was discovered abandoned in an FSIS office, violating the Privacy Act of 1974, the Americans with Disabilities Act and Rehabilitation Act of 1973, as amended.

### E.    REMEDY REQUESTED

**The Aggrieved wants assurance from management that personnel records and sensitive documents are properly secured and made available only to persons with a need to know.**

### F.    EEO COUNSELOR'S CHECKLIST – The counselor advised the aggrieved person in writing of his/her rights and responsibilities. (See attached Counselor Checklist – Assignment Letter & Written Notification of Rights and Responsibilities)

## II. SUMMARY OF INFORMAL RESOLUTION ATTEMPT *(Including Chronology of Events; Interviews with Complainant, Management Officials, Witnesses, and others)*

### A.    IF THE COUNSELOR ATTEMPTED RESOLUTION – TRADITIONAL EEO COUNSELING PROCESS

1. **Chronology of Events**:

On March 30, 2004, a file containing highly sensitive personnel information regarding
the Aggrieved, reportedly was discovered, abandoned in an FSIS office.

The following day, March 31, 2004, Ms Tonia M. Malone, GS-0318-05, Secretary, OA,
gave the file to the Aggrieved.

The Aggrieved wrote to Dr. Steven Newbold, Director, Civil Rights Division, and
complained that information regarding her, including documentation related to personnel
actions and a perceived disability, reportedly was discovered abandoned, in an office with
no rational basis to have or store such information. She requested he conduct an
investigation of the incident to ensure that her civil rights are protected under applicable
laws.

2. **Personal Contacts/Interview with Complainant; Management Officials and
   Witnesses.** *(Include phone number, address, email and other contact
   information).*

   **MANAGEMENT OFFICIAL(S):**

   - NAME/TITLE: Lori A. Thomas, GS-0301/15, Director, Scientific &
     Technical Support Staff.
     Address: FSIS, Scientific & Technical Support Staff
     Room 414, Aerospace Building, 901 D Street
     Washington, DC 20024
     Phone:   202 690-6438 (wk)
     E-mail:  lori.thomas@fsis.usda.gov

   - NAME/TITLE: Arthur (Charlie) Danner, Jr., GM-0343/1500, Program
     Manager, FO.
     Address: Congressional Quarterly dDrive
     1255 22nd Street, NW
     Washington, DC 20050
     Phone:   (202) 418-8898
     E-mail:  charlie.danner@fsis.usda.gov

   WITNESS(S):

   - NAME/TITLE: Tonia M. Malone, GS-0318-05, Secretary, OA
     Address: FSIS, Scientific & Technical Support Staff
     Room 405, Aerospace Building, 901 D Street
     Washington, DC 20024
     Phone:
     E-mail:  tonia.malone@fsis.usda.gov

4. **Summary of Informal Resolution Attempt**

The Aggrieved said she wanted assurance that this type situation did not happen to other employees. She also expressed a desire to talk to Ms. Thomas about assisting her with developmental classes.

This proposal was discussed with Ms. Thomas and she agreed to meet with the Aggrieved in a mediation session to explore areas they can mutually work together for the benefit of the agency and themselves. The dispute was referred to CRD to setup the mediation session.

**B.    IF AGGRIEVED OPTED FOR ADR, COUNSELOR'S STATEMENT THAT THE ADR PROCESS WAS FULLY EXPLAINED TO THE AGGRIEVED INDIVIDUAL/SUMMARY OF INFORMATION GIVEN TO THE AGGRIEVED INDIVIDUAL AND THE AGENCY BY THE COUNSELOR:**

The ADR process was explained to the Aggrieved with the understanding that the initial effort involved traditional counseling. This was to gather information to assist the Aggrieved with understanding why the file had been placed in an unsecured area.

During the period mediation was being coordinated, something happened and the Aggrieved declined to participate in mediation. As required, the Aggrieved was issued the Notice of Right to File (NRF).

**C.    COUNSELOR INFORMATION**

Name: Arthur Simmons Jr.

Telephone No: (919) 844-8400

Fax No: (919) 258-3128

E-mail Address: arthur.simmons@fsis.usda.gov

Signature: *Arthur Simmons, Jr.*          Date: 1/12/2005

Enclosures (4)

CC: Ms. Linda M. Lowie

ATT. 4

Linda Lewis
8710 Hayshed Lane
Columbia, MD 21045

November 14, 2004

Dear Ms. Lewis,

On Wednesday, June 2, 2004, you contacted the Food Safety and Inspection Service (FSIS) Civil Rights Division (CRD) and initiated an informal EEO complaint. We discussed your claim(s) in our initial interview on Tuesday, June 8, 2004 at which time you alleged you had been discriminated against in your employment by FSIS. You stated some sensitive documents relating to you had been left in an unsecured area. You said an administrative specialist found the personal documents and gave them to you.

You contend that failure of the agency to properly control distribution of sensitive personnel and disability information potentially violates the Privacy Act, the Americans with disabilities Act and the Rehabilitation Act, as amended. Further, you said disclosure of these documents released information that related to past incidents of retaliation and discrimination that caused you embarrassment and aggravated emotional wounds caused by earlier violations of your civil rights.

I have completed Pre-complaint counseling of the issues you allege in your complaint and could not obtain your requested remedy. You now have the right to file a formal complaint with the U.S. Department of Agriculture within 15 calendar days from receipt of this letter.

If you elect to file a formal complaint and it is accepted, it must be written, have your signature, and list only the issue(s) listed above that was discussed during the informal counseling stage. I have enclosed the form AD-1034 (Complaint form) for your convenience. Your complaint must be filed with the office listed below:

> USDA/Office of Civil Rights/Enforcement Complaints Division
> 14th Street & Independence Avenue, SW., Stop 9440
> Washington, DC 20250-9817

Should you file a formal complaint, you will be notified by the above named office acknowledging receipt of the complaint and assignment of an investigator, if you complaint is accepted for processing under 29 CFR, Part 1614.

Thank you for your cooperation

Sincerely,

Arthur Simmons, Jr., EEO Counselor/Mediator

Enclosure

III - 1

ATT. 5

Received Fax :        Dec 27 2004 3:58PM    Fax Station :   FSIS CIVIL RIGHS DIVISION            P. 4

DEC. -27' 04 (MON) 15:55    USDAOCR:ECD            TEL:2026903972        P. 004

USDACR050142

**United States Department of Agriculture     Complaint of Employment Discrimination**

**1. Name** (First)    (MI)    (Last)

☐ Mr.    ☒ USDA Employee    ☐ USDA Applicant

☒ Ms.  **LINDA M. LEWIS**

**2. Address** 8811 COLESVILLE RD #210

(Street)    SILVER SPRING  MD  20910

(City)    (State)    (Zip)

**3. Telephone Number** Work 202-690-8526

COMM

Home (202) 210-8539

**4. Name of Agency Which You Believe Discriminated Against You**

USDA FOOD SAFETY & INSPECTION SERVICE

WASHINGTON    DC    20024

(City)    (State)    (Zip)

**5. Basis of Discrimination** (Check all that apply and specify your type.)

☐ Race                    ☒ Handicap

☐ Color                   ☐ Sexual Harassment

☐ Religion                ☒ Reprisal

☐ National Origin         ☒ Age (over 40)

☒ Sex                     ☐ Marital Status

**6. Issue(s)** (Put date and time. Provide details on (reverse side).)

☐ Selection              ☒ Working Conditions

☐ Promotion              ☐ Discipline

☐ Performance Appraisal  ☐ Reassignment

☐ Duties                 ☒ Other

**7. Representative, if any**

(Telephone Number)

(Street)    (City)    (State)    (Zip)

**8. Name of EEO Counselor Contacted**   ARTHUR SIMMONS

**9. Requested Corrective Action**

WILLING TO DISCUSS.

**10. Signature** Linda M. Lewis

**Date** Dec. 17, 2004
(Month)    (Day)    (Year)



ATT, 6

APR. -25' 05 (MON) 10:52    USDAOCR ECD    TEL:2026903972    P. 002



APR 1 5 2005

United States
Department of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

# DEPARTMENT OF AGRICULTURE
## OFFICE OF CIVIL RIGHTS

### EMPLOYMENT COMPLAINT FINAL AGENCY DECISION

**Complainant:**     Linda M. Lewis

**Complaint No.:**   050142

**Agency:**          Food Safety and Inspection Service

**Issue:**           Failure to protect confidential information; failure to provide developmental opportunities

**Bases:**           Sex (Female), age (unspecified), mental disability (perceived by management) and reprisal (prior EEO complaints)

### DECISION

This complaint is dismissed in its entirety pursuant to the Equal Employment Opportunity Commission (EEOC) regulations, 29 C.F.R. §1614.105(a)(1),(2) and 29 C.F.R. 1614.107(a)(2). Accordingly, no corrective action or relief of any kind is required.

### STATEMENT OF FACTS

The complainant initially contacted the Food Safety and Inspection Service's (FSIS) Civil Rights Division Director on May 27, 2004. The complainant was initially interviewed on June 8, 2004, on which date the complainant alleged that the agency, on March 30, 2004, failed to properly control distribution of her highly sensitive personnel and disability information. Specifically, the complainant alleged that an employee found her highly sensitive personnel and disability information unattended in an FSIS office. The complainant also alleged denial of the opportunity to develop skills conducive to advancement and denial of other opportunities. Following an informal inquiry, a Notice of Right to File (NRF) a formal EEO complaint was issued on November 14, 2004. The complainant signed certified mail receipt number 7004 1350 0001 4548 4462, for the NRF, on December 4, 2004. Thereafter, on December 17, 2004, the complainant signed, dated and mailed the formal complaint, as indicated by the postmark.

### ANALYSIS AND FINDINGS

A key concept in civil rights regulations, as set forth in 29 C.F.R. §1614.105(a)(1), is the requirement that a complainant raise concerns about employment conditions or decisions in a timely manner. Specifically, 29 C.F.R. §1614.105(a)(1) states that an aggrieved person *must* initiate contact with an EEO Counselor within forty-five (45) days of the

APR. -25' 05 (MON) 10:52    USDAOCR:ECD                        TEL:2026903972        P. 003
Case 1:05-cv-01507-GK    Document 38-2    Filed 02/07/2007    Page 21 of 66

2

date of the matter alleged to be discriminatory or in the case of a personnel action within forty-five (45) days of the effective date of the action. This permits the agency to quickly address problems before liabilities accrue, and while investigation of the facts may be accomplished. After the passage of time, documents may be destroyed, witnesses may retire or die, and memories may fade. Furthermore, 29 C.F.R. §1614.107(a)(2) indicates that an agency *shall* dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits.

Finally, under 29 C.F.R. §1614.105(a)(2), an agency shall extend the forty-five (45) day time limit when the employee shows that she was not notified of the time limit, was not otherwise aware of it, or there existed circumstances beyond the complainant's control that prevented timely contact with an EEO Counselor.

The complainant initially contacted the FSIS Civil Rights Division Director on May 27, 2004, concerning the agency's alleged failure to properly control distribution of her highly sensitive personnel and disability information on March 30, 2004, when it left the said information unattended in an FSIS office, to be subsequently discovered by another employee.

The forty-fifth (45th) day after March 30, 2004, was May 14, 2004. Therefore, the complainant should have brought this claim to the attention of an EEO Counselor not later than May 14, 2004. Moreover, the complainant, who is aware of the forty-five (45) day time limit, having previously brought at least five EEO complaints, provided no justification for extending the forty-five (45) day time limit. Consequently, pursuant to 29 C.F.R. § 1614.107(a)(2), we are dismissing this complaint for untimely counselor contact, and no corrective action or relief of any kind is required.

## CONCLUSION

For the reasons set forth above, this complaint is dismissed.

This is the final decision of the USDA on the cited complaint. A copy of the complainant's Appeal Rights are attached.

_____                    APR 1 5 2005
Sadhna G. True                                      Date
Director
Office of Civil Rights

Attachment

# DEPARTMENT OF AGRICULTURE
## OFFICE OF CIVIL RIGHTS
### Complaint of Employment Discrimination

**Complainant:**          Linda M. Lewis

**Complaint No:**         050142

**Agency:**               Food Safety and Inspection Service

### Certificate of Service

I certify that the documents listed were sent on this date by certified mail (unless otherwise specified) to:

**Complainant:**                    Linda M. Lewis
                                    8811 Colesville Road, #210
                                    Silver Spring, Maryland 20910-4128

**Complainant's Representative:**   None

**Agency Head:**                    Barbara Masters (interoffice mail)
                                    Acting Administrator, FSIS
                                    Room 331-E

**Agency Liaison:**                 Dr. H. Steven L. Newbold, II
                                    Food Safety and Inspection Service
                                    Civil Rights Director
                                    5601 Sunnyside Avenue, Mail Drop: 5261
                                    Beltsville, Maryland 20705

Enclosures: Final Decision dated   APR 15 2005
            EEOC Form 573 (to the complainant and representative only)

                                                    APR 15 2005

     7003 0500 0003 8755 3817      Date_____

APR. ~25' 05 (MON} 10:53     USDAOCR:ECD                    TEL:2020903972      P. 005

## APPEAL RIGHTS

## APPEAL TO THE EEOC

A Notice of Appeal may be filed with the EEOC within thirty (30) calendar days after receipt of this final decision. EEOC Form 573, Notice of Appeal/Petition, should be used to file the appeal. Also, what is being appealed should be indicated on the form. A copy of EEOC Form 573 is provided with this decision. Such notice should be addressed to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

As an alternative to mailing, your appeal may be hand-delivered to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**1801 L Street, N.W.**
**Washington, D.C. 20507**

As an alternative, you may also send your appeal by fax to the Office of Federal Operations at (202) 663-7022.

If there is an attorney of record, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of receipt of this decision by the attorney. In all other cases, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of your receipt of this decision.

The appeal shall be deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by the EEOC.

At the same time information is provided to the EEOC (to include a copy of the Notice of Appeal and any submissions in support of the appeal), there must be a service certification that a copy of the submission has been submitted to the USDA, Office of Civil Rights, Employment Complaints Division and the date and method of service. A copy of the appeal and any submissions in support thereof shall be forwarded to the agency at the following address:

**U.S. Department of Agriculture**
**Office of Civil Rights**
**Employment Complaints Division**
**1400 Independence Avenue, S.W.**
**Washington, DC 20250-9440**

Please note that, if your appeal is not filed within the thirty (30) calendar day time limit, the appeal may be dismissed by the EEOC. However, the EEOC may, at its discretion, extend the time limits and accept the appeal based upon a written statement that there was no actual notification of the time limit, or that a timely Notice of Appeal could not be filed, due to extenuating circumstances.

Any statement or brief in support of your appeal must be submitted to the EEOC within thirty (30) calendar days of filing the Notice of Appeal. The EEOC, Office of Federal Operations accepts statements or briefs in support of appeals by facsimile transmittal, provided that they are no more than ten (10) pages long.

Any statement or brief by the USDA in opposition to your appeal must be submitted to the EEOC and served on you (or your attorney of record, if represented by an attorney) within thirty (30) calendar days of receipt of the statement or brief supporting the appeal, or if no statement or brief supporting the appeal has been filed, within sixty (60) calendar days of receipt of the appeal.

It is the responsibility of USDA to submit the entire complaint file to the EEOC, Office of Federal Operations, within thirty (30) calendar days of initial notification that an appeal has been filed.

## CIVIL ACTION IN FEDERAL DISTRICT COURT

You also have the right to file a civil action in an appropriate United States District Court. If you choose to file a civil action, you may do so:

1. within ninety (90) days of receipt of this final decision if no appeal has been filed; or

2. within ninety (90) days after receipt of the EEOC's final decision on appeal; or

3. after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

You must name the person who is the official agency head or department head as the defendant. Agency or department means the national organization, and not just the local office, facility, or department in which you might work. Do not name just the agency or department. You must also state the official title of the agency head or department head. In your case, you must name **Mike Johanns, Secretary of Agriculture**, as the defendant. Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

If you decide to file a civil action, under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time for filing a civil action. Both the request and civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date you receive the final decision by USDA or an EEOC's decision on appeal.

Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in the dismissal of your civil action. Filing a civil action under 29 C.F.R. §1614.407 or §1614.408 shall terminate processing an appeal before the EEOC. If a civil action is filed after an appeal is filed with the EEOC, the parties are requested to notify the EEOC in writing.

# NOTICE OF APPEAL/PETITION

## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### OFFICE OF FEDERAL OPERATIONS

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___Yes; Date Received _____ (Remember to attach a copy) ___No ___This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___No ___Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___No ___Yes (Attach a copy of the civil action filed) |

NOTICE: Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

ATT, 7

# United States Department of Agriculture
# Food Safety and Inspection Service
14th & Independence Ave., S. W., Washington, D.C. 20250

## EEO Counselor Report
### 29 C.F.R. § 1614.105

## I. CASE INFORMATION

Formal Case No.   050274

Informal Case No. FSIS-03392-2005

Individual Complaint ☒   or   Class Compliant ☐

Anonymity: Yes ☐ No ☒ - Complaint Process: ADR ☐ or Counseling ☒

### A. AGGRIEVED PERSON

| | |
|---|---|
| Name: | Linda M. Lewis |
| Job Title/Series/Grade: | Program Analyst/GS/0343/13/00 |
| Place of Employment: | USDA-FSIS-OFSEP-EPS, Rm 414, Mail Stop 3793, 3rd Floor, 901 D Street, SW, Washington, DC  20024 |
| Work Phone No: | (202) 690-6526 |
| Home Phone No: | (301) 585-9261 |
| Home Address: | 8811 Colesville Rd APT 210 Silver Spring, MD, 20910 |
| Representative Name: | N/A |

### B. CHRONOLOGY OF EEO COUNSELING

Date of Initial Contact: ----------------------------------------------Friday, December 10, 2004
Date of Initial Interview: ------------------------------------------ Monday, December 20, 2004
Date of Alleged Discriminatory Event:--------------------------Tuesday, October 26, 2004
45th Day after Event: ----------------------------------------------Friday, December 10, 2004
Date of NRF Issuance----------------------------------------------- Friday, February 04, 2005
Date Aggrieved received NRF     Did not receive certified mail confirmation receipt from
                                             aggrieved.
Date Counseling Report Requested: ------------------------------ Friday, February 25, 2005
Date Counseling Report Submitted: --------------------------------- Friday, March 25, 2005

## C. BASIS(ES) FOR ALLEGED DISCRIMINATION

1) ☐ Race (Specify)
2) ☐ Color (Specify)
3) ☐ National Origin (Specify)
4) ☒ Sex (Specify) Female
5) ☒ Age (Date of Birth) 04/02/50
6) ☐ Mental Disability (Specify)
7) ☒ Physical Disability (Specify) Perceived Disability
8) ☐ Religion (Specify)
9) ☒ Reprisal (Event and Date) Aggrieved has numerous formal and informal
                                       complaints dating back to 1997, the most recent activities
                                       are Formal Case #00187 Harassment Non-Sexual, Formal
                                       Case #990200, Disciplinary Action Reprimand, Formal
                                       Case #980986, Disciplinary Action Reprimand and Formal
                                       Case #980005,Harassment Non-Sexual
10) ☐ Other/Executive Order (Specify)
11) ☐ Other/USDA Policy (Specify)

## D.     PRECISE DESCRIPTION OF THE CLAIM(S) COUNSELED - CHRONOLOGY OF EVENTS

Claim(s):

    1.  Unfairly disciplined

    2.  Denied equal opportunity for advancement

    3.  Subjected to emotional abuse

    4.  Subjected to biased expectations

    5.  Hostile work environment

## E.     REMEDY REQUESTED

Participate in a one year detail outside of FSIS. Request FSIS pay her salary during the one year detail.

Reassignment to comparable position outside of FSIS

F.    **EEO COUNSELOR'S CHECKLIST** - The counselor advised the aggrieved person in writing of his/her rights and responsibilities.

*Aggrieved did not return the Counselor Checklist - Assignment Letter & Written Notification of Rights and Responsibilities. The aggrieved did fax a copy of the "Extension-EEO Counseling." See attached*

**II. SUMMARY OF INFORMAL RESOLUTION ATTEMPT** *(Including Chronology of Events; Interviews with Complainant, Management Officials, Witnesses, and others)*

A.    **IF THE COUNSELOR ATTEMPTED RESOLUTION – TRADITIONAL EEO COUNSELING PROCESS**

1.  **Chronology of Events:**

| | |
|---|---|
| 12/10/2004 | Aggrieved filed her EEO complaint via fax to the Food Safety and Inspection Service (FSIS), Civil Rights Division (CRD). Complaint was assigned to an EEO counselor on 12/15/2004 |
| 12/15/2004 | Attempted to contact the aggrieved via e-mail and requested initial face-to-face counseling interview. Email response received from aggrieved on 12/17/2004 requesting a telephonic interview. |
| 12/20/2004 | Conducted initial telephonic interview with aggrieved and discussed "Rights and Responsibilities," "Designation of Representative" form, "Request to Participate in ADR" form, and "Request for Extension to Counseling" form. Provided detailed overview of ADR. Aggrieved declined to participate in ADR during the initial interview. |
| 12/30/2004 | Forwarded the aggrieved her initial interview documents, "Rights and Responsibilities," "Designation of Representative" form, "Request to Participate in ADR" form, and "Request for Extension to Counseling" form. via certified mail. Aggrieved signed for the documents on 1/8/2005 |
| 01/07/2005 | Conducted initial telephonic interview with Responding Management Official (Ms. Suzanne Rigby, Director Emergency Preparedness Staff). |
| 02/04/2005 | Conducted initial telephonic interview with Resolving Management Official (Dr. Perfecto Santiago, Deputy Assistant Administrator for Food Security and Emergency Preparedness). |
| 02/04/2005 | Contacted Labor and Employee Relations (LERD) regarding the Letter of Reprimand the aggrieved received for delinquent Government Travel Charge Card bills. |
| 02/04/2005 | Concluded informal counseling with aggrieved and forwarded her "Notice of Right to File" documents. |

03/04/2005    Responded to Resolving Official's request for information regarding the
issues and bases on the aggrieved's EEO Complaint and request to
participate in ADR.

2. **Personal Contacts/Interview with Complainant; Management Officials and
Witnesses.** *(Include phone number, address, email and other contact
information).*

**Interview with Complainant**

Between 12/15/2004 and 2/4/2005, I communicated with Ms. Lewis numerous
times via telephonic interviews and email transmissions. Ms. Lewis stated the
agency discriminated against her on the bases of reprisal, gender/female,
age/54, and her perceived disability (did not disclose the disability).

Ms. Lewis stated she received a letter of reprimand issued by FSIS LERD on
10/26/2004 for late government credit card payments. She stated she feels the
letter was issued without her being given the due process described in
government regulations. She stated the method of presenting notice to her was
unnecessarily hurtful. Ms. Lewis further stated the level of penalty assessed
was also discriminatory.

Ms. Lewis said she has been denied equal opportunity for advancement to the
next higher grade of GS-14. She said she was excluded from significant work
related activities and communications involving senior staff in OFSEP and
elsewhere in the agency. Ms. Lewis stated male employees within her office
do not have this problem. She further stated female employees on the staff that
do not have a history of EEO activity, are also included in communication with
senior staff members and significant projects in the office.

Ms. Lewis explained that she was subjected to emotional abuse by OFSEP
management. She mentioned that shortly after she received an "outstanding"
performance appraisal from her supervisor, Ms. Rigby, for FY 2004, a senior
OFSEP official told her that she could not expect to receive a rating that high
in the future. Ms. Lewis said she did not understand how the manager could
know in advance how well an employee will perform in the coming year. She
stated that his comments demonstrated his biases against her.

Ms. Lewis said she was subjected to biased expectations by her supervisor.
She stated that the nature of her assignments demonstrated a bias for her male
coworkers. She explained that her male co-workers received assignments that
are more advantageous to a career or more desirable than her assignments. She
stated she does not receive work comparable to her grade. She further
explained that when she excelled with a particular project, the project would be
taken away from her and given to a junior male employee to present to senior

FSIS officials.   She stated that she considered this a career enhancing opportunity for junior grade males, while she received no advancement credit.

Ms. Lewis stated that she experienced a hostile work environment in her office. She could not provide a specific date. She stated that several employees who engaged in EEO activities involving sexual harassment and other discriminatory actions against the Agency were forced out through a series of reportedly abusive actions by OFSEP management. Ms. Lewis did not provide specifics regarding her allegations. She stated she feared the agency would harass her because she also has a history of EEO related actions. She stated she feared she would receive worse treatment, because of her EEO activities which include whistleblower activities. She further stated it has been her understanding that female whistleblowers appear to suffer worse whistleblower reprisal than males. She stated that OFSEP management has indicated that it plans to include her in such treatment by attempting to place her under the direction of a male employee with a history of hostility toward her.

Ms. Lewis stated that OFSEP management reportedly has plans to promote her male coworker (Ronald Graham) from GS-13 to GS-14. She stated the employee has a history of retaliation against her. She said Mr. Graham recently received a back door promotion from GS-12 to GS-13 by personnel through a position assessment plan. Ms. Lewis stated that, to her knowledge, there was no evidence that Personnel assessed any other positions in her office. She further stated that Mr. Graham has the authority to communicate his concerns to all levels of OFSEP management, whereas she was told that she is restricted to communicating with her immediate supervisor. She stated that this is a disadvantage to her when OFSEP management receives erroneous information about her from Mr. Graham. She stated that was not able to correct the problem, except through her supervisor, Suzanne Rigby. She said that Ms. Rigby was reluctant to hear her input and repeatedly cut her off when she spoke and often made her speak after male employees.

Ms. Lewis stated that after "promoting" Mr. Graham to GS-13, OFSEP management designated him and another male staffer to serve as "Acting Director" of the Emergency Preparedness Staff in the absence of Suzanne Rigby. She stated she was not offered such responsibility although she has far more experience as a GS-13 than her male counterparts. She stated that when she complained about being excluded, OFSEP management Dr. Santiago told her that in the future only GS-14 and above employees would be tasked as Acting Director. Ms. Lewis said she felt that fits a longstanding pattern of discrimination and reprisal against her. She said each time a situation arises where she is the best qualified candidate for a desirable position or activity, the rules are changed or ignored so that she is excluded.

I asked Ms. Lewis had she considered remedies to settle her issues. She stated she wanted to be reassigned to a staff that could use her skills and respect her qualities. She stated she would consider a one year detail to a organization outside FSIS, if FSIS funded the detail. I asked Ms. Lewis would she consider

meeting with management and a neutral party to address her concerns and seek resolution. She stated she was not interested in ADR. She stated, the agency has authority to provide her the detail and she would only consider that as a resolution. I told Ms Lewis I would address her concerns and request for remedy with management and get back with her.

I presented Ms. Lewis' concerns and request for remedy to management. Management declined her request for a one year detail to an outside agency.

<u>Interview with Suzanne S. Rigby, Executive Associate, Director Emergency Preparedness Staff, 1400 Independence Ave., SW, Room 3130-S, Washington, DC 20250, SuzanneRigby@fsis.usda.gov, (202) 720-5643</u>

01/07/2005 I contacted Ms. Rigby regarding the allegations of discrimination regarding Ms Lewis. I explained my role as an EEO Counselor and my goal to attempt resolution at the lowest level. I explained Ms Lewis' concerns and her basis for allegations to Ms. Rigby.

Ms. Rigby stated that she was somewhat new to the staff but did not concur with the allegations of discriminations alleged by Ms. Lewis. She stated she was aware that Ms Lewis was upset when she received the letter of reprimand for the delinquent Government Travel card. She stated she tried to explain the situation to Ms. Lewis but she would not listen. She stated Ms. Lewis believed that she received the reprimand without due process. She stated she heard that Ms. Lewis had been delinquent on her charge card more than 3 times. Ms. Rigby stated that she explained the memorandum provided by the FSIS Administrator along with other regulatory guidelines on misuse and delinquency. She stated Ms. Lewis just refused to listen.

I asked Ms. Rigby about Ms. Lewis' assignment concerns. She stated Ms. Lewis' assignments do not require her interaction with senior management. She stated that only project leads were required to brief senior managers. Ms Rigby further stated Ms. Lewis' past performance did not demonstrate her ability to be a project lead. She stated that she was trying to find assignments that she could do that would give her more exposure with management. Ms. Rigby stated she had to reprimand Ms Lewis on 1/6/2005 for making a bad decision. Ms Rigby stated Ms Lewis called Senators and other senior officials and almost caused an embarrassment to the agency.

Ms Rigby stated that she has tried to reach out to help Ms Lewis on numerous occasions. I asked Ms Rigby about the allegations of reprisal for previous EEO activity. Ms Rigby stated she was not familiar with Ms. Lewis' previous allegations of discrimination. She stated that Ms. Lewis seems to feel that everyone is out to do her wrong. She stated she did not understand her feeling that way.

Ms Rigby stated that Ms Lewis was scheduled to be reassigned to a different division within OFSEP on 02/15/2005. She stated that she felt bad about the reassignment because they are transferring a problem for someone else to deal with.

I asked Ms Rigby would she consider sitting down with Ms. Lewis to discuss her concerns and the allegations she presented. She stated she would be willing to hear the concerns of Ms Lewis. I mentioned that Ms. Lewis has requested a one-year detail to a staff outside of FSIS. Ms Rigby stated that she discussed a possible detail with Ms Lewis previously and suggested that she should search for opportunities. She further stated that she told Ms. Lewis that the agency could not authorize funding to pay her salary for a one-year detail. I told Ms. Rigby I would discuss the concerns that I presented to her with Dr. Santiago, Deputy Assistant Administrator, FSIS/OFSEP. She stated she understood.

**Interview with Perfecto Santiago, Deputy Assistant Administator, FSIS/OFSEP, 1400 Independence Ave., SW, Room 3130-S, Washington, DC, Perfecto.Santiago@fsis.usda.gov, (202) 205-0452**

02/04/2005 I contacted Dr. Santiago regarding Ms. Lewis' allegations of discrimination. I explained my role as an EEO Counselor and my goal to attempt resolution at the lowest level. I explained Ms Lewis' concerns and basis for the allegations to Dr. Santiago.

Dr. Santiago explained that he was not familiar with the allegations and did not work directly with Ms Lewis. He stated that he would prefer sitting down with the aggrieved in an ADR setting and listen to her concerns to attempt resolution. I told Dr. Santiago that Ms Lewis declined ADR but I would relay his comments to her. I told Dr. Santiago that Ms. Lewis requested a one-year detail with an outside agency to settle her complaint. I told him that she wanted FSIS to fund her salary for the one-year detail. He stated he could not honor the request but would review other options for resolution. I told him that I would share his comments with Ms. Lewis.

3. **Summary of Informal Resolution Attempt**

I interviewed the aggrieved and management telephonically sharing information between the parties. I was unable to obtain resolution in the informal process. The aggrieved was unwilling to attempt resolution of her complaint via ADR.

B.   **IF AGGRIEVED OPTED FOR ADR, COUNSELOR'S STATEMENT THAT THE ADR PROCESS WAS FULLY EXPLAINED TO THE AGGRIEVED INDIVIDUAL/SUMMARY OF INFORMATION GIVEN TO THE AGGRIEVED INDIVIDUAL AND THE AGENCY BY THE COUNSELOR:**

C.    COUNSELOR INFORMATION

Name:                    Jerome Sligh

Telephone No:            (919) 403-9502

Fax No:                  (919) 402-8936

E-mail Address:          jerome.sligh@fsis.usda.gov

Signature: _____    Date: __3/25/2005__

LEWIS, Linda M.                               FSIS Case No. FSIS-03392-2005

EXTENSION - EEO COUNSELING

ATTACHMENT D
(Complete and Return)

The EEO process requires a minimum of 30 days for counseling in the pre-complaint
process. Upon the complainant's written request, this period may be extended up to an
additional 60 days. Your signature and date below signify that you are requesting an
extension of the counseling period. Please return the completed form to:

Jerome E. Sligh
USDA FSIS OM CRD
5601 Sunnyside Ave
Beltsville, MD 20705-5000

Or Fax to:

(919) 403-9502
Should you have any questions, please call Jerome E. Sligh at (919) 403-9502.

_Linda M. Lewis_
Name                                                          Date

FSIS CRD C&MB Counseling Form
Revised 06/2004

37

ATT, B

*D80 274*

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

UNITED STATES
DEPARTMENT OF
AGRICULTURE

NRF Issued: ☒ Certified or ☐ Registered Mail; or ☐ Other No/ID.: _____

| | |
|---|---|
| 1. Name: *(First)* *(MI)* *(Last)*<br><br>Ms. Linda M. Lewis | ☒ USDA Employee ☐ USDA Applicant ☐ Former USDA Employee |
| 2. Address:<br><br>*(Street)* 8810 Colesville Rd., APT 210<br><br>*(City, St. Zip)* Silver Spring, MD 20910-4328 | 3. Telephone Numbers:<br><br>WORK: (202) 690-6526 Ext.<br><br>HOME: (301) 585-9261 *(202) 210-8539 (cell)* |

4. Name Of Agency Which You Believe Discriminated Against You

*(Office)* USDA - FSIS

*(Street, City, ST, Zip)* 14th and Independence Ave., SW, Washington, DC 20050

5. Basis of Discrimination *(Check all that apply)*

| | |
|---|---|
| ☐ Race _____ | ☐ Disability _____ |
| ☐ Color _____ | ☒ Reprisal _____ |
| ☐ Religion _____ | ☒ Age *(Over 40)* 54 |
| ☐ National Origin _____ | ☐ Sexual Orientation _____ |
| ☒ Sex *female* | ☐ Marital Status _____ |
| ☐ Genetic Information _____ | ☐ Status as a Parent _____ |

6. Issues(s) *(Enter date-provide any details on reverse of form.)*

| | |
|---|---|
| ☐ Non-selection | ☐ Removal |
| ☒ Performance Appraisal _____ | ☐ Harassment _____ |
| ☐ Reassignment _____ | ☐ Training _____ |
| ☒ Discipline _____ | ☒ Hostile Environment _____ |
| ☐ Working Conditions _____ | ☐ Time & Attendance _____ |
| ☐ Leave _____ | ☐ Pay/Compensation _____ |
| ☒ Duties _____ | ☒ Other *(Explain)* denied due process and opportunities for advancement |

7. Representative, if applicable.

Name: N/A. Phone No. : ( ) - Ext.: - Attorney/Lawyer: _____

Address: *(Street, City, State, Zip)* _____

8. Name of Counselor:

Mr. Jerome E. Sligh

9.

| | |
|---|---|
| 10. Signature:<br><br>Linda M. Lewis | Date:<br><br>Feb. 18, 2005 |

Form 1034

RECEIVED
FEB 22 2005

*17800 TW*

13

Linda M. Lewis
Civil Rights Complaint
February 18, 2005

**Explanation of Issues**

My complaint includes issues of reprisal, hostile environment and discrimination based upon gender, age, protected activity and perceived disability, and is based on the following actions.

I have been unfairly disciplined and subjected to emotional abuse. I have been denied equal access to opportunities for advancement. I have been subjected to biased expectations. I work in a hostile environment.

Among other things:

I was given a notice of reprimand for allegedly late government credit card payments that (1) denied due process (2) exceeded the penalties described in the agency's regulations and (3) was presented in a manner that was emotionally abusive.

I was regularly excluded from activities, opportunities and even communications that involved senior staff in OFSEP and elsewhere in the agency. Male staff and female staff without a history of protected activities were not similarly excluded.

Shortly after I received an "outstanding" performance appraisal from my supervisor for FY 2004, a senior OFSEP official told me that I could not expect to receive such a high rating in the future. It is impossible for a second-tier supervisor, particularly one who rarely sees an employee, to know in advance how well she will perform in the coming year, his comment demonstrated bias.

Supervisors have demonstrated bias and hostility toward my opinions, as a professional. At staff meetings, my supervisor, Suzanne Rigby, routinely showed reluctance to hear my input on emergency planning issues, a subject in which I am expert, by repeatedly cutting me off when I tried to speak, and by making me speak last, after any men who were present. Yet, I was better qualified than any of the males present to speak on emergency management issues.

Male coworkers and females, particularly younger females, without disabilities or prior protected (EEO) activities received assignments more desirable and advantageous to a career. A pattern is evident wherein projects are taken from me after I have successfully developed them, and are then reassigned to male staffers junior to me.

There have been reported threats to remove, and other abuses, of older female employees who have or appear to have disabilities. Employees who engage in protected activities, such as trying to correct discrimination or sexual harassment against female employees, have reportedly been subjected to unfair criticism, reduced assignments, and threats of

removal. I have been experiencing a hostile environment, in this agency, since my hiring, in 1989, through several changes of supervision. This implies that the hostile environment operates with the consent of higher agency officials, responsible for the hiring and discipline of supervisors who have discriminated and retaliated.

I was informed by a senior staff member that OFSEP management had plans to place me under the supervision and direction of a male coworker, Ronald Graham, who has a history of hostility toward me, by promoting him to a GS-14 position. This would be a demonstration of bias, as it would be impossible to know in advance that Mr. Graham was qualified for a GS-14 position when he had never yet served in a GS-13 position.

Since I filed this EEO complaint, I have learned that Mr. Graham was given a back-door promotion from GS-12 to GS-13, through a "reevaluation" of his position. I have been informed that another staff member, a younger female, also was given a back-door promotion, from GS-13 to GS-14." I have not been treated similarly even though I have been in my grade since 1989, received an "outstanding" appraisal in my most recent evaluation, and have received praise from peers as one of the best in my field.

Immediately after making Mr. Graham a GS-13, OFSEP managers designated Mr. Graham and another male staffer, Merritt Lake, to serve as "Acting Director" of the Emergency Preparedness Staff in the absence of Suzanne Rigby. This act placed me under Mr. Graham's supervisory authority. I was not similar designated even though I have far more experience as a GS-13 than Mr. Graham, and more experience than Mr. Lake with the activities of our office. When I complained about being excluded, a second-tier supervisor, Perfecto Santiago, issued notice that, henceforth, only GS-14 and above employees would be tasked as Acting Director. This is part of a pattern of discrimination and reprisal by which rules are changed in order to exclude me each time I become the best qualified candidate for a desirable position or activity.

Mr. Graham's hostility toward me has been demonstrated in the past by false accusations, including the accusation that I have a disability. Documentation showed that Mr. Graham and another male employee, Robert Conley, were spreading this false information to my peers, and even to supervisors and senior agency officials.

Mr. Graham's hostility toward me in the present has been demonstrated by unfair criticism of my work, including my highly regarded work on an emergency exercise scenario, which led to Mr. Graham being allowed to take over the project. Supervisors and senior managers showed bias in accepting the opinions of Mr. Graham, a GS-12 employee who was not my supervisor, and failing to give equal consideration to me.

Mr. Graham has a long history of hostility toward me and other females on the staff. Recently, Mr. Graham was unable to attend a meeting he had set up, because he said he was on leave in Aruba and could not get a flight back. He had not provided an agenda or other information that would enable those who showed up for the meeting to conduct it. Several people on the attendee list, including a contractor representative and OFSEP senior officials, did not show. The four of us who did come decided unanimously to

reschedule the meeting. Upon his return to the office, Mr. Graham changed the meeting announcement, which was stored on the computer system in joint calendar feature of Outlook, deleting the names of attendees whose failure to show had prompted rescheduling. Of the four people who showed up, three were female and one was male. Mr. Graham tried to place blame for the meeting failure on all three women, but assigned no blame to himself or other male involved.

Mr. Graham has a history of calling and writing senior agency officials to criticize me and other females on the staff. He has frequent opportunities to meet and talk casually with senior officials, including senior OFSEP officials. He has not been disciplined, to my knowledge, for doing so. When senior officials have received erroneous information from Mr. Graham, I had no means to correct it because I was not allowed similar opportunities to demonstrate my skills to, or communicate with, senior officials. Moreover, I have been threatened with disciplinary action if I make such contacts without my supervisor's permission.

I have not been given the kinds of assignments that routinely go to male staff members and younger female staff members, who have similar grades, titles, or job descriptions. While others were given authority to manage large projects, or participate in high profile assignments, such as those involving international travel or interaction with high level government officials, I was more often given tasks, such as reviewing written plans and procedures, that required working alone, in my office.

Signed,

*Linda Lewis*

Linda M. Lewis

ATT. 9



APR 2 2 2005

| | |
|---|---|
| United States Department of Agriculture | Ms. Linda M. Lewis<br>8810 Colesville Road |
| Office of the Assistant Secretary for Civil Rights | Silver Spring, Maryland 20910-4328 |

**Re: USDA Complaint No.: 050274**

Dear Ms. Lewis:

1400 Independence Avenue SW

Washington, DC 20250

This letter **acknowledges receipt of and accepts** your Equal Employment Opportunity (EEO) complaint of discrimination against Food Safety and Inspection Service (FSIS), dated February 18, 2005 and based on the postmarks is considered filed on February 19, 2005. Please refer to the complaint number above in any future communication on the subject EEO complaint.

We are accepting and referring for investigation the following claims:

Whether the agency subjected the complainant to discrimination and harassment (non-sexual), based on age (DOB:  04/02/50), sex (female), physical disability (Perceived), and reprisal (prior EEO activity):

1. on October 26, 2004, issued her a Letter of Reprimand 'for late government credit card payments;
2. in October 2004, denied her equal opportunity for advancement to the next higher grade, as similarly situated co-workers;
3. in Fiscal Year (FY) 2004, subjected her to supervisory harassment and emotional abuse;
4. in FY 2004, subjected her to supervisory biased expectations, (female vs. male), i.e., junior male co-workers received assignments that were more advantageous to their career;
5. in October 2004, engaged in spreading false accusations that she has a disability;
6. in October 2004, restricted her from communicating with superiors;
7. engaged in on-going criticism and degradation of her work; specifically,    emergency exercise scenarios to her peers and management; and
8. (date unspecified), placed her under the direction of a male manager with a history of hostility toward her?

The Department of Agriculture (Department) is required under 29 C.F.R. §1614.108 to complete an impartial, factual and appropriate investigation of the accepted claims within 180[1] days of the date the subject EEO complaint was filed.  An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred.  The complainant and the Department may voluntarily extend the 180-day time period not to exceed an additional 90 days.  In addition, the Department may unilaterally extend the 180-day time period or any period of extension for not more than 30 days where it must sanitize a complaint file that contains classified information.

---

[1] All references to days refer to calendar days unless specified otherwise.

AN EQUAL OPPORTUNITY EMPLOYER

2005 APR 25 AM 11: 10<br>RECEIVED USDA - FSIS<br>RIGHTS DIVISION

When the investigation begins, an EEO Investigator will contact you. You are required to fully cooperate with the EEO Investigator. Failure to do so may result in dismissal of your EEO complaint. Present to the EEO Investigator all information you wish considered relevant to the accepted claims. Also, provide the EEO Investigator with the names of any witnesses you believe should be contacted.

You must keep the agency informed of your current address. If the Department is unable to locate you, it may dismiss the EEO complaint under 29 C.F.R. §1614.107(a)(6).

When you receive the EEO investigative report, you will be notified of your right to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). The notification will provide you with specifics on how to exercise your election rights.

If you have not received the EEO investigative report after 180 days from the filing of your EEO complaint, you have the right to request a hearing from an EEOC AJ. Should you request a hearing, enclosed is the identification of the EEOC District Office and address where the hearing request should be sent. Additionally, you must also certify to the EEOC that a copy of the hearing request was sent to the following address:

> United States Department of Agriculture
> Food Safety and Inspection Service
> Civil Rights Director
> 5601 Sunnyside Avenue
> Mail Drop: 5261
> Beltsville, Maryland 20705

Your formal complaint and EEO Counselor report also indicated that you were subjected to continuing violations of discrimination and harassment (non-sexual) since you were hired in 1989, i.e., management practice of hiring and disciplining of supervisors who have discriminated and retaliated against whistleblowers. These incidents should have been raised with an EEO Counselor within 45-days of the alleged discriminatory event. Therefore, these incidents are dismissed, since they were not timely; however, they may be investigated for background purposes only.[2] This determination is made pursuant to the ruling by the U. S. Supreme Court in National Railroad Passenger Corp. v. Morgan, 122 S. Ct. 2061 (June 10, 2002) and the EEOC findings in Ornelas v. Department of Justice, EEOC Appeal No. 01995301 (September 26, 2002).

In accordance with 29 C.F.R. §1614.107(b), our determination that the cited issue is dismissed will be reviewed by an EEOC AJ, if you request a hearing on the remainder of the subject EEO complaint. However, you may not appeal this dismissal until a final action is taken by the Department on the remainder of your complaint.

If you do not agree with the defined claims, you must provide us with sufficient reasons, in writing, within 7 calendar days from receipt of this letter, and it will be included in the complaint file. The statement should be sent to the following address:

---

[2] In a U. S. Supreme Court ruling, it states, in pertinent part that "Past acts may constitute background evidence of discrimination."

2

19

United States Department of Agriculture
Office of Civil Rights
Employment Complaints Division
Intake, Accept/Dismiss Branch
1400 Independence Avenue, S.W.
Stop Code 9440
Washington, DC  20250-9440

Please also be advised that, consistent with EEOC Regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution to complaint at any stage of the EEO complaint process.  Settlement discussions may take place throughout the administrative complaint process.  If a resolution is achieved, a copy of the settlement agreement must be provided to this office promptly to avoid unnecessary confusion and additional cost.  Likewise, if at any stage of the EEO complaint process the complainant wishes to voluntarily withdraw their complaint, the complainant must promptly provide to this office, a written request to withdraw their EEO complaint.  The withdrawal request must be signed, dated, and include the EEO complaint number.  To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal directly to the **Employment Adjudication Division, at Fax Number (202) 401-8035.**

If there are any questions or concerns regarding the status of this complaint, please contact the **CUSTOMER SERVICE UNIT** at 1-800-795-3272.

Sincerely,

Gail Booker Jones
Division Director
Employment Complaints Division
Office of Civil Rights

Enclosure

cc:  Civil Rights Director, FSIS
     ECD Liaison

3

Case 1:05-cv-01507-GK    Document 38-2    Filed 02/07/2007    Page 46 of 66



# EEOC
U.S. Equal Employment
Opportunity Commission

# Washington Field Office

Location &
Hours

Jurisdictional
Area

Filing A
Charge

Mediation
Program

Small
Business
Information

Federal
Sector
Information

Training and
Outreach

State and
Local
Agencies

FOIA

Jurisdictional Area

*The jurisdictional area represents the state, county or city in which an alleged incident of employment discrimination took place.*

The Washington Field Office has jurisdiction over the District of Columbia, and the Virginia Counties of Arlington, Clarke, Fairfax, Fauquier, Frederick, Loudoun, Prince William, Stafford, and Warren and the Virginia Independent Cities of Alexandria, Dumfries, Fairfax, Falls Church, Quantico, Manassas Park, and Winchester.

To:    United States Department of Agriculture
       Office of Civil Rights
       Employment Complaints Deivison
       Intake, Accept/Dismiss Branch
       1400 Independence Avenue, S.W.
       Stop Code 9440
       Washington, D.C. 20250-9440

From:  Linda M. Lewis, FSIS/OFSEP/EPS
       8811 Colesville Road, #210
       Silver Spring, MD 20910

Date:  Monday, May 09, 2005

Subject: USDA Complaint No.: 050274

By FAX and MAIL

In response to your letter dated April 22, received by me on May 3, I provide the attached (4 pages), describing additional specifics of my complaint, as provided to the FSIS counselor.

With regard to parties covered by the complaint, I wish to note that the working relationship with Ronald Graham, of my office, has improved in recent weeks. On that basis, I withdraw his name from the list of discriminating officials described and implied in the current complaint.

However, because Mr. Graham's prior communications with other staff and supervisors played a key role with regard to the actions of other discriminating officials, USDA's investigation into this complaint should include those communications.

Thank you for accepting this complaint. If there are any questions, I can be reached at work, at (202) 690-6526, or on my personal cell phone, at (202) 210-8539.

22

8811 Colesville Road, #210
Silver Spring, MD 20910
December 10, 2004

FSIS Civil Rights Division
Room 2-1134
5601 Sunnyside Avenue, Maildrop 5261
Beltsville, MD 20705-5261

Subject: New EEO Complaint

I hereby file a new complaint of employment discrimination in the Food Safety and
Inspection Service. Officials in FSIS Personnel and the Office of Food Safety and
Emergency Preparedness have demonstrated hostility toward employees, including me,
who engaged in protected activity, including EEO complaints.

I believe I was subjected to illegal retaliation on October 26, 2004, when I was presented
with a reprimand without due process promised by FSIS regulations regarding late
payments on government credit cards.

I believe that a pattern of discrimination has emerged in assignments and promotions.
Lower ranking and less qualified white males repeatedly have been given priority over
me, and I have been denied all assignments that would give me visibility in the agency,
even when I was best qualified and had successfully carried out the assignment
previously.

I believe that a hostile environment is demonstrated by a pattern of abusive treatment of
other employees who engaged in EEO activity. Four employees who filed EEO
complaints, testified in EEO complaints, or attempted to responsibly resolve EEO
complaints, reported abuses and threats of removal.

I believe that employees who engage in EEO and whistleblower retaliation are
unjustifiable rewarded. Reportedly a less qualified male employee, who has retaliated
against me previously, has been promised promotion from Grade 12 to Grade 14, thus
making him my supervisor and allowing him even greater opportunity to retaliate. The
decision to promote an employee to Grade 14 without observing a period of performance
as a Grade 13 is a blatant example of bias in favor of a white male employee who has
participated in illegal retaliation.

I can be reached on my cell phone, at (202) 210-8539.

Signed,

*Linda M. Lewis*

Linda M. Lewis

23

Linda M. Lewis
Civil Rights Complaint
February 18, 2005

**Explanation of Issues**

My complaint includes issues of reprisal, hostile environment and discrimination based upon gender, age, protected activity and perceived disability, and is based on the following actions.

I have been unfairly disciplined and subjected to emotional abuse. I have been denied equal access to opportunities for advancement. I have been subjected to biased expectations. I work in a hostile environment.

Among other things:

I was given a notice of reprimand for allegedly late government credit card payments that (1) denied due process (2) exceeded the penalties described in the agency's regulations and (3) was presented in a manner that was emotionally abusive.

I was regularly excluded from activities, opportunities and even communications that involved senior staff in OFSEP and elsewhere in the agency. Male staff and female staff without a history of protected activities were not similarly excluded.

Shortly after I received an "outstanding" performance appraisal from my supervisor for FY 2004, a senior OFSEP official told me that I could not expect to receive such a high rating in the future. It is impossible for a second-tier supervisor, particularly one who rarely sees an employee, to know in advance how well she will perform in the coming year, his comment demonstrated bias.

Supervisors have demonstrated bias and hostility toward my opinions, as a professional. At staff meetings, my supervisor, Suzanne Rigby, routinely showed reluctance to hear my input on emergency planning issues, a subject in which I am expert, by repeatedly cutting me off when I tried to speak, and by making me speak last, after any men who were present. Yet, I was better qualified than any of the males present to speak on emergency management issues.

Male coworkers and females, particularly younger females, without disabilities or prior protected (EEO) activities received assignments more desirable and advantageous to a career. A pattern is evident wherein projects are taken from me after I have successfully developed them, and are then reassigned to male staffers junior to me.

There have been reported threats to remove, and other abuses, of older female employees who have or appear to have disabilities. Employees who engage in protected activities, such as trying to correct discrimination or sexual harassment against female employees, have reportedly been subjected to unfair criticism, reduced assignments, and threats of

removal. I have been experiencing a hostile environment, in this agency, since my hiring, in 1989, through several changes of supervision. This implies that the hostile environment operates with the consent of higher agency officials, responsible for the hiring and discipline of supervisors who have discriminated and retaliated.

I was informed by a senior staff member that OFSEP management had plans to place me under the supervision and direction of a male coworker, Ronald Graham, who has a history of hostility toward me, by promoting him to a GS-14 position. This would be a demonstration of bias, as it would be impossible to know in advance that Mr. Graham was qualified for a GS-14 position when he had never yet served in a GS-13 position.

Since I filed this EEO complaint, I have learned that Mr. Graham was given a back-door promotion from GS-12 to GS-13, through a "reevaluation" of his position. I have been informed that another staff member, a younger female, also was given a back-door promotion, from GS-13 to GS-14." I have not been treated similarly even though I have been in my grade since 1989, received an "outstanding" appraisal in my most recent evaluation, and have received praise from peers as one of the best in my field.

Immediately after making Mr. Graham a GS-13, OFSEP managers designated Mr. Graham and another male staffer, Merritt Lake, to serve as "Acting Director" of the Emergency Preparedness Staff in the absence of Suzanne Rigby. This act placed me under Mr. Graham's supervisory authority. I was not similar designated even though I have far more experience as a GS-13 than Mr. Graham, and more experience than Mr. Lake with the activities of our office. When I complained about being excluded, a second-tier supervisor, Perfecto Santiago, issued notice that, henceforth, only GS-14 and above employees would be tasked as Acting Director. This is part of a pattern of discrimination and reprisal by which rules are changed in order to exclude me each time I become the best qualified candidate for a desirable position or activity.

Mr. Graham's hostility toward me has been demonstrated in the past by false accusations, including the accusation that I have a disability. Documentation showed that Mr. Graham and another male employee, Robert Conley, were spreading this false information to my peers, and even to supervisors and senior agency officials.

Mr. Graham's hostility toward me in the present has been demonstrated by unfair criticism of my work, including my highly regarded work on an emergency exercise scenario, which led to Mr. Graham being allowed to take over the project. Supervisors and senior managers showed bias in accepting the opinions of Mr. Graham, a GS-12 employee who was not my supervisor, and failing to give equal consideration to me.

Mr. Graham has a long history of hostility toward me and other females on the staff. Recently, Mr. Graham was unable to attend a meeting he had set up, because he said he was on leave in Aruba and could not get a flight back. He had not provided an agenda or other information that would enable those who showed up for the meeting to conduct it. Several people on the attendee list, including a contractor representative and OFSEP senior officials, did not show. The four of us who did come decided unanimously to

reschedule the meeting.  Upon his return to the office, Mr. Graham changed the meeting announcement, which was stored on the computer system in joint calendar feature of Outlook, deleting the names of attendees whose failure to show had prompted rescheduling.  Of the four people who showed up, three were female and one was male. Mr. Graham tried to place blame for the meeting failure on all three women, but assigned no blame to himself or other male involved.

Mr. Graham has a history of calling and writing senior agency officials to criticize me and other females on the staff.  He has frequent opportunities to meet and talk casually with senior officials, including senior OFSEP officials.  He has not been disciplined, to my knowledge, for doing so.  When senior officials have received erroneous information from Mr. Graham, I had no means to correct it because I was not allowed similar opportunities to demonstrate my skills to, or communicate with, senior officials. Moreover, I have been threatened with disciplinary action if I make such contacts without my supervisor's permission.

I have not been given the kinds of assignments that routinely go to male staff members and younger female staff members, who have similar grades, titles, or job descriptions. While others were given authority to manage large projects, or participate in high profile assignments, such as those involving international travel or interaction with high level government officials, I was more often given tasks, such as reviewing written plans and procedures, that required working alone, in my office.

Signed,

*Linda Lewis*

Linda M. Lewis

Sending confirm

Date : MAY-9-2005  MON  04:33PM
Name : LEWIS, L M
Tel. : 13015859261

```
Phone         : 12027208824
Pages         : 5
Start Time    : 05-09 04:30PM
Elapsed Time  : 02'10"
Mode          : ECM
Result        : Ok
```

ATT, 10

March 8, 2005

FSIS Civil Rights Division
Room 2-1134
5601 Sunnyside Avenue, Maildrop 5261
Beltsville, MD 20705-5261

Subject: New EEO Complaint

I wish to file a new complaint of discrimination (gender/female, age/54, perceived disability) and reprisal for prior EEO activity, in violation of federal civil rights laws. I cite the following justifications:    *(need specific time frame)  sk*

1) In 2004, as an employee of the Office of Food Security and Emergency Preparedness (OFSEP), I filed two EEO complaints of discrimination and reprisal against officials of the Agency, the second complaint against OFSEP being submitted twice (November 12 and December 10).

I submitted an application by fax on November 19, the closing date, for the position of Physical Scientist, GS-1301-14 (Bulletin: FSIS-05-009), which includes the responsibility of representing FSIS and USDA in activities of the Chemical Stockpile Emergency Preparedness Program and advising the head of the office on protection of the food supply from chemical threats. Those are the same responsibilities that I carried out, successfully, at FSIS from 1992 through 1998, as a GM-13, until the duties were taken from me in reprisal for my protected activities, and given to a less-qualified male employee.

When the above position was posted on October 22, 2004, the announcement stated that the position was open to USDA employees. After I submitted an application that fully met the stated requirements of the position, USDA apparently withdrew the announcement and re-issued it. The new announcement was identical to the previous one except that FSIS had expanded eligibility to "All Qualified U.S. Citizens". I was never informed of these changes. The new announcement did not include the usual wording that all who had applied to the first announcement would automatically be considered for the second.

Having fully met all of the requirements of the original position, and having successfully fulfilled those duties for a period of nearly six years – indeed, making outstanding contributions to that program which I detailed in my application – I should have been selected for FSIS-05-009. Moreover, the posting of the position as a GS-14 position constitutes an implicit acknowledgement that my prior work on chemical weapons preparedness was GS-14 level work - for which I was being paid a GS-13 salary. On that basis, I deserve an immediate retroactive promotion to GS-14.    *— Relief being sought*

The denial of FSIS-05-009 is part of a pattern of discrimination whereby I am rejected for duties, jobs and promotions, in favor of less qualified individuals who are not part of my protected group of females over 40, with *perceived* disability, who have engaged in protected activity.

Page 1 of 3

2) I have learned that my official personnel file does not include any copy of my latest performance appraisal, which was "outstanding," or two Spot Awards recognizing my accomplishments in developing emergency kits and exercises. Moreover, the file includes false information that, along with the omissions, would unfairly and negatively affect any decisions made on the basis of that file. This is part of a pattern of false information about my abilities and accomplishments.

3) I have been subjected to discrimination and retaliation regarding awards, and regarding assignments that would reasonably lead to awards. I and other employees who worked on an emergency exercise, "Broken Image," were given Spot Award certificates. Previously, I had been told that my work on the exercise had been hugely successful and was highly regarded by Agency senior officials. Other employees, whose accomplishments were less inventive and did not require as much time and effort, also were given certificates. But, although the supervisor said those present would be receiving cash awards, my certificate was not accompanied by any of the paperwork required to accompany a case award. No such paperwork is including in my official personnel file, either: Indeed, my OPF does not include copies of any of the two certificates I have received.

I was originally assigned to develop and coordinate the Broken Image exercise. After the project began receiving praise, the coordinator role on that project was taken away from me and given to a lower ranked male employee with lesser skills. Since that time, the same male employee has been designated the coordinator for all subsequent emergency exercises. Notably, that employee, Ronald Graham, has previously engaged in retaliation against me, slandering my skills and character, in support of discrimination and retaliation by more senior officials. Despite knowing this, senior managers have persisted in giving Mr. Graham regular access, while formally ordering me to communicate only with my immediate supervisor. In this manner, my viewpoints and abilities are routinely excluded in favor of a male employee who engaged in unlawful activities.

Subsequently, I was given a small role in a later exercise, "Nerve Pulse," coordinated by Mr. Graham. But, after I filed an EEO complaint, Mr. Graham informed me that my services would not longer be needed for the exercise. This was confirmed by Suzanne Rigby, my immediate supervisor at that time. As a result, I was excluded from awards that were subsequently given to those who participated in the exercise. Being denied fair consideration for cash awards would be consistent with a pattern in which I am denied awards given to all others who worked on a project, or on a particular staff. Also, available evidence suggests that, when I do receive an award, it is a lesser one, even when my contributions are more significant.

4) Inaccuracies in my official personnel file (OPF) show evidence of bias and retaliation. The maintenance of a negatively biases personnel file would expectedly have negative impacts on my career, including my pending application for a position.

The OPF includes no copy of my most recent performance appraisal, signed by Lori Thomas, giving me a rating of "outstanding." It does not include copies of either of two Spot Award certificates issued in the past year. But, the OPF DOES include multiple copies of documentation of false charges and the negative actions that resulted from them. With regard to the false charges, the Agency denied me due process and gave me no opportunity to provide any input before the negative actions were taken. The negative actions included denial of a within-grade (pay) increase for FY 1998, and a reprimand for late payment of a balance on the Agency credit card, issued for travel expenses.

The denial of my regularly schedule pay increase had no basis in fact. I was not given a performance appraisal documenting inadequate performance. In fact, I received no appraisal at all for FY 1998, and had been given few duties to perform, in retaliation for my protected activities. For several months in 1999, I had virtually no duties. The lack of any basis for denying the routine pay increase is demonstrated by the fact that the Agency ultimately paid the increase and the failure of the Agency to put me on a performance improvement plan. Thus, the multiple documents in my OPF, indicating a denial occurred, are false and misleading.

Regarding the documentation of a reprimand for late credit card payment, FSIS violated written procedure and due process by failing to allow me any opportunity to respond to the charges. Furthermore, an OIG report shows that the issuance of a reprimand was inconsistent with USDA/FSIS written procedure and implementation.

The above incidents are part of a pattern of discrimination and retaliation through false charges and denied due process. The propagation of false and disparaging information about me also is part of a pattern of discrimination and retaliation.

5) I continue to be denied access to information, opportunities, assignments and senior personnel that is available to males; and to females with no prior protected activity. Furthermore, denial of information expectedly would have negative impacts on those assignments I do receive, which typically are minor and are not valued by reviewing officials and more senior management. Unlike other employees, I have even been placed under written orders restricting my ability to communicate with anyone but my immediate supervisor. Meanwhile, a male coworker, Ronald Graham, freely communicates with Agency officials at the highest levels, sharing with them his negative opinions of me and other women on the staff. This is part of a pattern of negative bias on the part of Mr. Graham and other FSIS officials, and of reprisal for protected activities.

The above discriminatory and retaliatory practices, and others, have served to undermine USDA and FSIS emergency programs. I have been prevented from obtaining information needed to create a radiological emergency plan for the Agency, and that denial of information undermines the Agency's ability to participate appropriately in a multi-million-dollar national emergency exercise that conceivably could require implementation of that plan. Thus, discrimination and retaliation waste taxpayer dollars and weaken homeland security.

Signed,

*Linda M. Lewis*

Linda M. Lewis
(202) 210-8539

cc  USDA Civil Rights Office

ATT. 11

# United States Department of Agriculture
# Food Safety and Inspection Service
14th & Independence Ave., S. W., Washington, D.C. 20250

## EEO Counselor Report
### 29 C.F.R. Part 1614, Subpart A §1614.105

## I. CASE INFORMATION

Civil Rights Div

JUL 1 9 2005

Received

Formal Case No.

Informal Case No. FSIS-2005-00167

Individual Complaint ☒   or   Class Complaint ☐

Anonymity: Yes ☐ No ☒ - Complaint Process: ADR ☒ or Counseling ☐

### A.   AGGRIEVED PERSON

| | |
|---|---|
| Name: | Linda Lewis |
| Job Title/Series/Grade: | Management Analyst/0343/GS-13 |
| Place of Employment: | USDA-FSIS-OFSEP-EPS |
| Work Phone No: | (202) 690-6526 |
| Home Phone No: | (202) 210-8539 |
| Home Address: | 8811 Colesville Road |
| | Apt. 210 |
| | Silver Spring, MD 20910 |

| | |
|---|---|
| Email Address: | N/A |

| | |
|---|---|
| Representative's Name: | None |
| Representative's Phone No: | (   ) |
| Home Address: | N/A |

| | |
|---|---|
| Email Address: | N/A |

### B.   CHRONOLOGY OF EEO COUNSELING

| | |
|---|---|
| Date of Initial Contact: | Friday, March 11, 2005 |
| Date of Initial Interview: | Tuesday, March 22, 2005 |
| Date of Alleged Discriminatory Event: | Wednesday, March 02, 2005 |
| 45th Day after Event: | Saturday, April 16, 2005 |
| Date of NRF Issuance | Thursday, June 09, 2005 |
| Date Aggrieved received NRF | Thursday, June 16, 2005 |
| Date Counseling Report Requested: | Monday, July 11, 2005 |
| Date Counseling Report Submitted: | Monday, July 18, 2005 |

7/2/05
6/16/05 NRF

## C.   BASIS(ES) FOR ALLEGED DISCRIMINATION

1) ☐ Race (Specify)
2) ☐ Color (Specify)
3) ☐ National Origin (Specify)
4) ☒ Sex (Specify)
5) ☒ Age (Date of Birth) * February 18, 1959
6) ☐ Mental Disability (Specify)
7) ☐ Physical Disability (Specify)
8) ☐ Religion (Specify)
9) ☒ Reprisal (Event and Date) * For involvement in prior EEO activity - December 10, 2004.
10) ☐ Other/Executive Order (Specify)
11) ☐ Other/USDA Policy (Specify)

## D.   PRECISE DESCRIPTION OF THE CLAIM(S) COUNSELED -

**Claim(s):**

- The Aggrieved alleged that she was subject to discrimination based on sex/gender (female), age (54 years of age), and reprisal when she was not selected to a GS-1701-14 position in February 2005; allegedly denied access to having business cards; allegedly denied access to senior-level personnel; allegedly not entrusted with producing great work; allegedly not given challenging work assignments; and allegedly denied access to having a Blackberry, where the Aggrieved claims that other similarly situated employees were given Blackberries.

## E.   REMEDY REQUESTED

The Aggrieved provided (via Fax document dated March 8, 2005) a list of the following relief requests:
- Immediate retroactive promotion to the GS-14 grade level;
- Access to senior-level management officials;
- Amendments (where deemed necessary) to Official Personnel File; and
- Have complete access to Agency information, career opportunities and the free will to communicate with other employees throughout all levels of the Agency.

## F.   EEO COUNSELOR'S CHECKLIST - THE COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF HIS/HER RIGHTS AND RESPONSIBILITIES. (See Attached Counselor Checklist, Election Forms Written Notification of Rights and Responsibilities etc.)

## II. SUMMARY OF INFORMAL RESOLUTION ATTEMPT

The Aggrieved declined to participate in Mediation, because the Aggrieved objected to the Resolving Official named.

### A.    IF THE COUNSELOR ATTEMPTED RESOLUTION – TRADITIONAL EEO COUNSELING PROCESS

1. **Chronology of Events:**

   - Several attempts were made to contact and subsequently interview the Aggrieved. Once the Aggrieved was finally interviewed (briefly) on April 6, 2005, the Aggrieved elected to forego traditional EEO counseling attempts, and instead requested to participate in ADR/Mediation to address all her issues. Thus, no copies of the Aggrieved's "Notice of Rights and Responsibilities" were issued. Consequently, the Aggrieved accepted the preliminary offer to participate in ADR/Mediation on April 6, 2005.

   However, when the Aggrieved was informed that "she could not designate who would participate in Mediation as Resolving Officials," she elected on April 25, 2005, to withdraw from the Mediation process, in an attempt to resolve her complaint. (Note: The Aggrieved was opposed to having the Assistant Administrator serve as the Resolving Official for her complaint).

2. **Personal Contacts/Interview with Complainant, Management Officials, Witnesses and Others.** *(Include phone number, address, email and other contact information).*

   **Interview with Complainant**

   Ms. Linda Lewis
   8811 Colesville Road, Apt. 210
   Silver Spring, MD 20910

   **For information regarding the interview with the Aggrieved, please refer to information cited above in item #1, "Chronology of Events."**

   **Note: Due to the Aggrieved early election to participate in Mediation, and her request for another counselor, no Management Officials were interview by the initially assigned counselor.**

3. **Documents Reviewed**

   - Fax document from the Aggrieved regarding the Aggrieved's "new" complaint, dated March 8, 2005; and

- Email correspondence forwarded to the ADR Coordinator (i.e., attempts to schedule and conduct the subject Mediation) covering a period from April 18 through May 11, 2005.

4. **Summary of Informal Resolution Attempt**

None.

B. **IF AGGRIEVED OPTED FOR ADR, COUNSELOR'S STATEMENT THAT THE ADR PROCESS WAS FULLY EXPLAINED TO THE AGGRIEVED INDIVIDUAL/SUMMARY OF INFORMATION GIVEN TO THE AGGRIEVED INDIVIDUAL AND THE AGENCY BY THE COUNSELOR:**

- Once the Aggrieved requested ADR/Mediation during the pre-counseling phase, the Aggrieved was given a comprehensive overview of what the ADR/Mediation entailed; explained the roles/responsibilities of the participants and expectations of the process; and the options to be pursued if resolution could not be reached. This information was conveyed to the Aggrieved by the assigned counselor on April 6, 2005.

C. **COUNSELOR INFORMATION**

**Name:**            Christopher Sikes

**Telephone No:**     (301) 504-4212

**Fax No:**           (301) 504-2141

**E-mail Address:**   Christopher.Sikes@FSIS.USDA.GOV

Signature:   *[signature]*        Date: 7/15/05

**ATTACHMENTS**

ATT, 12



USDA  United States   Food Safety    Office      Civil Rights Division  Mail Drop 5261
      Department of   and Inspection  Management  Counseling &           5601 Sunnyside Avenue
      Agriculture     Service                    Mediation Branch        Beltsville, MD 20705

June 16, 2005

CERTIFIED MAIL

Ms. Linda Lewis
S   Colesville Rd., Apt. 210
    Spring, MD 20910

Dear Ms. Lewis:

On March 11, 2005 you contacted the Civil Rights Division and alleged that the Food Safety and
Inspection Service (FSIS) had discriminated against you. You cited sex and age as the bases for
discrimination. Furthermore, you allege you were discriminated by FSIS, by allegedly
reprised against, for prior EEO activity, thus hindering your opportunity to advance
within FSIS.

The time limits for the informal stage of your EEO Complaint have expired. Our attempt to
seek informal resolution of your complaint in the informal complaint process has been
unsuccessful. As such, you now have the right to file a formal EEO complaint with the U.S.
Department of Agriculture within 15 calendar days from receipt of this letter.

If you elect to file a formal complaint, it must be in writing, have your original signature, and
identify the issues that were counseled in the informal stage. I have enclosed Form AD-1034
(complaint form) for your convenience. If you need to clarify any of the entries on the
Complaint Form, do so on the reverse of the form. Your complaint must be filed with the office
listed below:

U.S. Department of Agriculture – OCR
Employment Complaints Division
14th and Independence Ave., SW. Stop 9440
Washington, D.C. 20250-9391

If you file a formal complaint the above named office will notify you regarding the assignment
of an investigator to your case. Thank you for your cooperation in this matter.

Enclosure

Sincerely,

Counselor/Mediator

ATT. 13

07/08/2005  01:29    2027288839                                    PAGE  04/12



United States
Department of
Agriculture

**Complaint of Employment Discrimination**

---

**1.** Name: *(Last)  (First)  (MI)*

MS  LEWIS, LINDA M

☑ USDA Employee     ☐ USDA Applicant     ☐ Former USDA Employee

---

**2.** Address: *(Street)*  8811 Colesville Rd, #210

Silver Spring, MD 20910
*(City)    (State)    (Zip)*

**3.** Telephone Numbers:

WORK:  202-690-6526

HOME:  202-210-8539

---

**4.** Name of Agency Which You Believe Discriminated Against You

USDA, FOOD SAFETY & INSPECTION SERVICE (FSIS)

WASHINGTON                          DC          20910
*(City)                        (State)        (Zip)*

---

**5.** Basis of Discrimination *(Check all that apply and specify your)*

☐ Race
☐ Color
☐ Religion
☐ National Origin
☐ Sex
☐ Genetic Information

☑ Disability *(perceived)*
☑ Reprisal
☑ Age (Over 40)
☐ Sexual Orientation
☐ Marital Status
☐ Other *(Explain)*

RECEIVED
-6 2005

---

**6.** Issue(s) *(Put date on line, provide details on reverse of form)*

☑ Classification
☑ Performance Appraisal
☑ Duties
☐ Reassignment
☐ Working Conditions
☐ Discipline
☐

☐ Removal
☐ Harassment
☑ Training
☑ Hostile Environment
☐ Time & Attendance
☑ Pay/Compensation
☑ Other *(Explain)*

---

**7.** Representative, if any

Name:
Address:

Telephone No.:

---

**8.** Name of Counselor:  *Christopher [signature]*

**9.** Requested Corrective Action:

RETROACTIVE APPT TO GS-14 POSITION; CORRECTION OF OPF; AWARD
F...; ACCESS TO TRAINING, OPPORTUNITIES, ASSIGNMENTS COMPARABLE
TO OTHERS;

---

**10.** Signature:  *Linda M. Lewis [signature]*          Date: 7-2-05

Form.

6.

— NON-SELECTION — for FSIS-05-009 (NOV 12 & DEC 10),
   "PHYSICAL SCIENTIST," GS-2041-14.

— PERFORMANCE APPRAISAL — most recent appraisal,
   "OUTSTANDING" MISSING FROM OFFICIAL PERSONNEL FILE.

— DUTIES — DENIED OPPORTUNITIES, SUCH AS EXERCISE
   PROJECT MANAGEMENT, FOR WHICH I WAS QUALIFIED;
   OPPORTUNITIES INSTEAD GIVEN TO JUNIOR MALES.

   DUTIES I HAD PERFORMED SUCCESSFULLY FOR YEARS, AS
   GS-13 EMERGENCY PLANNING SPECIALIST, WERE TAKEN
   AWAY AND POSTED AS A GS-14 "PHYSICAL SCIENTIST"
   POSITION, THAT WAS DENIED ME.

— DISCIPLINE — THE OPF CONTAINS MULTIPLE COPIES
   OF A DISCIPLINARY ACTION THAT WAS THREATENED,
   BUT NOT TAKEN, AND COPIES OF TWO DISCIPLINARY
   ACTIONS FOR WHICH DUE PROCESS WAS DENIED.

— TRAINING — ON-THE-JOB TRAINING, THROUGH
   MANAGEMENT & SUPERVISORY TYPE ASSIGNMENTS,
   WITH INTERACTIONS WITH SENIOR STAFF, DENIED.

— HOSTILE ENVIRONMENT — A GENERALLY HOSTILE
   ATTITUDE OF FSIS TOWARD EMPLOYEE WITH PRIOR
   PROTECTED ACTIVITY, WHO IS FEMALE, OVER 40,
   WITH PERCEIVED DISABILITY, EXIST.

— PAY/COMPENSATION — GIVEN LESSER AWARDS
   FOR WORK THAT WAS EQUAL TO, OR BETTER,
   THAN A MALE COWORKER, AND OTHERS WITHOUT
   PRIOR HISTORY OF PROTECTED ACTIVITY.

— OTHER — OPF CONTAINS RECORDS THAT WOULD
   CREATE A FALSELY NEGATIVE IMPRESSION OF MY
   WORK/PERFORMANCE, AND OMITS RECORDS THAT
   WOULD CREATE A POSITIVE IMPRESSION.