UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ARTHUR GILBERT, )
)
Plaintiff, )
)
v. ) Civil Case No. 05cv2128 (RJL)
)
MICHAEL CHERTOFF, )
Secretary, )
Department of Homeland Security )
)
Defendant. )

## MEMORANDUM OPINION
(September 27, 2006) [#9]

Plaintiff Arthur Gilbert brings this action against defendant Michael Chertoff in his official capacity as Secretary of the Department of Homeland Security, alleging unlawful employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (2000), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (2000). Currently before the Court is defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement. For the following reasons, defendant's Motion for a More Definite Statement is GRANTED.

### BACKGROUND

Plaintiff is a Mexican-American male over the age of forty with more than thirty years of government service in Customs; fifteen of which were spent performing staff-related work and field management duties. (Compl. ¶¶ 12-13, 15.) He is currently a

Program Officer/Customs Inspector, Grade 13, with the Department of Homeland Security. (*Id.* ¶ 11.) Although plaintiff believes that he meets the criteria and work experience for a Grade 15 management or Senior Executive position (*id.* ¶¶ 40-41) and that he has been among the best qualified candidates for various positions (*see, e.g., id.* ¶¶ 78, 89), he claims that he has been denied promotions because of his race, age, and participation in EEO proceedings in violation of Title VII and the ADEA (*id.* ¶¶ 195, 200, 204).

From at least 1989 to 1998, plaintiff worked for the Customs Agency ("Agency") in its San Diego office. (Compl. ¶¶ 37-39.) In 1991 and 1996, Agency employees in that office accused plaintiff of misconduct (*id.* ¶ 17), and following investigations by the Agency, FBI, DEA and Department of Justice, plaintiff was subsequently cleared of any misconduct (*id.* ¶ 18). In 1993 and 1997, plaintiff filed claims with the Merit Systems Protection Board ("MSPB"), alleging discrimination by the Agency with regard to its handling of the misconduct charges. (*Id.* ¶ 19). Pursuant to a settlement agreement, plaintiff was assigned to a GS-1801-13 position in the Office of Field Operations at Agency Headquarters in Washington, D.C., as of June 5, 1998, and received "two years of leave without pay during which time he was deemed to have received credit for two years of headquarters experience." (*Id.* ¶¶ 21-22.) Plaintiff reported for duty in Washington, DC, on July 1, 2000. (*Id.* ¶ 24.)

In addition to the two years of Headquarters experience that plaintiff gained pursuant to the settlement agreement, plaintiff claims to have over fifteen years of the equivalent of Headquarters experience by virtue of assignments he completed for

2

Headquarters during his career with the Agency. (Compl. ¶¶ 42-47.) Moreover, plaintiff asserts that he has demonstrated proficiency in both oral and written communication (*id.* ¶¶ 48-54), that he has received excellent performance reviews throughout his career (*id.* ¶ 55-60), and that he has received numerous awards for outstanding performance (*id.* ¶¶ 61-66). He further asserts that his supervisor at Headquarters, Robert Jacksta, has repeatedly praised the quality of his work (*id.* ¶ 59) and has never "communicated any negative opinion regarding [his] writing skills or efficiency or completion of assignments on any informal or formal, verbal or written, performance review (*id.* ¶ 60). Notwithstanding this, plaintiff alleges that over a two-year period, Mr. Jacksta had nineteen opportunities to recommend him for a promotion, but repeatedly declined to recommend him for a promotion. (*Id.* ¶¶ 75-76.)

Throughout his Complaint, plaintiff challenges his non-selection for numerous promotions despite being among—in his estimation—the best qualified to receive them.[1] He contends that Mr. Jacksta declined to recommend him for promotion because of his race, age, and/or participation in EEO proceedings. (Compl. ¶¶ 174-75.) On July 1, 2001, Mr. Jacksta reassigned plaintiff from the Land Section to the Passenger Data Analysis Team within the Division of Passenger Programs. (*Id.* ¶ 176.) Plaintiff alleges that he was ordered to accept the reassignment while three "younger, non-Mexican

---

[1] The positions for which plaintiff challenges his non-selection are vacancy numbers: HEADQ/00-304KBS, a Grade 14 Customs Inspector position (Compl. ¶¶ 77, 88, 144); HEADQ/99-432GH (*id.* ¶ 84); HQOFO/01-005KBS, a Grade 14 Customs Inspector position (*id.* ¶¶ 96, 103, 164); HEADQ/00-305KBS, a Supervisory Field Operations Specialist, Grade 14 position (*id.* ¶ 129); HEADQ/00-402CAL, a Grade 13/14 Customs Inspector position (*id.* ¶ 137); HQOFO/00-006KBS, a Grade 14 Supervisory Field Operations Specialist position (*id.* ¶ 150); and HQOFO/01-018KBS, a GS-14 Supervisory Customs Inspector position (*id.* ¶ 161).

3

American employees without prior EEO activity . . . were given the *option* of reassignment." (*Id.* ¶¶ 178-79 (emphasis in original).) Effectively claiming disparate treatment, plaintiff contends that Mr. Jacksta forced him to be reassigned in order to "decrease[ his] visibility, thereby decreasing his chances for promotion." (*Id.* ¶ 189.)

## ANALYSIS

Federal Rule of Civil Procedure 8(a) requires that a complaint contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of Rule 8's requirement is to give fair notice to defendants of the claims being asserted, sufficient to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." *Id.* While a plaintiff is not required to "'plead law or match facts to every element of a legal theory'" in his/her complaint, *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (quoting *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000)), the complaint must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). Moreover, as required by Federal Rule of Civil Procedure 10(b), "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

Though the burden imposed by Rule 8(a) is "by no means exacting," *Brown*, 75 F.R.D. at 499, plaintiff's Complaint falls far short of the admittedly liberal standard established by the Rule. Plaintiff's Complaint lacks the required specificity to enable defendant to understand the precise nature of the claims against him. Though plaintiff details numerous promotions that he did not receive while with the Customs Agency in the "Facts Compelling a Liability Finding" section of his Complaint, his "Statement of Claims" fails to specify which of these non-selections form the basis of his suit. As defendant rightfully notes, "[t]his type of 'shot-gun' pleading effectively precludes Defendant from fashioning a coherent answer to the Complaint, and, at the discovery stage, could force Defendant to litigate a host of discovery issues unnecessarily." (Def.'s Reply Mem. to Pl.'s Opp'n to Def.'s Mot. Dismiss or for More Definite Stmnt. ("Reply") at 2.)

This Court has held that "[m]ere allegations of systematic discrimination . . . do not suffice to state a claim" and that a plaintiff must specify which non-promotions form the basis of his claims. *Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F. Supp. 33, 36 (D.D.C. 1978). Plaintiff argues that, while not all of the non-promotions described in his Complaint form the basis of his claims, he can nonetheless use such non-actionable facts as "background evidence" (Pl.'s Opp'n & Resp. to Def.'s Mot. Dismiss, or in the Alt., for More Definite Stmnt. ("Pl.'s Opp'n") at 5-6); yet, plaintiff fails to distinguish such "background evidence" from the alleged discriminatory conduct that forms the basis of

5

his actionable claims.[2] Moreover, the general allegations of unlawful conduct in his claims fall far short of meeting the requirement of Federal Rule of Civil Procedure 10(b) that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). Accordingly, for the foregoing reasons, defendant's Motion for a More Definite Statement is GRANTED. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[2] The Supreme Court has noted:

> When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings. The district judge has two primary options prior to permitting any discovery at all. First, the court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil Procedure 7(a), or grant the defendant's motion for a more definite statement under Rule 12(e). Thus, the court may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment.

*Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) (internal quotation marks and citation omitted).