UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS,<br>    Plaintiff<br>         v.<br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE,<br>    Defendant | Civil Action No.: 05-1507 (GK)<br>                06-0255 (GK) (con) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
### TO DISMISS OR FOR SUMMARY JUDGMENT,

Defendant Mike Johanns, Secretary of the U.S. Department of Agriculture has filed a Motion to Dismiss, or in the Alternative, For Summary Judgment. Defendant alleges the Court lacks subject matter jurisdiction, that Plaintiff has failed to state a claim, and that no genuine issue of material fact exists. Plaintiff Linda Lewis hereby opposes the Motion on each of its claims and provides in support of opposition the accompanying Memorandum of Points and Authorities. Plaintiff moves to strike from the record the affidavit and attachments submitted with Defendant's motion because they are outside the record and some portions of the copies provided are illegible, Plaintiff respectfully asks that the Court deny Defendant's Motion.

_/s/ Linda M. Lewis_                                 3/7/07

Linda M. Lewis (*pro se*)                           Date

2400 Wynncrest Cir. #10105
Arlington, VA 76006
(202) 210-8539

**RECEIVED**
MAR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS,<br>　　　Plaintiff<br>　　　　v.<br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE,<br>　　　Defendant | )<br>)<br>)<br>)　Civil Action No.: 05-1507 (GK)<br>)　　　　　　　　06-0255 (GK) (con)<br>)<br>)<br>) |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### I. Preliminary Statement

Plaintiff *pro se* Linda Lewis has filed with the Court two complaints, No. 05-1507 and No. 06-255, which are consolidated as Plaintiff's Consolidated Amended Complaint, 05-1507. The complaints describe discrimination and retaliation that the Plaintiff suffered at the U.S. Department of Agriculture, where Plaintiff was an employee from September, 1992 to October, 2005. In detail, the pleading record describes a years long pattern of egregious discrimination, retaliation, violations of Plaintiff's privacy and repeated denials of due process. Plaintiff asserts that this Court has jurisdiction to hear her claims, that remedies are available and that Plaintiff has suffered injuries deserving of remedy. Discovery and trial are justified because material issues are in dispute and because the Defendant has possession of evidence the Plaintiff reasonably believes will support her claims.

Plaintiff hereby responds to Defendant's allegations in his February 7 Motion to Dismiss, or in the Alternative, For Summary Judgment with accompanying Memorandum. Defendant's Motion to Dismiss is inappropriate. Moreover, it provides a blizzard of incorrect assertions

providing a misleading impression of the case and case law. Plaintiff, who is pro se, nevertheless is compelled to respond to the massive brief that, with attachments, totals more than 100 pages, lest the incorrect information stand unopposed in the record.

## II. Facts and Points

**1. The Court has jurisdiction to hear the types of claims in this case**

This Court has jurisdiction to hear claims filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633 ("ADEA"), disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, and Constitutional law.

**2. Plaintiff has conscientiously pursued all administrative remedies and has met all prerequisites.**

Plaintiff's claims, therefore, are properly in this Court. In response to a continuing pattern of discrimination and retaliation that covered the 13 years of Plaintiff's employment at the U.S. Department of Agriculture, the Plaintiff was compelled to file multiple claims with the Defendant Agency's Civil Rights Office. The claims include, but are not restricted to the following (see also Plaintiff Affidavit).

Agency Complaints 970252, 990200, 990986, 00187, 98005, and more recently, complaints filed May 14, 2004, December 10, 2004, and March 8, 2005.

Complaint Numbers 990986, 990200, and 000187 were consolidated for investigation, then consolidated with 970252 as EEOC Complaint #100-A1-7163X.

An EEOC Decision (Appeal #01A10033) dated February 12, 2003, ordered consolidation of Agency Complaint Number 980005 with complaints previously consolidated as #100-A1-7163X, or in the alternative, Plaintiff could file 980005 in U.S. District Court.

An Individual Right of Appeal, on my whistleblower claims was filed with the MSPB on April 11, 2003.

Based on the EEOC's February 12 decision letter, complaint 98005 was filed as a civil complaint #03-1027 (GK), Lewis v. Veneman, in U.S. District Court for the District of Columbia.on May 9, 2003.

In an October 21, 2003, order, the EEOC remanded #100-A1-7163X to the Agency, pending MSPB decision.

A complaint filed on May 15, 2004, alleging that the agency failed to control highly sensitive personnel records including Agency orders for a mental status exam and supervisor notes alleging that I was crazy and a threat to coworkers.

On May 30, 2004, the MSPB issued an Initial Decision dismissing my claims under 5. U.S.C. section 1214(a)(3) Judge Bogle ruled, "In summary, because appellant has not made non-frivolous allegations that she engaged in whistleblowing activity by making a protected disclosure, and the disclosure was a contributing factor in a covered personnel action, she has not established the Board's jurisdiction over her IRA appeal."

The MSPB issued its final decision on July 22, 2004.

Based on past USDA delay in processing complaints, I had reason to expect that USDA could take more than 180 days to act on the EEOC's remand order, triggered by the July 22 MSPB decision.

After several months had passed with no word, I called USDA's civil rights office and inquired about the status of the remanded consolidated complaints, but was unable to obtain any information.

When USDA issued its Final Decision and right to sue letter, dated April 15, 2005, regarding the May 15, 2004, complaint, I decided to file the complaint in U.S. District Court.

For judicial efficiency, I filed the consolidated complaints with the May 15, 2004 complaint as 05-1507 (GK)

### 3. Defendant incorrectly alleges that earlier complaints bar Plaintiff's current Complaint

a) Lewis v. Ridge

Defendant knowingly creates a misleading impression of Plaintiff's earlier complaints. In stating that Lewis v. Ridge, 03-1788 (GK) was "a similar Title VII action dismissed with prejudice," As the Court's record shows, that complaint was filed against a different federal agency, the Federal Emergency Management Agency (FEMA), and concluded with a settlement by the agency. Plaintiff's USDA position required her to work with FEMA officials, who discriminated against her and admitted to an investigator that they had retaliated for Plaintiff's suit against Argonne National Laboratory, a FEMA contractor.

b) Lewis v. Veneman

Defendant's reference to Lewis v. Veneman, et al, 03-127(GK), filed May 9, 2003, provides no basis for barring Plaintiff's claims the Consolidated Amended Complaint, 05-1507 (GK). Lewis v. Veneman was dismissed without prejudice in the absence of evidence that Plaintiff's attorney, David Nolan, served it on the parties. There was no requirement to file the claims in 03-127 (GK) at that time. Plaintiff's consolidated complaints were still under

consideration by the Equal Employment Opportunity Commission (EEOC). In his order, Judge Richard Schneider, stated that Plaintiff had the option to file the complaint, 98005, in federal court or have it consolidated with previously consolidated claims.

Subsequently, Judge Schneider issued an order remanding Plaintiff's consolidated claims back to the Agency pending a decision in Plaintiff's MSPB Case (see affidavit) regarding certain whistleblower claims. The MSPB issued a decision on DATE denying a hearing on the whistleblower claims. That should have triggered USDA action on Plaintiff's EEO claims per Judge Schneider's order, which also made the Agency responsible for informing the Plaintiff of her appeal rights. But, the Agency failed ever to inform the Plaintiff of her rights or the status of the remand..

Plaintiff has never received a hearing on any of the claims against Defendant cited in 05-1507(GK). Discovery at the administrative stage was limited in the complaints. In CASE May 14, 2004 complaint, there was no discovery because the Agency improperly refused formal investigation based on its erroneous claim of untimeliness. In the December 10, 2004, complaint, the Agency refused to respond to Plaintiff's properly filed discovery requests. The Agency apparently failed to act on Plaintiff's March 2005 complaint.

Defendant makes another misleading allegation in alleging that Plaintiff "never responded to Defendant's motion [to Dismiss], and surely is aware that Judge Kessler stopped the clock at the scheduling conference, so that Plaintiff might take additional time to find an attorney, at Judge Kessler's suggestion. In alleging that the Plaintiff filed "numerous motions for extension of time," Defendant ignores its more numerous requests for extensions, filed DATES. Plaintiff already has described the difficulty in preparing amended complaints per the September 6 status conference decision to grant Plaintiff leave to file amended complaints in the two cases,

but left open the option to not file amended complaints. Repeated hospitalization of Plaintiff's father and Plaintiff's own debilitating illness, plus displacement of her legal files in a cross-country move, limited Plaintiff's time and ability to prepare the amended complaints. Plaintiff was able only to amend 05-1507 and did not have access to many documents that would have provided specific dates and other details. The continuous nature of the discrimination and retaliation, made it difficult to explain Plaintiff's claims due to the fact that complaints did not arrive at Court in chronological order. At Defendant's request, Plaintiff asked the Court for permission to consolidate the complaints, and to make a small number of changes. Plaintiff disputes Defendant's characterization of the Consolidated Amended Complaint as a "Second" amended complaint, as 06-0255 was not amended previously and changes were made in the consolidation mainly to correct typographical errors and to ties the complaints into a comprehensible whole.

Defendant Protests that the Court has no jurisdiction of whistleblower claims under 5 U.S.C. section 23029b)(8) – but the Plaintiff didn't include such a claim. Defendant provides no clues as to the source of its concern, except for a footnote referring to Plaintiff's criticism of the FSIS COOP and CSEPP plans, described in the facts of the Complaint. Nevertheless, Plaintiff believes that disclosures of waste, fraud and abuse are relevant to the discrimination claims because they provide evidence that Plaintiff's was an exceptionally able and conscientious employee, and show discriminatory retaliation by supervisors.

## 4. Defendant incorrectly alleges that Plaintiff's complaints are untimely

Defendant alleges that Plaintiff's May 14, 2004 informal complaint is untimely. In the process, Defendant ignores evidence provided in Defendant's own attachments. This includes a copy of the Plaintiff's faxed complaint (previously presented to the Court along with an errata

notice DATE). Unlike Plaintiff's copy, Defendant's copy bears a fax receipt time and date confirming that Defendant received the complaint on May 14, 2004. Thus, Plaintiff met the requirements of 42 U.S.C. section 2000e-16(c) (check)

Defendant makes no attempt to dispute the authenticity of the document (for there is no basis to do so) but persists in falsely claiming that Plaintiff's first contact was on May 27, 2004, and on another occasion, claimed still another date. Per an attached affidavit (McGrath Declaration), Defendant suggests that later correspondence from Plaintiff, citing May 27, justifies ignoring the undisputed fact that Plaintiff filed a complaint on May 14. In her letter, Plaintiff was complaining about the fact that USDA officials had provided two different dates for the contact. In citing the May 27 date, Plaintiff was relying on the accuracy of earlier Agency correspondence which was at hand. Soon afterward, Plaintiff consulted her original complaint, realized the error and promptly provided the correct date, May 14, to the EEO counselor, Arthur Simmons. Among the attachments provided by the Defendant is a copy of Plaintiff's May 14 faxed complaint, with a fax header confirming receipt of Plaintiff's filing on that date.

Defendant mischaracterizes the requirement for filing a formal complaint of discrimination when it claims Plaintiff was required to file a formal complaint of discrimination within 15 calendar days" per a "November 14, 2004 letter." Agency correspondence and EEOC procedures state that employees have "15 days from receipt" of the notice to file a formal complaint. USDA correspondence frequently has been delayed in arrival, often due to an incorrect address, despite Plaintiff's filing of address changes. Indeed, the address on the referenced November 14 letter is addressed to "8710 Hayshed Lane, Columbia, MD." At the time, Plaintiff lived in Silver Spring, Maryland. Plaintiff's recollection is that she was timely in responding to every notice of the right to file a formal complaint. Defendant has not provided

any documentation that its November 14 dated letter actually was mailed on that date or any documentation of the date of delivery at the correct address. On July 29, 2005, Plaintiff filed the claim in U.S. District Court, as cv 05-1507,

Outrageously, the McGrath Declaration falsely describes the complaints Plaintiff has filed with the Defendant Agency by including none of Plaintiff's complaints filed prior to May, 2004. Mr. McGrath is fully aware of Plaintiff's earlier complaints, filed between 1996 and 1999, because he previously met with Plaintiff and her attorney to review the investigators' reports. Mr. McGrath's false assertion is typical of the Defendant Agency's handling of Plaintiff's complaints. Plaintiff attaches documentation of the earlier complaints and hopes that the Court will impose sanctions on the Defendant..

## 5. Defendant incorrectly alleges that Plaintiff "consistently failed to exercise due diligence in pursuing her claims

Unlike USDA officials, who repeatedly missed deadlines for responding to Plaintiff's claims, Plaintiff has consistently complied with deadlines in the processing of each of her claims at the administrative stage. Plaintiff also has complied with deadlines applicable in this Court, else filed a motion for extension. Plaintiff is forced by financial circumstances to proceed pro se, and thus needs more time than an experienced attorney would require to file pleadings and respond to motions. But, the Defendant, who has a staff of attorneys, interestingly has applied for multiple extensions [see Docket for 05-1507 (GK) while providing no credible explanation for the delays.

Beyond the handicap of lacking legal experience, Plaintiff struggles with the effects of an autoimmune disorder, which worsened in the last year of her USDA employment (ending October 2005) and since leaving the Agency, has filed a disability claim with the Office of

Personnel Management. During several months in the summer and fall of 2006, Plaintiff's father was repeatedly hospitalized with a life-threatening illness.

### 6. Defendant's Motion to Dismiss Should Be Denied

Defendant misapplies the standards for review of a motion to dismiss by implying that the Complaint lacks supporting facts. Defendant misinterprets case law by alleging that "a court may look beyond the allegations o f the complaint, consider affidavits and other extrinsic information and ultimately weight the conflicting evidence" citing the case of Rann v. Chao, 154 F. Supp.2d at 64. However, the cited case is distinctly different from the current one in that Rann adamantly refused to comply with requests for information in the formal investigation and in made no good faith effort to take part in the administrative process. The decision in Rann applied only to ADEA cases. Defendant's Motion makes no such allegations about the Plaintiff, who complied with and welcomed investigation of her complaints.

Rann's case involved claims under ADEA and apparently involved a single administrative case. In contrast, Plaintiff filed multiple complaints with the Defendant between 1996 and 2005, and with good faith patiently and cooperatively pursued those claims through the administrative process, only to see the claims disappear into a black hole one the EEOC remanded them to the Defendant (Agency).

Regarding Plaintiff's December 10, 2004 complaint, Plaintiff cooperated fully with the investigator and in good faith attempted to pursue the complaint with the EEOC. However, both the Defendant and the administrative law judge assigned to the case failed to proceed in good faith. Defendant and the Judge had an ex parte discussion of the matters of the case, Defendant obstructed efforts of Plaintiff to depose witnesses, the Judge failed to respond to Plaintiff's motion to compel, and Defendant failed to provide any documents or answers in response to

Plaintiff's written discovery requests. Seeing no possibility of an equitable review and dissatisfied with the process, and more 180 days having passed since the filing of the complaint in December 10, 2004, Plaintiff filed suit in U.S. District Court on February 13, 2006.

Defendant again misinterprets case law by alleging that Plaintiff is obliged to meet "all elements of a cause of action," to avoid dismissal. As Plaintiff describes more fully below, the Supreme Court has ruled that a pleading prior to discovery is not required to prove all elements. Swierkewicz v. Sorema, 545 U.S. 506 (2002).

### 7. Defendant's Motion for Summary Judgment in the Alternative Should Be Denied

Defendant inaccurately characterizes the standards for summary judgment, blithely stating that "if matters outside the pleadings are considered, generally the motion shall be treated as one for summary judgment under Rule 56. Defendant further states, "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]the moving party is 'entitled to judgment as a matter of law." Cites Celotex Corp. Defendant misapplies the case, which is distinctly different from Plaintiff's. In Celotex, the parties had conducted discovery. The applicable rule for Plaintiff's case was set out by Justice Clarence Thomas in Swierkewicz v. Sorema, 545 U.S. 506 (2002).

> This case presents the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). We hold that an employment discrimination complaint need not include such facts and instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Justice Thomas made clear that McDonnell Douglas does not apply to a pleading "before the reception of any evidence either by affidavit or admissions."

This court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.

### 8. The complaint gives defendant fair notice of claims

Defendant admits that Plaintiff is not required to "plead law or match facts to every element of a legal theory" in the complaint. (Sparrow v. United Airlines, Inc.) But, Defendant inaccurately alleges that Plaintiff makes only "conclusory allegations" and "sweeping and unwarranted averments of fact."

Fed.R.Civ.P. 8(a) states that "a pleading which sets forth a claim for relief" "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdication to support it, (2) a short and plan statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Rule 8(e)(1) of the Federal Rules of Civil Procedure states:

"Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required."

Rule 8(f) states, "All pleadings shall be so construed as to do substantial justice."

The sufficiency of a pleading was addressed in the U.S. Supreme Court case of Swierkiewicz v. Sorema, 534 U.S. 506 (2002).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the claims.

In accordance with the Federal Rules of Civil additional claims the Plaintiff could include if time and the Court allowed. Plaintiff suffered an extraordinary number of abuses at USDA, including many that occurred outside the timeframe covered by the administrative complaints. Defendant is well aware of the administration claims, when they were filed, the claims and the bases. The necessity of providing context to the claims required the Plaintiff to include a brief explanation of the period prior to the first of the current claims, filed in 1996. Otherwise, Plaintiff would be hard put to find anything in the complaint that does not reflect the claims before this Court, and the claims are reasonably apparent.

## 9. The Complaint Adequately Alleges Sex and/or Gender Discrimination Claims

The Complaint alleges facts that support a finding of "failing to promote and disparagement of plaintiff constitute willful, intentional and unlawful discrimination" in violation of Title VII. Plaintiff also cites E. O. 12968, which prohibits animus toward security clearance applicants for their gender or for seeking psychological counseling. But for Plaintiff's prior protected civil rights activity and her gender:

she would not have been denied assignments through the Radiological Emergency Preparedness program and the Chemical Stockpile Emergency Preparedness Program, despite superior knowledge and achievements. (see

she would not have would not have been replaced by a younger and less qualified male coworker, Ronald Graham, as the coordinator of an 2004 USDA exercise (see ..)

she would not have been denied training and assignments of any kind for a period of 3 ½ years.

She would not have been subjected to a mental status examination twice over the objections of USDA's Chief Medical Officer

She would not have been threatened by supervisor George Bickerton who angrily shouted that he would put an end to her complaints.

These and other acts of discrimination consitiuted a hostile environment.

This ongoing retaliation constitutes a violation of the Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. section seq. Plaintiff also refers to E.O. 12968, as an authority for determining that discrimination occurred in the Agency's handling of her security clearance, and looks to Title VII for relief from that discrimination, which included statements in the investigative report that provide direct evidence of hostility toward Plaintiff's prior civil rights activity and a perceived mental disability.

Defendant outrageously characterizes the incidents described in the Complaint as "a description of everyday interactions with supervisors and coworkers regarding work assignments and other work-related matters." It is incomprehensible that anyone would view forced administrative leave for 3 ½ years with no explanation as either an "everyday" event, much less an "assignment." Nor could any reasonable person view as an "everyday" event management's order for the Agency's Chief Medical Officer to recant his medical opinion upon demand from supervisors who lacked medical training.

As Plaintiff stated earlier in this memorandum, there is not requirement for a plaintiff to establish a prima facie case prior to discovery. Defendant's reference to Major v Plumbers Local Union No. 5 is at odds with the Supreme Court decision in Swierkiewicz V. Sorema, *534 U.S. 506.*

## 14. Genuine material issues are in dispute

The Defendant has never provided a credible, non-discriminatory reason for keeping the Plaintiff on administrative leave for more than three years, has not provided that an its revocation

of her security clearance was authorized by an individual with the authority to revoke it, has not provided a non-discriminatory reason for marginalizing the Plaintiff for 13 years despite fully successful performance appraisals, or for denying Plaintiff her within-grade increases.

**15. The defendant has control of evidence that supports plaintiff's claims**

The Plaintiff believes the Agency has documents related to her claims, including documentation of its handling of the job announcements, correspondence and documents produced by Sally Stratmoen, documentation of employee ages and assignments, and the Plaintiff's medical file, including original tests and notes of Dr. Sarah Reagan

**16. The issue of whistleblower claims that Defendant's address in their brief simply is not mentioned in the Complaint, therefore, it is moot.**

## CONCLUSION

Plaintiff pro se Linda Lewis' current Complaint adequately meets all requirements to be heard in this Court. Nevertheless, were it not for unusual circumstances, Plaintiff could have, and would have, provided additional detail supporting her claims. The Plaintiff is able and willing to provide additional information if it the Court requests. Plaintiff posses a substantial body of documentary evidence, deposition statements and affidavits to support her claims, and offers to provide additional information in the form of an amended complaint. (Plaintiff notes that her claims have been substantially amended only once, in addition to the consolidation that included only slight revisions for the efficiency of the Court.)

Plaintiff requests that the Court reject Defendant's Motion to Dismiss and stay any motion for summary judgment until Discovery has been completed.

_Linda M. Lewis_   3/7/07

Linda M. Lewis (*pro se*)   Date

2400 Wynncrest Cir. #10105
Arlington, VA 76006
(202) 210-8539

# CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, Summary Judgment, was served upon the Defendant this ___ day of March, 2006, at the following address:

> Megan L. Rose,
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W. – Civil Division
> Washington, D.C. 20530
> (202) 514-7220

Signed,

*Linda M. Lewis*
Linda M. Lewis (*pro se*)

2400 Wynncrest Cir. #10105
Arlington, VA 76006
(202) 210-8539