UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| . LINDA M. LEWIS,<br>      Plaintiff<br>      v.<br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE,<br>      Defendant | )<br>)<br>)<br>)  Civil Action No.: 05-1507 (GK)<br>)                     06-0255 (GK) (con)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
STATEMENT AND ATTACHMENTS**

Plaintiff respectfully asks the Court to strike from the record the Statement and Attachments included with Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment.

The statement is not an affidavit, as required by Rule and the Statement does not attest to the accuracy of the documents it attaches.

The attachments provided the Plaintiff are only partly legible. Also, some, if not all, of the attachments are extraneous and outside the record, and create an unnecessary burden for the Plaintiff to respond to every fact contained within the borders of the attachments.

_____          3/7/07
Linda M. Lewis (*pro se*)                         Date

2400 Wynncrest Cir. #10105
Arlington, VA 76006
(202) 210-8539

**RECEIVED**

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Motion to Strike Defendant's Statement and Attachments, was served upon the Defendant this ___ day of March, 2006, at the following address:

> Megan L. Rose,
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W. – Civil Division
> Washington, D.C. 20530
> (202) 514-7220

Signed,

*[signature]*
Linda M. Lewis (*pro se*)

2400 Wynncrest Cir. #10105
Arlington, VA 76006
(202) 210-8539

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS,<br>　　Plaintiff<br>　　v.<br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE,<br>　　Defendant | Civil Action No.: 05-1507 (GK)<br>　　　　　　　　06-0255 (GK) (con) |

**AFFIDAVIT OF LINDA M. LEWIS, PLAINTIFF**

1.　My name is Linda M. Lewis, and I am the Plaintiff in this civil action.

2.　I was employed at the U.S. Department of Agriculture from September, 1992 to October, 2005, as a GM-13 Emergency Preparedness Specialist/GS-13 Program Analyst, in the Food Safety and Inspection Agency.

3.　This affidavit describes the nature of my complaints and certifies that the attached documents are, to the best of my knowledge, true and correct documents.

4.　The facts set forth in my Complaint describe an obvious pattern of discrimination based on my gender (female), age (over 40), and perceived (mental) disability, and retaliation for my protected prior protected activity.

5.　My prior protected activity was known to supervisors George Bickerton, Charles Danner, Ronald Hicks, Sally Stratmoen, Roslyn Robinson, Robert Conley, and other USDA officials when they took adverse actions against me.

6.　The animus toward my prior protected activity was institutionalized according to Charles Danner, who told me in approximately June, 1999, that I could expect better treatment from the Agency if I dropped my civil rights complaints.

1

7. Direct evidence of illegal animus exists toward my protected activities exists in male supervisor George Bickerton's threat to fire me, within earshot of my coworkers, for allegedly convincing another female employee to complain about sexual harassment in approximately late December, 1995.

8. Direct evidence of illegal animus toward my protected activities exists in the comments of male supervisors Charles Danner, Robert Conley and Ronald Hicks, on or about April 25, 1999, when they informed me that I would not be allowed to participate in activities of the Radiological Emergency Preparedness program because I had filed a civil rights complaint against FEMA;

9. Direct evidence of illegal animus toward my protected activities exists in George Bickerton's angry threat to "put a stop to my complaints" on June 12, 1997.

10. Direct evidence of illegal animus toward my protected activities exists in an OPM report for a reinvestigation of my security clearance suitability in August-September, 1998.

11. The OPM report includes direct evidence of illegal disability animus by Robert Conley, who was named in my EEO complaints, and told the investigator that I was "always using sick leave," and alleged that it was probably a "result of substance abuse," even though I took annual drug tests for my job, had passed every one of them, and had never abused drugs

12. The OPM report includes direct evidence of illegal disability animus by Ronald Graham, who was named in my EEO complaints, and who alleged that I had a "substance abuse problem" which he based on "a sickly look that she has sometimes."

2

13. As interpreted by the OPM "Suitability Referral Chart," the OPM report includes direct evidence of illegal animus toward a disability in its assessment of comments made by four psychologists who had treated me; although each said there was no reason to question my judgment and reliability, the investigators report gave that information an "E" rating, typically applied for "disturbing the peace" and "employment related misconduct."

14. The OPM report includes direct evidence of illegal animus toward prior protected civil rights activity in its assessment of my EEO complaints," which it gave an "A" rating, a rating typically applied to "evidence of dishonesty or fraud."

15. In other instances, illegal animus can be inferred from the close nexus in time between my protected activities and adverse actions by Agency officials aware of my protected activity.

16. After I wrote a letter to Senator Barbara Mikulski in December 1999, to complain about USDA discrimination and retaliation for my protected activities, and the complaint was forwarded to USDA, the Agency revoked my security clearance the same day it was preparing a response to the Senator.

17. In September, 1999, the Agency forced me to take a mental status exam, despite reports from my treating physicians and counselors that I was able to work, and and placed me on administrative leave for more than three years without an explanation.

18. When I requested permission to return to work, and the agency did not, it failed to accommodate a perceived mental disability.

19. The forced administrative leave was harmful to my career and reputation because it denied me training and advancement during a critical period in my profession,

3

and allowed negative rumors to spread, such as a false rumor that I had been institutionalized.

20. In response to a continuing pattern of discrimination, retaliation for protected civil rights activities and other abuses, I filed civil rights complaints with the Agency, including, but not restricted to the following:

21. Agency Complaint Number 970252, filed September 10 and November 14, 1996, citing, but not limited to, lack of assignments compared to male coworkers, discriminatory treatment at an October, 1996 exercise, and retaliation;.

22. Agency Complaint 990200, citing but not limited to, Agency's issuance of an unjustified July 9, 1998 proposal of reprimand, and twice re-issued on the eve of major holidays on November 19 and December 11, 1998, to no purpose except to cause emotional distress for the Plaintiff;

23. Agency Complaint Number 990986, citing, cut not limited to, Agency's issuance of a retaliatory reprimand and violations of due process in the agency's investigation;

24. Agency Complaint Number 00187, citing, but not limited to, Agency's placement of the Plaintiff on administrative leave with no explanation days after Plaintiff complained of discrimination and filed an EEO complaint;

25. A complaint filed May 14, 2004 citing the Agency's failure to control a personnel file containing references to the Agency's order for a mental status exam, and allegations that I was crazy and a threat to others;

26. A complaint filed December 10, 2004, citing, but not limited to a reprimand issued without due process;

4

27. A complaint filed March 8, 2005, citing but not limited to Agency's failure to hire or even respond to my applications for a Physical Scientist Position that was announced twice (for which I applied twice).

28. Complaint Numbers 990986, 990200, and 000187 were consolidated for investigation, and all complaints with the exception of 98005 were consolidated into EEOC Complaint #100-A1-7163X.

29. An EEOC Decision (Appeal #01A10033) dated February 12, 2003, ordered consolidation of Agency Complaint Number 980005 with complaints previously consolidated as #100-A1-7163X, or in the alternative, Plaintiff could file 980005 in U.S. District Court.

30. An Individual Right of Appeal, on my whistleblower claims was filed with the MSPB on April 11, 2003.

31. Based on the EEOC's February 12 decision letter, complaint 98005 was filed as a civil complaint #03-1027 (GK), Lewis v. Veneman, in U.S. District Court for the District of Columbia.on May 9, 2003.

32. In an October 21, 2003, order, the EEOC remanded #100-A1-7163X to the Agency, pending MSPB decision.

33. A complaint filed on May 14, 2004, alleging that the agency failed to control highly sensitive personnel records including Agency orders for a mental status exam and supervisor notes alleging that I was crazy and a threat to coworkers.

34. On May 30, 2004, the MSPB issued an Initial Decision dismissing my claims under 5. U.S.C. section 1214(a)(3) Judge Bogle ruled, "In summary, because appellant has not made non-frivolous allegations that she engaged in whistleblowing

activity by making a protected disclosure, and the disclosure was a contributing factor in a covered personnel action, she has not established the Board's jurisdiction over her IRA appeal."

35.  The MSPB issued its final decision on July 22, 2004.

36.  Based on past USDA delay in processing complaints, I had reason to expect that USDA could take more than 180 days to act on the EEOC's remand order, triggered by the July 22 MSPB decision.

37.  After several months had passed with no word, I called USDA's civil rights office and inquired about the status of the remanded consolidated complaints, but was unable to obtain any information.

38.  On April 15, 2005, the Agency issued a right to sue letter regarding my May 14, 2004 complaint.

39.  Believing that the Agency had no intention of ever addressing the remand, I filed my consolidated complaints with the May 14, 2004 complaint with the U.S.District Court on July 29, 2005, as cv 05-1507 (GK).

40.  When the Agency refused to cooperate with discovery in my December 10, 2004, complaint that was before the EEOC in February, 2006, I filed suit in U.S. District Court on February 13, 2006, as cv 06-0255 (GK).

6

I, Linda Lewis, do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this the 7th day of March, 2007,

_____
Linda M. Lewis
2400 Wynncrest Circle, #10105
Arlington, Texas 76006

March 7, 2007
Date

Subscribed and Sworn Before me
this 7th day of March 2007
_____
Natasha Trass Bass
Notary Public

NATASHA D. TRASS-BASS
MY COMMISSION EXPIRES
June 1, 2010

ATTACHMENT 1 (9 pp)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| Linda M. Lewis,<br>Complainant,<br><br>v.<br><br>Ann Veneman, Secretary,<br>U.S. Department of Agriculture,<br>Agency, | EEOC Case No. 100-A1-7163X<br><br>Agency Case No. 970252, et al<br><br>OCT 2 1 2003 |

### ORDER OF DISMISSAL PENDING MSPB JURISDICTION

On May 3, 2003, Complainant asserted that the Merit Systems Protection Board has jurisdiction over her claims. Therefore, the hearing for the above captioned case is canceled pursuant to Complainant's request for a hearing by the Merit Systems Protection Board. All outstanding Motions by either party are Denied, without prejudice.[2] Complainant is advised that mixed case procedures do not include hearings by EEOC Administrative Judges. Instead, regulations provide that instead of a hearing by the Commission, the Agency is to issue a final agency decision.

Therefore, this complaint is returned to the Agency for issuance of a final decision containing appropriate appeal rights.

This office will hold the report of investigation and the complaint file for sixty days, during which time the agency may arrange for their retrieval. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

It is so ORDERED.

For the Commission:

Richard E. Schneider
Administrative Judge

---

[1] The Commission has previously Ordered that all of Complainant's complaints be consolidated. Therefore, all of her complaints are dismissed jointly. See Lewis v. Agriculture, EEOC Appeal No. 01A10033 (Feb. 12, 2003).

[2] Should jurisdiction of this complaint return to the Commission, motions may be refiled.