UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



RECEIVED

APR 2 – 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| LINDA M. LEWIS, | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No.: 05-1507 (GK) |
| v. | § | 06-0255 (GK) (con) |
| | § | |
| MIKE JOHANNS, SECRETARY OF | § | |
| AGRICULTURE, | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S REVISED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

### Preliminary Statement

This Revised Opposition and Memorandum in Support replaces my previously filed Opposition and Memorandum.

Plaintiff *pro se* Linda Lewis has filed with the Court two complaints, No. 05-1507 and No. 06-255, that are currently consolidated as Plaintiff's Consolidated Amended Complaint, 05-1507 . The consolidated complaint describes discrimination and retaliation that the Plaintiff suffered at the U.S. Department of Agriculture, where Plaintiff was an employee from September, 1992 to October, 2005. In appropriate detail, the pleading record describes a years-long pattern of egregious discrimination and retaliation that includes, but is not restricted to, repeated, obviously intentional and malicious (1) violations of Plaintiff's privacy, (2) attacks on her character, (3) denials of due process and (4) infliction of emotional distress.

Plaintiff herein provides argument and evidence in support of this Court's jurisdiction to hear her claims and provide remedies. Discovery and trial are justified because material issues are in dispute and because the Defendant has possession of evidence the Plaintiff reasonably believes will support her claims.

## Issues Presented

Defendant's February 7, 2007, Motion, which includes dozens of citations of case law and totals more than 100 pages, requires Plaintiff to respond to allegations that the Court lacks jurisdiction over Plaintiff's claims. Notably, Defendant attached to its Motion a Declaration that pretended ignorance regarding the existence of several administrative complaints filed by the Plaintiff.

Three days before her Opposition was due, the Plaintiff received from the Defendant, on March 26, 2007, an eleventh-hour Final Agency Decision (FAD) dated February 23, 2007, acknowledging the existence of complaints 970252 (FSIS-1997-00252), 990986 (FSIS-1998-00986), 990200 (FSIS-1999-0200) and 000187 (FSIS-2000-00187). See Attachment ("Att.") 1. The FAD states that those complaints, as well as complaints 050274 (FSIS-2005-050274) and FSIS-2005-00167, are "dismissed in their entirety pursuant to 29 C.F.R. S 2625.107(a)(3)." The FAD further notes that "one hundred and eighty (180) days have passed since the filing of these complaints," and provides the Plaintiff with appeal rights to file the complaints with the EEOC or in United States District Court. Plaintiff considers the acknowledgement that 180 days have passed to constitute an admission that the complaints have met all administrative prerequisites.

Defendant's actions also suggest a deliberate attempt to obfuscate and confuse; to force the *pro se* Plaintiff to respond to claims based on inaccurate and misleading representations of case law and facts; and to deny the Plaintiff reasonable opportunity to review and address a

relevant Agency decision. Plaintiff requests that the Court reject Defendant's Motion to Dismiss or for Summary Judgment and consider imposing sanctions on the Defendant. In the alternative, Plaintiff requests permission of the Court to amend or refile the Complaint, to reflect the FAD, before any decision is rendered regarding dismissal or summary judgment.

## Argument

### A. The Court has jurisdiction to hear the types of claims in this case

This Court has jurisdiction to hear claims filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633 ("ADEA"), disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, and Constitutional law.

### B. Plaintiff has conscientiously pursued all administrative remedies and has met all prerequisites.

Plaintiff's claims are properly in this Court. In response to a continuing pattern of discrimination and retaliation that covered the 13 years of Plaintiff's employment at the U.S. Department of Agriculture, Plaintiff was compelled to file multiple claims with the Defendant Agency's Civil Rights Office between September, 1996, and March 8, 2005, including, but are not restricted to the following:

Agency Complaints 970252, 990200, 990986, 00187, 98005, and more recently, 050142, filed May 14, 2004, 050274, filed December 10, 2004, and 00167, filed March 8, 2005. See Lewis Affidavit, ¶¶58-66

Complaint Numbers 990986, 990200, and 000187 were consolidated for investigation, and later consolidated with 970252 as EEOC Complaint #100-A1-7163X. See Lewis Affidavit, ¶¶ 67-69

An EEOC Decision (Appeal #01A10033) dated February 12, 2003, ordered consolidation of Agency Complaint Number 980005 with complaints previously consolidated as #100-A1-7163X; in the alternative, Plaintiff could file 980005 in U.S. District Court. See Compl. 05-1507 (GK), Lewis Affidavit, ¶ 69.

An Individual Right of Appeal, on my whistleblower claims was filed with the MSPB on April 11, 2003. See Lewis Affidavit, ¶ 69.

Based on the EEOC's February 12 decision letter, Plaintiff's attorney filed complaint 98005, as a civil complaint 03-1027 (GK), Lewis v. Veneman, in U.S. District Court for the District of Columbia on May 9, 2003, in contradiction of Plaintiff's understanding and wishes. See Lewis Affidavit, ¶70.

In an October 21, 2003, order, the EEOC remanded #100-A1-7163X to the Agency, pending MSPB decision. See Lewis Affidavit, ¶72.

Plaintiff *pro se* filed a complaint with the Agency EEO office on May 14, 2004, alleging that the agency failed to control highly sensitive personnel records that included Agency orders for a mental status exam and supervisor notes alleging that I was crazy and a threat to coworkers, and documentation the Agency had failed to provide in discovery for earlier complaints. See Lewis Affidavit, ¶73, Attachment to original Complaint, 05-0517 (GK).

On May 30, 2004, the MSPB issued an Initial Decision dismissing my claims under 5. U.S.C. section 1214(a)(3)  Judge Bogle ruled, "In summary, because appellant has not made non-frivolous allegations that she engaged in whistleblowing activity by making a protected disclosure, and the disclosure was a contributing factor in a covered personnel action, she has not established the Board's jurisdiction over her IRA appeal." See Lewis Affidavit, ¶74.

The MSPB issued its final decision on July 22, 2004. Based on past USDA delay in processing complaints – including delays of two years or more in acting on Plaintiff's appeal of its security clearance revocation and its proposal to remove - Plaintiff had reason to expect that USDA could as long to act on the EEOC's remand order, triggered by the July 22 MSPB decision, which required the Agency to notify me of appeal rights.

After several months had passed with no word, I called USDA's civil rights office and inquired about the status of the remanded consolidated complaints, but was unable to obtain any information.

When USDA issued its Final Decision and right to sue letter, dated April 15, 2005, for the May 14, 2004, complaint, I decided to file the complaint in U.S. District Court. For judicial efficiency, I filed the consolidated complaints with the May 14, 2004 complaint as 05-1507 (GK).

## C. The Plaintiff's complaints are not barred by any earlier complaints.

### (1) Lewis v. Ridge (03-1788) does not bar Plaintiff's current complaint

Defendant knowingly creates a misleading impression of Plaintiff's earlier complaints. In stating that Lewis v. Ridge, 03-1788 (GK) was "a similar Title VII action dismissed with prejudice." As the Court's record shows, that complaint was filed against a different federal agency, the Federal Emergency Management Agency (FEMA), and concluded with a settlement by the agency. Plaintiff's USDA position required her to work with FEMA officials, who discriminated against her and admitted to an investigator that they had retaliated for Plaintiff's suit against Argonne National Laboratory, a FEMA contractor.

### (2) *Lewis v. Veneman, et al, (03-127) does not bar Plaintiff's current complaint.*

Defendant's reference to Lewis v. Veneman, et al, 03-127(GK), filed May 9, 2003,

provides no basis for barring Plaintiff's claims the Consolidated Amended Complaint, 05-1507

(GK). Lewis v. Veneman was dismissed without prejudice in the absence of evidence that

Plaintiff's attorney, David Nolan, served it on the parties. There was no requirement to file the

claims in 03-127 (GK) at that time and thus no time bar applied. Plaintiff's consolidated

complaints were still under consideration by the Equal Employment Opportunity Commission

(EEOC). In his order, Judge Richard Schneider, stated that Plaintiff had the option to file the

separate complaint, 98005, in federal court or to have it consolidated with previously

consolidated claims. When Plaintiff's attorney did not pursue that option by completing service

in U.S. District Court, it properly should have remained with the other complaints for

consolidation. The Plaintiff has never had a hearing on 98005 or any of the other complaints

filed against the Defendant, the Secretary of Agriculture. Subsequently, Judge Schneider issued

an order remanding Plaintiff's consolidated claims back to the Agency pending a decision in

Plaintiff's MSPB Case (see affidavit) regarding certain whistleblower claims.

The MSPB issued a final decision on July 22, 2004, denying jurisdiction and hearing on

the whistleblower claims. That should have triggered USDA action on Plaintiff's EEO claims

per Judge Schneider's order, which also made the Agency responsible for informing the Plaintiff

of her appeal rights. But, the Agency failed ever to inform the Plaintiff of her rights or the status

of the remand.

### (3) *Plaintiff's administrative complaints are not time barred.*

Plaintiff never previously received a hearing on any of the claims against Defendant cited

in 05-1507(GK). Discovery at the administrative stage was limited and did not allow the

Plaintiff access to all pertinent evidence, as shown by documents cited in the May 14, 2004 complaint. Those included evidence of Agency hostility toward a perceived disability of the Plaintiff and her protected activities that had been withheld by the Agency from earlier discovery. With regard to the May 14, 2004 complaint, there was no discovery and no hearing because the Agency improperly refused formal investigation based on its false claim of untimeliness. The evidence and Plaintiff's affidavit confirm that the complaint was timely filed with the Agency on May 14, 2004, and with the Court, on July 29, 2005. See Complaint; Lewis Affidavit

Defendant provides no credible argument to support its claim that Plaintiff's May, 2004, complaint was untimely. The Agency's attachments to its Motion include a copy of the Plaintiff's faxed complaint bearing a fax receipt time and date confirming that the complaint not only was sent on May 14, but received on May 14, 2004. Furthermore, the fax was sent after the Plaintiff telephoned the EEO office and verbally confirmed that she was filing a complaint.

Plaintiff does not dispute the authenticity of the document, and there is no basis to do so, but nevertheless persists in falsely claiming that Plaintiff's first contact was on May 27, 2004. Per an attached affidavit (McGrath Declaration), Defendant suggests that later correspondence from Plaintiff justifies ignoring the actual filing date because the later correspondence included an error that originated with the Agency. In citing a May 27 date in later correspondence, Plaintiff was relying on the accuracy of Agency correspondence that gave that date because the original fax was not at hand. Soon afterward, Plaintiff consulted her original complaint, realized the error and promptly provided the correct date, May 14, to the EEO counselor, Arthur Simmons. The Agency nevertheless continued to assert that filing date was May 27, in addition to another erroneous date it cited in its correspondence. See Lewis Affidavit, ¶82-84.

Plaintiff timely filed the December 10, 2004, complaint, but, again, did not receive a

hearing, or even a response to her properly filed discovery requests.  Plaintiff filed the Complaint

in U.S. District Court, on February 13, 2006, which was more than 180 days later. See Lewis

Affidavit, ¶88..

Plaintiff included with the December 10, 2004, complaint her complaint filed March

2005, which also was more than 180 days old.  See Lewis Affidavit, ¶86.

**D.  Plaintiff's complaints are not barred by failure to show diligence in pursuing her claims.**

Plaintiff was not required, as the Defendant alleges, to respond to Defendant's earlier

motion to dismiss because Judge Kessler, at the initial scheduling conference, stopped the clock

in order for the Plaintiff to look for an attorney, which was Judge Kessler's suggestion. In

alleging that the Plaintiff filed "numerous motions for extension of time," Defendant ignores his

numerous requests for extensions, and ignores the grounds on which Plaintiff requested and was

granted extensions, based on genuine emergencies.  Defendant also ignores his own

extraordinary delay in responding to Judge Schneider's remand order.

A September 6, 2006, status conference decision by Judge Kessler gave the Plaintiff

leave to file amended complaints in the two cases, but left open the option to not file amended

complaints, and further ordered that Plaintiff would have 30 days to respond to any Defendant

motions upon issuance of a Court order to that effect.

Repeated hospitalization of Plaintiff's father and Plaintiff's own debilitating illness, plus

displacement of her legal files in a cross-country move, limited Plaintiff's time and ability to

prepare the amended complaints. Plaintiff did not have access to many documents that would

have provided specific dates and other details, and was able only to amend Complaint 05-1507

(GK).  The continuous nature of the discrimination and retaliation, the difficulty of explaining

claims that did not arrive at the Court in chronological order, and Defendant's request for consolidation of the complaints provided reasonable bases for Plaintiff to request permission of the Court to consolidate the complaints. Plaintiff disputes Defendant's characterization of the Consolidated Amended Complaint as a "Second" amended complaint, as 06-0255 was not amended previously and changes were made in the consolidation served mainly to correct typographical errors and provide transitions between the original complaints.

Unlike USDA officials, who repeatedly missed deadlines for responding to Plaintiff's claims, Plaintiff has consistently complied with deadlines in the processing of each of her claims at the administrative stage. Plaintiff also has complied with deadlines applicable in this Court, else filed a motion for extension. Plaintiff is forced by financial circumstances to proceed pro se, and thus needs more time than an experienced attorney would require to file pleadings and respond to motions. But, the Defendant, who has a staff of attorneys, interestingly has applied for multiple extensions [see Docket for 05-1507 (GK) while providing no credible explanation for the delays.

Beyond the handicap of lacking legal experience, Plaintiff struggles with the effects of an autoimmune disorder, which worsened in the last year of her USDA employment (ending October 2005) and since leaving the Agency, has filed a disability claim with the Office of Personnel Management. During several months in the summer and fall of 2006, Plaintiff's father was repeatedly hospitalized with a life-threatening illness.

Defendant mischaracterizes the requirement for filing a formal complaint of discrimination when it claims Plaintiff was required to file a formal complaint of discrimination within 15 calendar days" per a "November 14, 2004 letter." Agency correspondence and EEOC procedures state that employees have "15 days from receipt" of the notice to file a formal

complaint. USDA correspondence frequently has been delayed in arrival, often due to an incorrect address, despite Plaintiff's filing of address changes. Indeed, the address on the referenced November 14 letter is addressed to "8710 Hayshed Lane, Columbia, MD." At the time, Plaintiff lived in Silver Spring, Maryland. Plaintiff's recollection is that she was timely in responding to every notice of the right to file a formal complaint. Defendant has not provided any documentation that its November 14 dated letter actually was mailed on that date or any documentation of the date of delivery at the correct address. On July 29, 2005, Plaintiff filed the claim in U.S. District Court, as Complaint 05-1507 (GK).

The McGrath Declaration falsely describes the complaints Plaintiff has filed with the Defendant Agency by including none of Plaintiff's complaints filed prior to May, 2004, for which the Agency issued multiple Reports of Investigation, participated in discovery, and filed numerous motions. Mr. McGrath is surely aware of Plaintiff's earlier complaints, filed between 1996 and 1999, because it is Plaintiff's recollection that he previously met with her and her attorney to review the investigators' reports for those complaints. See Lewis Affidavit, 88.

Plaintiff notes that the misleading Declaration is typical of the Defendant Agency's handling of Plantiff's complaints, and believes the Agency's blatant subterfuge deserves to be sanctioned.

**E.   Plaintiff's complaint does not assert whistleblower claims under 5 U.S.C. section 23029(b)(8).**

Defendant protests that the Court has no jurisdiction of whistleblower claims under 5 U.S.C. section 23029(b)(8). However, the current Complaint does not make such a claim. Defendant provides no clues as to the source of its concern, except to provide a footnote referring to Plaintiff's criticism of the FSIS "COOP" and "CSEPP" plans, mentioned in the

10

Complaint. Plaintiff believes that disclosures of waste, fraud and abuse are relevant to the discrimination claims because they provide evidence that Plaintiff was an exceptionally able and conscientious employee, and are relevant to showing discriminatory retaliation by supervisors, who resented Plaintiff's rational criticism of wrongdoing and neglect by men, but readily tolerated unfounded criticisms of the Plaintiff by men like Robert Conley. See Complaint; Lewis Affidavit.

**6. The Court should deny Defendant's Motion to Dismiss**

Defendant misapplies the standards for review of a motion to dismiss by implying that the Complaint lacks supporting facts.

Defendant misinterprets case law by alleging that "a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information and ultimately weight the conflicting evidence" citing the case of Rann v. Chao, 154 F.Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C.Cir. 2003), cert. denied, 125 S.Ct.35 (Oct. 4, 2004). The cited case is distinctly different from Plaintiff's in that Rann adamantly refused to comply with requests for information in the formal investigation and Rann made no good faith effort to take part in the administrative process. Defendant's Motion makes no such allegations about the Plaintiff, who complied with and welcomed investigation of her complaints. Moreover, Rann's case involved a single administrative complaint restricted to claims under the ADEA. In contrast, Plaintiff filed multiple complaints with the Defendant between 1996 and 2005, did patiently, persistently, and in good faith pursue those claims through the administrative process, cooperating with investigations and deadlines, only to see the claims disappear into a black hole when the EEOC remanded them to the Defendant (Agency).

Similarly, Plaintiff cooperated fully with Agency EEO office and investigators regarding her December 10, 2004 complaint, and in good faith attempted to pursue the complaint with the EEOC. However, both the Defendant and the administrative law judge assigned to the case failed to proceed in good faith. Defendant and the Judge had an *ex parte* discussion of the matters of the case, Defendant obstructed efforts of Plaintiff to depose witnesses, the Judge failed to respond to Plaintiff's motion to compel, and Defendant failed to provide any documents or answers in response to Plaintiff's written discovery requests. Seeing no possibility of an equitable review and dissatisfied with the process, Plaintiff filed suit in U.S. District Court on February 13, 2006, which was more than 180 days past the date of filing. See Complaint; Lewis Affidavit.

Defendant again misinterprets case law by alleging that Plaintiff is obliged to meet "all elements of a cause of action," in order to avoid dismissal of the Complaint. As described in greater detail below, the Supreme Court ruled, in Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002), that, prior to discovery, a pleading is not required to prove all elements of a case.

**7. Defendant's Motion for Summary Judgment in the Alternative Should Be Denied**

The applicable rule for Plaintiff's case was set out by Justice Clarence Thomas in Swierkewicz v. Sorema, 545 U.S. 506 (2002).

> This case presents the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). We hold that an employment discrimination complaint need not include such facts and instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Justice Thomas made clear that McDonnell Douglas does not apply to a pleading "before the reception of any evidence either by affidavit or admissions," adding:

> This court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.

Similarly, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) does not apply to Plaintiff's Complaint, although Defendant cites it, because the parties in Celotex had completed discovery, unlike the parties in this case.

Defendant next cites the Federal Rules of Civil Procedure, arguing that "if matters outside the pleadings are considered, generally the motion shall be treated as one for summary judgment under Rule 56." Simultaneously, Defendant attaches a flawed Declaration and attachments apparently for the purpose, while warning the *pro se* Plaintiff with dire consequences if she does not rebut with similar documentation. Under that duress, Plaintiff provides an Affidavit and attachments responsive to issues raised by the Defendant.

In the interests of justice, Plaintiff requests that the Court strike the Statement and attachments, per the attached Motion, and set aside Defendant's Motion until discovery has been conducted or, in the alternative, to allow Plaintiff to amend or refile the Complaint per the Agency's FAD.

## 8. The complaint gives defendant fair notice of claims

Defendant admits that Plaintiff is not required to "plead law or match facts to every element of a legal theory" in the complaint, per Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). But, Defendant inaccurately alleges that Plaintiff makes only "conclusory allegations" and "sweeping and unwarranted averments of fact."

Fed.R.Civ.P. 8(a) states that "a pleading which sets forth a claim for relief" "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of

jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is

entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Rule 8(e)(1) of

the Federal Rules of Civil Procedure states:

> Each averment of a pleading shall be simple, concise and direct.  No technical forms of
> pleading or motions are required.

Rule 8(f) states, "All pleadings shall be so construed as to do substantial justice."

The sufficiency of a pleading was addressed in the U.S. Supreme Court case of

Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).

> When a federal court reviews the sufficiency of a complaint, before the reception of any
> evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue
> is not whether a plaintiff will ultimately prevail but whether the claimaint is entitled to
> offer evidence to support the claims.

Plaintiff's Complaint describes an extraordinary number of abuses, includes direct

evidence that the abuses were motivated by prohibited animus toward her protected class (prior

protected activity, perceived disability, age and sex) and includes evidence of a time nexus

between protected activities and retaliatory acts.  The claims are thus reasonably apparent from

the Complaint.  The necessity of providing context to the claims and showing motive required

the Plaintiff to include a brief explanation of the period prior to the first of the current claims,

which was filed late in 1996.  Thus, Plaintiff's claims are reflected in virtually the entire

Complaint.  See Complaint; Lewis Affidavit

## 9.  The Complaint Adequately Alleges Sex and/or Gender Discrimination Claims

The Complaint alleges facts that support a finding of "failing to promote and

disparagement of plaintiff constitute willful, intentional and unlawful discrimination" in

violation of Title VII.  Plaintiff also cites E. O. 12968, which prohibits animus toward security

clearance applicants for their gender or for seeking psychological counseling. See Complaint; Lewis Affidavit.

But for Plaintiff's prior protected civil rights activity and her gender, she would not have been denied assignments through the Radiological Emergency Preparedness program and the Chemical Stockpile Emergency Preparedness Program, despite knowledge and achievements superior to those of men assigned to them; she would not have  would not have been replaced by a younger and less qualified male coworker, Ronald Graham, as the coordinator of an 2004 USDA exercise; she would not have been denied training and assignments of any kind for a period of 3 ½ years; she would not have been twice subjected to a mental status examination over the objections of USDA's Chief Medical Officer; she would not have been threatened by supervisor George Bickerton who angrily shouted that he would put an end to her complaints.

These and other acts of discrimination comprised a hostile environment and violated the Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. section seq.  Plaintiff also refers to E.O. 12968, as an authority for determining that discrimination occurred in the Agency's handling of her security clearance, and looks to Title VII for relief from that discrimination, which included statements in an OPM investigative report that are direct evidence of hostility toward Plaintiff's prior civil rights activity and a perceived mental disability.  See Complaint; Lewis Affidavit.

Defendant's characterization of the Complaint as "a description of everyday interactions with supervisors and coworkers regarding work assignments and other work-related matters," is incomprehensible.  Putting an employee on forced administrative leave for 3 ½ years with no explanation, ordering repeated mental status exams contrary to the recommendations of mental health experts and allowing non-experts to order the Agency's Chief Medical Officer to recant

his medical opinion cannot reasonably be construed as "assignments" or "everyday" events. Importantly, the Agency has not provided a non-discriminatory explanation for these and other abuses. Thus, a reader is forced to deduce motive from the context provided in the Complaint, which shows preference to male coworkers in assignments, promotions and the absence of harassment. See Complaint; Lewis Affidavit

As Plaintiff stated previously in this memorandum, there is no requirement for a plaintiff to establish a *prima facie* case prior to discovery. Defendant's reliance on Major v. Plumbers Local Union No. 5, 370 F.Supp.2d 118, 128-29 (D.D.C. 2005) is therefore at odds with the Supreme Court decision in Swierkiewicz V. Sorema. See Complaint; Lewis Affidavit.

**10. The Plaintiff adequately alleges claims of retaliation based on prior protected EEO activity.**

The Agency retaliated illegally when it imposed a mental status exam despite a very recent fully successful performance appraisal and after the Chief Medical Officer declared her competent to hold a security clearance, when it twice put the Plaintiff on administrative leave after she threatened to file or refused to withdraw EEO complaints, and when supervisors withdrew her assignments because she had filed an EEO complaint against FEMA. See Complaint; Lewis Affidavit.

**11. The Plaintiff adequately alleges claims of discrimination based on a perceived disability.**

The Agency discriminated against the Plaintiff for a perceived mental disability when it ignored the recommendations of appropriately qualified mental health experts, disparaged her, revoked her security clearance, denied her work and assignments and informed her that no

accommodation was available to employees with "perceived" disabilities.  See Complaint; Lewis Affidavit.

**12.  The Plaintiff adequately alleges claims of denial of due process in violation of the U.S. Constitution.**

The Agency violated Plaintiff's due process when it issued a reprimand without allowing Plaintiff to dispute, explain or assert mitigating factors regarding allegations of late credit card payment; when it denied payment of Plaintiff's within-grade wage increase without providing a means to correct deficiencies and without identifying any specific deficiencies, and when it refused Plaintiff access to her medical file, a detailed explanation of the charges and representation by an expert attorney.  See Complaint; Lewis Affidavit.

**13.  The Plaintiff adequately alleges claims that Plaintiff was denied free speech rights under the U.S. Constitution.**

The Agency violated Plaintiff's free speech rights in several ways, including, but not limited to revoking her security clearance after she wrote to members of Congress about agency discrimination and wrongdoing.  See Complaint; Lewis Affidavit.

**14.  The Plaintiff adequately alleges claims that Plaintiff's rights were violated under the Privacy Act.**

The Agency violated Plaintiff's privacy rights when its officials repeatedly, knowingly, intentionally and maliciously provided inaccurate, highly personal, disciplinary and sensitive medical information to individuals outside the agency and to persons inside the agency not authorized to have it.  See Complaint; Lewis Affidavit.

17

**15. Genuine material issues are in dispute**

The Defendant has not provided a detailed response to Plaintiff's allegations, has not provided a detailed explanation of material facts it alleges are not in dispute and has not provided a credible, non-discriminatory reason for actions that are highly irregular and, by their context, imply discrimination.

The Defendant has never provided a credible, non-discriminatory reason, nor any reason, for keeping the Plaintiff on administrative leave for more than three years. But, evidence shows that Agency officials who participated in the decision to order administrative leave, expressed hostility toward a perceived disability of the Plaintiff and were aware of her protected EEO activity. (See attachments to the original Complaint 05-1507 and Lewis Affidavit.) The Agency's action, a gross failure to accommodate, credibly caused harm to Plaintiff's career, emotional well-being and reputation. See Complaint; Lewis Affidavit.

The Defendant has never provided a credible, non-discriminatory for failing to promote the Plaintiff over her 13 years of employment, despite performance evaluations that ranged from fully successful to outstanding, in contrast to coworkers like Ronald Graham, Robert Conley, Lori Thomas and others who were male, younger, had no perceived disability, and/or had no prior EEO activity.

The Defendant has never provided a credible, non-discriminatory reason for ignoring the authorities and recommendations of its Chief Medical officer, and ignoring evidence available to it from Plaintiff's health providers, in ordering two mental status exams.

The Defendant has never provided a credible, non-discriminatory reason for denying the Plaintiff her rights to due process in the matter of her security clearance, or for revoking her clearance

after it received notice that Plaintiff had asserted her First Amendment free speech rights in writing to members of Congress about Agency discrimination.

The Defendant's response to the Complaint offers a blanket denial of Plaintiff's claims, but still provides no credible, non-discriminatory explanation for any of the above actions. See Complaint; Lewis Affidavit.

## 11. The defendant has control of evidence that Plaintiff reasonably believes would support her claims

The Plaintiff believes the Agency has documents that potentially support her claims. These include applications and correspondence regarding jobs denied the Plaintiff, correspondence and documents under the control of supervisor Sally Stratmoen, the Plaintiff's medical file, including original exams and notes of Dr. Sarah Reagan, documentation of employee ages and assignments, a investigative report prepared by the Agency's Internal Controls office that reportedly includes statements from other members of Plaintiff's protected class about mistreatment by supervisor Carol Maczka, and information collected by an EEO specialists who reportedly received complaints of discrimination by supervisors. See Complaint; Lewis Affidavit.

### CONCLUSION

Plaintiff *pro se* Linda Lewis' pleadings, as supported by attachments and the Revised Affidavit, adequately meets requirements to be heard in this Court. The Plaintiff has available a substantial body of documentary evidence that can be presented in support of her claims, and has knowledge of additional documents, in the possession of the Defendant, that would provide additional support of her claims.

Plaintiff requests that the Court reject Defendant's Motion to Dismiss, strike Defendant's Declaration and attachments, and withhold any decision on summary judgment until discovery has been completed.  In the alternative, Plaintiff asks for an enlargement of time in order to amend her Complaint, which has been substantially amended only once for each original complaint, or to refile the Complaint without prejudice or penalty, in accordance with the Agency's newly issued FAD.


*Linda M. Lewis*                              *Mar. 29, 2007*

Linda M. Lewis (*pro se*)                     Date

2400 Wynncrest Cir. #10105
Arlington, TX  76006
(202) 210-8539

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the

Alternative, Summary Judgment, was served upon the Defendant this 29th day of March, 2007,

at the following address:

> Megan L. Rose,
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th Street, N.W. – Civil Division
> Washington, D.C.  20530
> (202) 514-7220

Signed,

*Linda M. Lewis*

Linda M. Lewis (*pro se*)

2400 Wynncrest Cir. #10105
Arlington, TX  76006
(202) 210-8539