

United States
Department of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

# UNITED STATES DEPARTMENT OF AGRICULTURE
## Office of Civil Rights

|  |  |
|---|---|
| Linda M. Lewis,<br>    Complainant,<br><br>    v.<br><br>Mike Johanns,<br>Secretary,<br>Department of Agriculture<br>    Agency, | USDA Complaint Nos.: FSIS-2005-050274<br>(formerly 050274)<br>FSIS-2005-000167<br>FSIS-2000-000187<br>(formerly 000187)<br>FSIS-1999-00200<br>(formerly 990200)<br>FSIS-1998-00986<br>(formerly 990986)<br>FSIS-1997-00252<br>(formerly 970252) |

## Final Agency Decision

### Introduction

In accordance with the Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. § 1614.107(a)(3) and § 1614.110(b), this is the final decision of the United States Department of Agriculture (USDA) on these complaints.

### Issues Presented

The issues presented herein are:

**FSIS-2005-050274 (formerly 050274)**

Whether the agency subjected the Complainant to discrimination and harassment (non-sexual), based on age (DOB: 4/2/50), sex (female), physical disability (perceived), and reprisal (prior equal employment opportunity (EEO) activity) when her supervisor:

    1.    on October 26, 2004, issued her a Letter of Reprimand for late government credit card payments;

    2.    on October 26, 2004, denied her an equal opportunity for advancement to the next higher grade, as that afforded similarly situated co-workers;

    3.    in Fiscal Year (FY) 2004 subjected her to supervisory harassment and emotional abuse;

4. in FY 2004 subjected her to biased expectations (females v. males), i.e., junior male co-workers received assignments that were more advantageous to their careers;

5. in October 2004, engaged in spreading false accusations that she has a disability;

6. in October 2004, restricted her from communicating with superiors;

7. engaged in on-going criticism and designation of her work to peers and management; specifically, emergency exercise scenarios; and

8. (date unspecified), placed her under the direction of a male manager with a history of hostility towards her.

**FSIS-2005-00167**

Whether the Agency subjected the Complainant to discrimination and harassment based on her age (DOB: 4/2/50), sex (female), physical disability (perceived), and reprisal (prior EEO activity) when:

1. in February 2005, she was not selected to the position of Physical Scientist, GS-1301-14, under Vacancy Announcement Number FS-25-009;

2. her most recent performance appraisal of outstanding, and notices of several spot awards were not placed in her Official Personnel File (OPF);

3. her OPF contains copies of documents of false charges and negative action taken against her that are incorrect and should be removed or clarified;

4. since October 2004, she was denied the opportunities to participate in projects that could result in awards and advancement such as the exercise "project management;"

5. she was removed as coordinator of the "Broken image" exercise, thereby, preventing her from receiving an award;

6. she was given only a small part in the "Nerve Pulse" exercise and subsequently removed, thereby, preventing her from receiving an award;

7. since October 2004, she received lesser awards than her male co-workers for equal or better work; and

3

8. since October 2004, she continues to be denied access to information, opportunities, assignments, and senior personnel to the detriment of her assignments and job development.

**FSIS-1997-00252 (formerly 970252)**

Whether the agency subjected the Complainant to discrimination on the bases of her sex and reprisal based on:

1. the assignment of her duties, including being limited in the number of assignments and locations of FEMA Region exercises; being limited in the inclusion in training workshops and conferences involving local, state, and federal agencies; limited in participation in community services programs (Lincoln Multicultural Middle School); and, Limited involvement in Agency EEO programs;

2. her allegation that the Agency created a hostile work environment for her during the October 22-25, 1996, exercise in Delaware, surrounding events, and managements creating the impression of its supporting allegations of her poor performance by not assigning her to Regional exercises after she had been dropped from the evaluator's list;

3. her allegation that the Agency failed to provide her a mid year performance appraisal review for FY 1996; and

4. her allegation that she was denied opportunities to receive training such as the EPA 400 course.

**FSIS-1998-00986 (formerly 990986)**

Whether the agency subjected the Complainant to discrimination on the bases of her sex and reprisal when her answers to Letters of Reprimand were ignored.

**FSIS-1999-00200 (formerly 990200)**

Whether the agency subjected the Complainant to discrimination on the bases of her sex and reprisal when she:

1. was issued a letter of July 9, 1998, containing a draft Proposal Letter of Reprimand and an Alternative Disciplinary Agreement;

   2.     issued proposed Letters of Reprimand on November 19 and December 11, 1998; and

   3.     was denied the opportunity to participate in FEMA exercises.

**FSIS-2000-00187 (formerly 000187)**

Whether the agency subjected the Complainant to discrimination on the bases of her race (Caucasian), color (White), sex (female), handicap (menopausal condition), age (49), marital status (single), and reprisal (prior EEO activity) when:

1. her work assignments were rescinded;
2. her security clearance was denied;
3. she was forced to take a mental exam;
4. her within grade increase was withheld; and
5. she was threatened with termination.

### Procedural Background

On May 9, 2003, the Complainant filed <u>Lewis v. Veneman</u>, Civil Action No. 1:03CV01027 in the United States District Court for the District of Columbia (Attachment 1). Within the complaint, the Complainant alleged, among other incidents, that: (1) she was not selected for the Branch Chief of the Emergency Planning Staff of the Food Safety and Inspection Service (FSIS); (2) the Agency failed to provide her with reasonable accommodation; (3) she was not selected for a Policy Analyst position under Vacancy Announcement Number FSIS 98-93; and (4) she was not selected for the position of Emergency Preparedness Specialist in Vacancy Announcement Number PM-98-01. The Complainant also specifically cited her administrative complaints, citing Agency case numbers 980005, 970252, 990200, 990986, and 000187. (Attachment 1)

On July 29, 2005, the Complainant filed <u>Lewis v. Johanns</u>, Civil Action No. 1:05CV01507 in the United States District Court for the District of Columbia. The Complainant alleged, among other incidents, that: (1) she was denied security clearences; (2) the Agency released her personal information; and (3) as well as other acts allegedly committed by the Agency. In her complaint, the Complainant specifically cited the administrative complaint, citing Agency no. 970252. (Attachment 2)

On February 13, 2006, the Complainant filed <u>Lewis v. Johanns</u>, Civil Action No. 1:06CV00255 in the United States District Court for the District of Columbia. The civil action alleges the same issues and bases as those found in the administrative complaints. (Attachment 3) The Complainant specifically cited several administrative complaints filed in December 10, 2004 and March 8, 2005.

## Analysis and Findings

The regulation set forth at 29 C.F.R. § 1614.107(a)(3) provides that the agency shall dismiss a complaint that is the basis for a pending civil action in a United States District Court in which the complainant is a party provided that one hundred and eighty (180) days have passed since the filing of the administrative complaint.

This regulation is designed to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions. Jerry v. Department of Justice, EEOC Request No. 05930508 (January 21, 1994).

These complaints are dismissed in their entirety because we find that the Complainant filed a civil action in a U.S. District Court that included the same issues raised in the pending administrative complaints. The District Court complaints allege the same issues and basis including sex (female), age (55), perceived disability and reprisal for prior EEO activity. Furthermore, the Complainant's District Court complaints specifically cite Agency case numbers 970252 980005, 990200, 990986, and 000187 as well as making reference to the remaining administrative complaints.

We also find that one hundred and eighty (180) days have passed since the filing of these complaints. The record shows that Agency case number FSIS-1997-00252 was filed on March 10, 1997; Agency case number FSIS-1998-00986 was filed on August 11, 1998; Agency case number FSIS-1999-00200 was filed on December 14, 1998; Agency case number FSIS-2000-00187 was filed on November 18, 1999; Agency case number FSIS-2005-00167 was filed on June 28, 2005; and Agency case number FSIS-2005-050274 was filed on February 19, 2005. The record also shows that on February 13, 2006, the Complainant filed Lewis v. Johanns, Civil Action No. 1:06CV00255 in the United States District Court for the District of Columbia; on May 9, 2003, the Complainant filed Lewis v. Veneman, Civil Action No. 1:03CV01027 in the United States District Court for the District of Columbia; and on July 29, 2005, the Complainant filed Lewis v. Johanns, Civil Action No. 1:05CV01507 in the United States District Court for the District of Columbia.

## Conclusion

These complaints are dismissed in their entirety pursuant to 29 C.F.R. § 1614.107(a)(3). Accordingly, no further administrative processing of these complaints will be undertaken.

## Appeal Rights

This is the final decision of the USDA on the cited complaints. The following are the only rights available to challenge this decision.

6

## APPEAL TO THE EEOC

A Notice of Appeal may be filed with the EEOC within thirty (30) calendar days after receipt of this final decision. EEOC Form 573, Notice of Appeal/Petition, should be used in filing the appeal, as well as what is being appealed should be indicated in the form. A copy of EEOC Form 573 is provided with this decision. Such notice should be addressed to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, DC 20036**

As an alternative to mailing, your appeal may be hand-delivered to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**1801 L Street, N.W.**
**Washington, DC 20507**

As an alternative, you may also send your appeal by fax to the Office of Federal Operations at **(202) 663-7022**.

If there is an attorney of record, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of receipt of this decision by the attorney. In all other cases, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of your receipt of this decision.

The appeal shall be deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by the EEOC.

At the same time information is provided to the EEOC (to include a copy of the Notice of Appeal and any submissions in support of the appeal), there **must** be a service certification that a copy of the submission **has been** submitted to the USDA/Employment Complaints Division and the date and method of service. A copy of the appeal and any submissions in support thereof shall be forwarded to the agency at the following address:

**Department of Agriculture**
**Office of Civil Rights**
**Employment Complaints Division**
**1400 Independence Avenue, S.W.**
**Washington, DC 20250-9440**

Please note that, if your appeal is not filed within the thirty (30) calendar day time limit, the appeal may be dismissed by the EEOC. However, the EEOC may, at its discretion, extend the time limits and accept the appeal based upon a written statement that there was no actual notification of the time limit, or that a timely Notice of Appeal could not be filed, due to extenuating circumstances.

Any statement or brief in support of your appeal must be submitted to the EEOC within thirty (30) calendar days of filing the Notice of Appeal. The EEOC, Office of Federal Operations accepts statements or briefs in support of appeals by facsimile transmittal, provided that they are no more than ten (10) pages long.

Any statement or brief in opposition to your appeal must be submitted to the EEOC and served on you (or your attorney of record, if represented by an attorney) within thirty (30) calendar days of receipt of the statement or brief supporting the appeal, or if no statement or brief supporting the appeal has been filed, within sixty (60) calendar days of receipt of the appeal.

It is the responsibility of USDA to submit the entire complaint file to the EEOC, Office of Federal Operations, within thirty (30) calendar days of initial notification that an appeal has been filed.

## CIVIL ACTION IN FEDERAL DISTRICT COURT

You also have the right to file a civil action in an appropriate United States District Court. If you choose to file a civil action, you may do so:

(1)   within ninety (90) days of receipt of this final decision if no appeal has been filed; or

(2)   within ninety (90) days after receipt of the EEOC's final decision on appeal; or

(3)   after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

You must name the person who is the official agency head or department head as the defendant. Agency or department means the national organization, and not just the local office, facility, or department in which you might work. Do not name just the agency or department. In your case, you **must** name **Mike Johanns**, Secretary of Agriculture, as the defendant. You must also state the official title of the agency head or department head. Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

8

If you decide to file a civil action, under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date you receive the final decision by USDA or an EEOC's decision on appeal.

Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in the dismissal of your civil action. Filing a civil action under 29 C.F.R. § 1614.407 or § 1614.408 shall terminate processing an appeal before the EEOC. If a civil action is filed subsequent to filing an appeal with the EEOC, the parties are requested to notify the EEOC in writing.

_____          2/23/2007
Sadhna G. True                          Date
Director

Attachment

**U. S. DEPARTMENT OF AGRICULTURE**
**OFFICE OF CIVIL RIGHTS**
**Complaint of Employment Discrimination**

**Complainant:**       Linda M. Lewis

**Complaint Nos.:**    FSIS-2005-050142 (formerly 000245), FSIS-2005-000167, FSIS-2000-000187 (formerly 000187), FSIS-1999-00200 (formerly 990200), FSIS-1998-00986 (formerly 990986), and FSIS-1997-00252 (formerly 970252)

**Agency:**            Food Safety and Inspection Service

**Certificate of Service**

I certify that the documents listed were sent on this date by certified mail (unless otherwise specified) to:

Complainant:                       Linda M. Lewis
                                   8811 Colesville Road #210
                                   Silver Spring, Maryland 20910

Complainant's Representative:      None

Agency Head:                       Barbara Masters *(interoffice mail)*
                                   Administrator
                                   Food Safety and Inspection Service
                                   Room 331-E, Whitten Building

Agency Liaison:                    Dennis O'Malley *(interoffice mail)*
                                   Acting Director, Civil Rights Division
                                   Food Safety and Inspection Service
                                   Mail Drop 5261
                                   Beltsville, Maryland

Enclosures:    Final Decision dated 2/23/07
               EEOC Form 573 (to the Complainant and representative, if any, only)

Certified by: _Yvonne Esku_    Date _2/27/07_

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ____ Yes; Date Received _____ (Remember to attach a copy)<br>____ No<br>____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ____ No<br>____ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ____ No<br>____ Yes (Attach a copy of the civil action filed) |

NOTICE: Please <u>attach a copy of the final decision or order</u> from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency <u>within 30 days</u> of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 1/01

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974, Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. FORM NUMBER/TITLE/DATE: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. AUTHORITY: 42 U.S.C. § 2000e-16
3. PRINCIPAL PURPOSE: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. ROUTINE USES: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:
The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036