Attachments to Attachment 1

Plaintiff's Opposition to Defendant's Motion to Dismiss

05-1507 (GK), 06-0255 (GK) (con)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Clerk of the Court
333 Constitution Ave., NW
Washington, DC 2001

**FILED**

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LINDA M. LEWIS,
8811 Colesville Road, #210,
Silver Spring Maryland, 20910
   Pro Se Plaintiff,
   262 210-8539
v.

MIKE JOHANNS,
SECRETARY OF AGRICULTURE,
1400 Independence Ave, SW, RM 3312
Washington, DC 20250
   Defendant.

CASE NUMBER 1:05CV01507

JUDGE: Richard J. Leon

DECK TYPE: Employment Discrimination

DATE STAMP: 07/29/2005

## COMPLAINT

### I. INTRODUCTION

This complaint seeks declaratory and injunctive relief and damages, against defendant Department of Agriculture for violations of her privacy, age, sex, race, and equal employment opportunity rights. Plaintiff seeks actual, compensatory, and punitive damages, attorneys fees and costs from the defendants as a result of the harms caused by defendants' willful, intentional, egregious and unlawful behavior.

### II. JURISDICTION AND VENUE

a. This court has jurisdiction pursuant to The Privacy Act of 1974, 5 U.S.C. § 522(a), as amended, The Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., as amended, Title 5, section 2302, The Americans with Disabilities Act, as amended, codified at 42 U.S.C. 12201-12204, 12210, and 12211, et seq. ,Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 USC 2000(e), The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and 29 U.S.C. §§ 631, 633a, and The Whistleblower Protection Act for 1994.

1

b. Venue is proper in this District pursuant to 5 U.S.C. § 552a(g)(5), 28 U.S.C. § 1391, 15 U.S.C. 78aa and 77v, and 7 U.S.C. Section 25(c).

### III. PARTIES

a. Plaintiff Linda M. Lewis, Pro Se, is a citizen of the United States and an employee of the U.S. Department of Agriculture. Plaintiff resides at 8811 Colesville Road, #210, Silver Spring Maryland, 20910.

b. Defendant Mike Johanns, the official representative of the United States Department of Agriculture, is an agent of the United States Government, located at 1400 Independence Avenue, S.W., Washington, D.C. 20250 (the "Agency").

### IV. Procedural History

a. Equal Employment Opportunity ("EEO") Complaint 2004-

   i. On May 27, 2004, complainant initially contacted the Food Safety and Inspection Services (FSIS) Civil Rights Division Director.

   ii. The Complainant was interviewed on June 8, 2004 and alleged the First Causes of actions herein.

   iii. On April 30, 2005, Complainant received a Final Agency Decision ("FAD") from the Department of Agriculture Office of Civil Rights indicating giving Complainant a right to sue in the District Court with 180 days. Complainant has timely filed this action. See Attachment 1.

b. EEOC Consolidated Complaints Nos. 970252 et al.–

   i. October 21, 2003, Judge Richard E. Schneider issued an Order remanding EEOC Case No. 100-A1-7163X, Agency Case No. 970252, et al. to the Agency for a final agency decision containing appropriate appeal rights.

   ii. The Order further indicated a dismissal pending MSPB Jurisdiction.

   iii. The Agency has been non-responsive.



## V. Standards of Law

a. The Privacy Act of 1974, 5 U.S.C. § 522(a), as amended states:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.

b. The Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended, requires affirmative action and nondiscrimination in employment by Federal agencies of the executive branch.

c. Title 5, section 2302, prohibits unlawful personnel practices.

d. The Americans with Disabilities Act, as amended, codified at 42 U.S.C. 12201-12204, 12210, and 12211, et seq.

e. Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 USC 2000(e) prohibits discrimination based on race, color, or sex.

f. The Age Discrimination in Employment Act of 1967, 29 U.S.C. 631, 633a, prohibits discrimination on the basis of age.

g. The Whistleblower Protection Act for 1994, as amended, provides freedom for retaliation for whistleblower activities.

## VI. First Cause of Action

As pertains to the facts below, Complainant has been subject to violations in accordance with the Standards of Law indicated in section IV, herein:

a. Complainant alleges on March 30, 2004 the agency failed to properly control distribution of Complainants highly sensitive personnel and disability information.

b. Complainant found her highly sensitive personnel and disability information unattended in an FSIS Office.

c. As pertains to element VI(b), herein, the highly sensitive personnel and disability information included but is not limited to information pertaining EEO and Whistleblower charges of retaliation, and psychiatric fitness-for-duty exams. See Exhibit A, attached hereto.



d. The files included some never-before-produced and new information related to incidents of retaliation and discrimination which occurred in Complainant's workplace in 1999.

e. As pertains to element VI(d), herein, these incidents of retaliation included but are not limited to denial of assignment, false characterization as a security threat, denial of a scheduled within-grade-increase without a written performance appraisal, and placement on administrative leave, lasting three (3) years.

f. Since the documents were left unattended, Complainant has been under a "perceived disability," wherein here supervisors have limited her responsibilities based on their perceived disability.

g. Complainant alleges she has been subject to retaliatory-based orders for fitness of duty exams.

h. Complainant has been denied security clearances in a retaliatory and harassing manner due to the "perceived" disability indicated in element VI(f), herein.

i. Complainant further incorporates by reference the First Cause of Action, items 1-14 as recited in U.S. District Court Case No. 1:03CV01027, filed May 5, 2003 and attached hereto as Exhibit B.

### VII. Second Cause of Action

As pertains to the facts below, Complainant has been subject to an ongoing hostile work environment, retaliation and reprisal, in accordance with the Standards of Law indicated in section IV, herein:

a. Complainant's consolidated EEO cases which were remanded back to the Agency are alleged to be withheld from processing in a retaliatory manner.

b. Complainant hereby incorporates by reference Second Cause of Action, elements 15-25, as recited in U.S. District Court Case No. 1:03CV01027, filed May 5, 2003 and attached hereto as Exhibit B.

c. The Agency has been non-responsive in complying with the Order, further injuring Complainant.

d. Complainant hereby incorporates the issues complained about in EEOC Consolidated Complaints Nos. 970252 et al.

## VIII. CONCLUSION

Prayer For Relief- WHEREFORE:

a. I request a jury trial.
b. I request a court-appointed attorney
c. I request to be made whole.
d. I request for a cease and desist by the Agency of all retaliation and harassment.
e. I request to receive the rightful employment opportunities for which I am qualified.
f. I request to be reimbursed for legal fees and costs.
g. I seek damages in an amount that is fair and reasonable.
h. I request for any other remedy a jury deems appropriate.

*Linda M. Lewis*
Linda M. Lewis, Complainant, Pro Se

8811 Colesville Rd
# 210
Silver Spring, MD 20910
202 210 8539

Case 1:06-cv-00255-GK   Document 2   Filed 02/13/2006   Page 1 of 1

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

FILED

FEB 13 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 06 0255
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 405(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

1. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

   A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

   [ ]  (a)  relates to common property

   [X]  (b)  involves common issues of fact

   [ ]  (c)  grows out of the same event or transaction

   [ ]  (d)  involves the validity or infringement of the same patent

   [X]  (e)  is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

   A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

   Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT): U.S. District Court for the District of Columbia

4. CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

   Linda M. Lewis  v.  Mike Johanns  C.A. No. 05-1507 (GK)

   2-13-06
   DATE

   Linda M. Lewis
   Signature of Plaintiff/Defendant (or counsel)

**FILED**
FEB 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS, <br> 8811 Colesville Road #210, <br> Silver Spring MD 20910, <br> (202) 210-8539, <br>         Plaintiff, <br> v. <br><br> MIKE JOHANNS, <br> SECRETARY OF AGRICULTURE, <br> Room 200-A, Whitten Building, <br> 1400 Independence Ave., SW, <br> Washington DC 20250, <br>         Defendant. | CASE NUMBER   1:06CV00255 <br><br> JUDGE: Gladys Kessler <br><br> DECK TYPE: Employment Discrimination <br><br> DATE STAMP: 02/13/2006 <br><br> Demand for Jury Trial |

**JURY ACTION**

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Linda M. Lewis was from September, 1992, through October 17, 2005, an employee of the Food Safety and Inspection Service, in the United States Department of Agriculture ("USDA"). Plaintiff, an emergency programs specialist (GM/GS-13) had graduated from the University of North Texas with a 4.0 GPA in second Bachelor of Science degree in emergency administration and planning. Despite this rare credential and history of high achievement, Plaintiff continuously suffered discrimination and reprisal throughout her USDA career, leading her to file several equal employment opportunity ("EEO") complaints with the Agency's Civil Rights office.

Plaintiff filed two such EEO complaints on December 10, 2004 and March 8, 2005. The Plaintiff requested a hearing by the Equal Employment Opportunity Commission (EEOC) for the December 10 complaint (EEOC No. 100-2006-00063X), but

there has been no decision by the Administrative Judge ("AJ") and more than 180 days have passed since the complaint was filed. The Agency failed either to formally investigate or dismiss the March 8 complaint (Exhibit A), and more than 180 days have passed since the complaint was filed.

Plaintiff therefore considers her administrative remedies exhausted pursuant to 29 CFR 1614.407, and hereby brings this claim of discrimination (based upon gender/female, age/55, and perceived disability), reprisal, violation of privacy, and denial of due process.

## II. JURISDICTION AND VENUE

a. This court has jurisdiction pursuant to the Privacy Act of 1974, 5 U.S.C. $ 522(a), as amended, the Rehabilitation Act of 1973, 29 U.S.C. $ 791 et seq., as amended, codified at 42 U.S.C. 12201-12204, 12210, and 12211, et seq., Title VII of the Civil Rights Act of 1964, as amended, and codified at 42U.S.C. 2000(e), the Age Discrimination in Employment Act of 1967, 29 U.S.C. $ 621 et seq., the Fifth Amendment, and 29 U.S.C. $$ 631, 633a, and the Americans with Disabilities Act, as amended, codified at 42 U.S.C., 12201-12204, 12210, and 12211, et seq.

b. Venue is proper in this District pursuant to 5 U.S.C. $ 552a(g)(5), 28 U.S.C. $ 1391, 15 U.S.C. 78 aa and 77v, and 7 U.S.C. Section 25(c).

## III. PARTIES

a. Plaintiff Linda M. Lewis, *pro se*, is a citizen of the United States and an employee retired on October 17, 2005, from the U.S. Department of Agriculture. Plaintiff resides at 8811 Colesville Road, #210, Silver Spring, Maryland, 20910.

b. Defendant Mike Johanns, the official representative of the United States Department of Agriculture ("the Agency"), is an agent of the United States Government, located at 1400 Independence Avenue, S.W., Washington, D.C. 20250.

## IV. STANDARDS OF LAW

a. The Privacy Act of 1974, 5 U.S.C. $ 522(a), as amended, which prohibits disclosure of any record which is contained in a system of records without a written request from the individual to whom the record pertains.

b. The Rehabilitation Act of 1973, 29 U.S.C. $ 791, as amended, requires affirmative action and nondiscrimination in employment by Federal agencies of the executive branch.

c. Title 5, section 2302, prohibits unlawful personnel practices.

d. The Americans with Disabilities Act, as amended, codified at 42 U.S. C., 12201-12204, 12210, and 12211, et seq.

e. Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S. C. 2000(e) prohibits discrimination based on race, color or sex.

f. The Age Discrimination in Employment Act of 1967, as amended, and codified at 42 633a, prohibits discrimination on the basis of age.

g. The Fifth Amendment to the Unites States Constitution, provides the right to due process.

## V. FIRST CAUSE OF ACTION

The Plaintiff is informed and believes that she has been subjected to violations in accordance with the Standards of Law indicated in section IV, as described below.

3

a. Plaintiff's second tier supervisor told her that she should not expect a second "outstanding" performance appraisal for the appraisal period that had only just begun. Plaintiff's supervisors allowed a junior male co-worker to take over her duties as exercise coordinator.

b. Plaintiff's supervisors typically denied her prestigious and career-enhancing assignments while giving them to less qualified employees who were younger, had no perceived or real disability, had not engaged in protected activities, and in some cases also were male.

c. Plaintiff's supervisor said, in an affidavit, that the Plaintiff was precluded from applying for a security clearance and from being assigned to Recorder duty.

d. Plaintiff was precluded from making presentations to senior officials of her own successful work, such as a multimedia exercise presentation, in favor or younger male and female coworkers.

e. Plaintiff's supervisors repeatedly demonstrated bias in favor of a younger, male coworker in implementing restrictions on travel for training, meetings and exercises, although the Plaintiff's work has been described as superior.

## VII. FOURTH CAUSE OF ACTION

The Plaintiff is informed and believes that she has been subjected to violations in accordance with the Standards of Law indicated in section IV, as described below.

The Agency denied the Plaintiff due process, through actions such as the following:

a. issued her a reprimand for late payment of a government issued credit card, as described in VI, above.

6

    b. maintained Personnel files that included files with negative inferences, filed without regard to due process requirements.

    c. maintained Personnel files that excluded files with positive inferences, such as awards and an "outstanding" performance appraisal.

## VIII. PRAYER FOR RELIEF

Wherefore, the Plaintff respectfully requests that the Court enter judgment in her favor and award the following relief:

    a. a jury trial.

    b. attorneys fees and costs

    c. an order restraining the Agency from further retaliation, harassment and disparagement

    d. back pay and front pay for denied promotions

    d. to be made whole

    e. any other remedy a jury deems appropriate

*/s/ Linda M. Lewis*

Linda M. Lewis, Plaintiff, *pro se*
8811 Colesville Rd, #210
Silver Spring, MD 20910
(202) 210-8539

7

EXHIBIT A

March 8, 2005

Director
Office of Civil Rights
U.S. Department of Agriculture
Room 326-W, Whitten Building
1400 Independence Avenue, SW
Washington, DC 20250-9410

Subject: New EEO Complaint

I wish to file a new complaint of discrimination (gender/female, age/54, perceived disability) and reprisal for prior EEO activity, in violation of federal civil rights laws. I cite the following justifications:

1) In 2004, as an employee of the Office of Food Security and Emergency Preparedness (OFSEP), I filed two EEO complaints of discrimination and reprisal against officials of the Agency, the second complaint against OFSEP being submitted twice (November 12 and December 10).

I submitted an application by fax on November 19, the closing date, for the position of Physical Scientist, GS-1301-14 (Bulletin: FSIS-05-009), which includes the responsibility of representing FSIS and USDA in activities of the Chemical Stockpile Emergency Preparedness Program and advising the head of the office on protection of the food supply from chemical threats. Those are the same responsibilities that I carried out, successfully, at FSIS from 1992 through 1998, as a GM-13, until the duties were taken from me in reprisal for my protected activities, and given to a less-qualified male employee.

When the above position was posted on October 22, 2004, the announcement stated that the position was open to USDA employees. After I submitted an application that fully met the stated requirements of the position, USDA apparently withdrew the announcement and re-issued it. The new announcement was identical to the previous one except that FSIS had expanded eligibility to "All Qualified U.S. Citizen.s" I was never informed of these changes. The new announcement did not include the usual wording that all who had applied to the first announcement would automatically be considered for the second.

Having fully met all of the requirements of the original position, and having successfully fulfilled those duties for a period of nearly six years -- indeed, making outstanding contributions to that program which I detailed in my application - I should have been selected for FSIS-05-009. Moreover, the posting of the position as a GS-14 position constitutes an implicit acknowledgement that my prior work on chemical weapons preparedness was GS-14 level work - for which I was being paid a GS-13 salary. On that basis, I deserve an immediate retroactive promotion to GS-14.

The denial of FSIS-05-009 is part of a pattern of discrimination whereby I am rejected for duties, jobs and promotions, in favor of less qualified individuals who are not part of my protected group of females over 40, with *perceived* disability, who have engaged in protected activity.

06 0255
FILED
FEB 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT