UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY OF )<br>AGRICULTURE )<br>)<br>      Defendant. )<br>_____) | Civil Action No.: 05-1507 (GK)<br>                    06-0255 (GK) (con) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully submits this Reply in support of Defendant's Motion To Dismiss, Or In The Alternative, For Summary Judgment. Plaintiff Linda Lewis, *pro se*, brought the above-captioned action, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), and disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791, during her employment at the U.S. Department of Agriculture ("USDA"), Food Safety and Inspection Service ("FSIS"). See generally Consolidated Amended Complaint ("Compl."). For the reasons set forth below and in its Motion To Dismiss, Or In The Alternative, For Summary Judgment, Defendant respectfully requests that Plaintiff's claims be dismissed or summary judgment for Defendant granted.

**INTRODUCTION**

As set forth in more detail in Defendant's motion, Plaintiff's complaint in this consolidated action references Plaintiff's entire employment history at the USDA and presents

allegations that are part of a somewhat complicated procedural history, including numerous EEO administrative complaints and several prior lawsuits filed in this Court. See, e.g., Compl.; Lewis v. Veneman, et al., 03-1027 (GK)(similar Title VII action dismissed for Plaintiff's failure to prosecute); Lewis v. Ridge, 03-1788 (GK)(similar Title VII action against FEMA, DHS, dismissed with prejudice).

On July 29, 2005, Plaintiff filed her complaint in Civil Action No. 05-1507, alleging that Defendant had failed to properly control distribution of sensitive personnel and disability information and that this violated the Privacy Act of 1974, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as amended. See Compl., Document No. 1. On February 13, 2006, Plaintiff filed another complaint in this Court, making additional allegations of discrimination. See Compl., Civil Action No. 06-0255 (GK). For various reasons, Plaintiff did not file a "consolidated amended complaint" until November 1, 2006, and on December 21, 2006, the present consolidated complaint was accepted for filing and entered on the Court's docket. Document No. 35.

On February 7, 2007, Defendant moved to dismiss, or in the alternative, for summary judgment, and Plaintiff has responded to these motions. However, nothing in Plaintiff's response remedies this Court's lack of subject matter jurisdiction or Plaintiff's failure to state a claim upon which relief can be granted. Nor does Plaintiff raise a genuine issue of material fact concerning the propriety of Defendant's actions. Accordingly, this case should be dismissed.

## ARGUMENT

Plaintiff's Consolidated Amended Complaint should be dismissed because the Court lacks subject matter jurisdiction over most, if not all, of Plaintiff's claims. As set forth in

Defendant's Motion, Plaintiff failed to timely exhaust her administrative remedies and failed to file a timely complaint in this Court concerning many of her claims. Additionally, and perhaps more importantly, Plaintiff's Opposition highlights that her claims of discrimination center on the revocation of her security clearance, which led to the withdrawal of work assignments, her placement on administrative leave, and various other events about which she complains. Opp. at 14-19. Because employment actions based on the denial of security clearance are not subject to judicial review, including under Title VII, the Court lacks jurisdiction over all of Plaintiff's claims related to the revocation of her clearance.

Even if the Court had jurisdiction over any of Plaintiff's claims, Plaintiff fails to state a claim, under the Privacy Act or the Constitution, upon which relief could be granted. Furthermore, Plaintiff cannot establish a prima facie case of discrimination based on her membership in any protected class, nor can Plaintiff establish a prima facie case of failure-to-accommodate discrimination.

Finally, despite the numerous opportunities given to Plaintiff to present her claims, the amended consolidated complaint fails to give Defendant fair notice of the claims asserted and fails to meet the requirements of the Federal Rules of Civil Procedure. Therefore, for all of these reasons, the consolidated complaint should be dismissed.

I.  **Plaintiff Failed To Exhaust Timely Her Administrative Remedies and Failed To File Timely Her Claims In This Court.**

Although it is difficult to parse through Plaintiff's multiple administrative claims, it is clear that Plaintiff has failed to exhaust her administrative remedies as to many of her claims. See Def. Motion at 9-15. Indeed, the only claims that Plaintiff arguably exhausted concern

Defendant's alleged failure to maintain properly her sensitive personnel and disability information, Defendant's October 26, 2004 reprimand for late payment of a government-issued credit card, and her hostile work environment claim.  See Opp. at 7; McGrath Decl. at 2.

It is well established that a federal employee may file a civil action only after exhausting his or her administrative remedies before the concerned federal agency.  42 U.S.C. § 2000e-16; 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); see also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002)("'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'")(quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).  A Plaintiff cannot continue to "reset the clock" by repeatedly filing the same claims with the agency or in this Court.  "Each discrete discriminatory act starts a new clock for filing charges alleging that act." Morgan, 536 U.S. at 113.  While Plaintiff alleges that she suffered from numerous discriminatory and retaliatory acts from the date she began her employment with Defendant through the date her employment ended, only those acts that occurred within the applicable filing period are actionable. Id. at 113-14.

Plaintiff's complaint identifies EEO contact on December 10, 2004, concerning an October 26, 2004 letter of reprimand for late government credit card payments and a host of general allegations of discrimination which allegedly occurred in October 2004.  See Compl. ¶ 90; see also McGrath Decl., Att. 7.  Plaintiff then filed a formal complaint of discrimination on February 18, 2005.  See McGrath Decl., Att. 8.[1]  Any alleged discrete discriminatory act

---

[1] On October 14, 2005, Plaintiff requested a hearing on this EEO complaint before an EEOC administrative judge.  See 29 C.F.R. § 1614.108(f); McGrath Decl. at 3.  However, prior to the EEOC administrative judge conducting a hearing and making factual and legal findings,

occurring outside the requisite 45-day period, *i.e.*, prior to October 26, 2004, is time barred. See 29 C.F.R. § 1614.105(a)(1); McGrath Decl. at 2; Att. 8. Therefore, with the exception of her claim concerning an October 26, 2004 reprimand and her hostile work environment claim, Plaintiff failed to comply with the statutory and regulatory filing requirements by not properly exhausting her administrative remedies prior to filing this suit. See, e.g., 42 U.S.C. § 2000e-16(c); Bowden, 106 F.3d at 437. Accordingly, most of Plaintiff's claims that were asserted in Civil Action No. 06-0255 (GK) and now contained in the consolidated complaint, including her general claims of discrimination, should be dismissed for failure to exhaust administrative remedies.

      Additionally, Plaintiff's complaint identifies a letter dated March 8, 2005, in which Plaintiff administratively complained that she was not selected for a Physical Scientist position, GS-1301-14 due to her sex, age, perceived disability and prior protected activity. See Compl. ¶ 11; McGrath Decl., Att. 10, 11; see also Compl., Document No. 1, Exh. A, 06-0255 (GK). According to that complaint, Appellant applied on November 19, 2004 for the position, but the announcement was allegedly withdrawn on a date uncertain. Id. The complaint makes no other allegations concerning events that allegedly occurred within 45 days of March 8, 2005. Therefore, any additional claims that Plaintiff may have been asserting in that complaint were not properly exhausted.

      Finally, Plaintiff's opposition contends that the dismissal of her claims in Lewis v. Veneman, et al., 03-1027 (GK), does not bar her claims in the consolidated complaint. Opp. at 6.

---

and prior to any final agency decision, on February 13, 2006, Plaintiff filed her complaint in this Court. See Civil Action No. 06-0255 (GK); see also 29 C.F.R. §§ 1614.109(g) and 1614.110.

Yet, almost identical to Plaintiff's 2003 complaint, the consolidated complaint references events dating back to 1992, see, e.g., Compl. ¶¶ 17-22, and alleges discrimination and retaliation under Title VII, the ADEA, and the Rehabilitation Act of 1973, concerning her employment at the USDA.  See Compl., Document No. 1, Civil Action No. 03-1027 (GK); Consolidated Compl., Document No. 35, Civl Action No. 05-1507 (GK).  Likewise, the consolidated complaint again asserts claims concerning the USDA's failure to renew her security clearance and alleged violations of the Whistleblower Protection Act.  Id.  Although Plaintiff may have filed numerous EEO complaints over the years about those events, they are certainly untimely before this Court.  See, e.g., Def. Motion at 6-8; 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996).

More than four years have passed since the EEOC's February 12, 2003 decision on those complaints, which was cited for timely exhaustion of Plaintiff's similar 2003 complaint in this Court.  See Compl., Document No. 1, Civil Action No. 03-1027 (GK).  After this Court dismissed Plaintiff's claims in Civil Action No. 03-1027 (GK), Plaintiff waited approximately three years before refiling the complaint presently before this Court in 06-0255 (GK).  While Plaintiff correctly states that this Court dismissed those claims without prejudice, a plaintiff cannot sit on his or her rights and file complaints at will.  See Wiley v. Johnson, 436 F.Supp.2d 91, 95 (D.D.C. 2006)("A voluntary dismissal cannot be used to circumvent the requirement of exhaustion").  Accordingly, Plaintiff should not be allowed to reassert claims three years after this Court dismissed them.

Although courts allow equitable tolling in situations where the claimant has actively pursued her judicial remedies by a defective pleading during the statutory period, or where the

6

complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass, Plaintiff has not met her burden of pleading and proving equitable reasons for tolling the limitations period.  See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990); Bayer v. United States Department of Treasury, 956 F. 2d 330, 333 (D.C. Cir. 1992)(holding that Title VII plaintiff bears the burden of establishing his entitlement to equitable tolling).  Plaintiff's opposition states only that because she was not required to file her claims in 03-1027 at that time, no time bar should be applied.  Opp. at 6.  Plaintiff further states that her attorney at the time never notified her that her claims had been dismissed.  See Opp., Lewis Aff. ¶ 71.  However, these two assertions fail to constitute sufficient grounds warranting equitable tolling.  See generally Compl.; see also Smith-Haynie v. District of Columbia, 155 F. 3d 575, 579-80 (D.C. Cir. 1998)(equitable tolling is available only in "extraordinary and carefully circumscribed instances.").  Thus, Plaintiff fails to meet her burden, and any of the claims in the Consolidated Complaint that are now simply reasserted in this Court are untimely.  See, e.g., 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

II.     **The Court Lacks Jurisdiction Over Plaintiff's Claims Related to the Revocation of her Security Clearance.**

Because adjudication of Plaintiff's discrimination claims on their merits necessarily would result in judicial inquiry into the agency's judgment as to whether Plaintiff should have access to national security information, the Court lacks jurisdiction over Plaintiff's discrimination claims.  Adverse employment actions based on or related to the denial or revocation of a security clearance are not actionable under Title VII.  See Bennett v. Chertoff, 425 F.3d 999 (D.C. Cir. 2005);  Ryan v. Reno, 168 F.3d 520, 524 (D.C. Cir. 1999).  The

Supreme Court has held that "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." Department of the Navy v. Egan, 484 U.S. 518, 529 (1988).

The power to issue security clearances lies with the Executive Branch and is delegated to federal agencies by the President through Executive Order. See, e.g., Executive Order 10,450 (April 27, 1953); Executive Order 12,968 (August 2, 1995). This power is a discretionary function of the Executive Branch and is not subject to judicial review. See Egan, 484 U.S. at 527. The Court of Appeals has held that when consideration of a plaintiff's claims in litigation would require review of the decision not to grant a security clearance, "the court was foreclosed from proceeding at all." Ryan v. Reno, 168 F.3d 520, 524. This Court further observed that "[o]ur decision is fortified by Title VII's express language exempting employment actions based on security clearance possession vel non." Id. at 524 n.3 (citing 42 U.S.C. § 2000e-2(g)[2];

---

[2]42 U.S.C. § 2000e-2(g), provides, in relevant part:

> Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to fail or refuse to hire and employ any individual for any position, for an employer to discharge any individual from any position, or for an employment agency to fail or refuse to refer any individual for employment in any position, or for a labor organization to fail or refuse to refer any individual for employment in any position, if –
>
> > (1) the occupancy of such position, or access to the premises in or upon which any part of the duties of such position is performed or is to be performed, is subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any statute of the United States or any Executive order of the President; and
> >
> > (2) such individual has not fulfilled or has ceased to fulfill that requirement.

Becerra v. Dalton, 94 F.3d 145, 149 (4th Cir. 1996)).  In Bennett v. Chertoff, the Court of Appeals reiterated that when a plaintiff claims that a security clearance explanation is pretextual, "a court cannot adjudicate the credibility of that claim.  To do so would require the trier of fact to evaluate the validity of the agency's security determination."  425 F.3d at 127.

In this case, Plaintiff alleges that she was unlawfully put on administrative leave, ordered to submit to mental fitness exams, her security clearance was improperly revoked, and consequently her duties were assigned to other employees.  Compl. ¶¶ 70-80.  Indeed, Plaintiff's opposition explicitly contends that "discrimination occurred in the Agency's handling of her security clearance, and [she] looks to Title VII for relief from that discrimination."  Opp. at 15.  Plaintiff goes on to allege that "[t]he Agency retaliated illegally when it imposed a mental status exam despite a fully successful performance appraisal and after the Chief Medical Officer declared her competent to hold a security clearance."  Opp. at 16.  Plaintiff's affidavit attached to her opposition emphasizes that her claims center on the agency's conclusions concerning her fitness for duty and the revocation of her security clearance.  Lewis Aff. at ¶¶ 29-53.  Thus, litigation of this case necessarily would bring into question the USDA's discretion to revoke Plaintiff's security clearance and its resulting consequences.  Exploration of her allegations would ultimately require the agency to justify its contention that she could not sustain a security clearance.  Therefore, under this Circuit's clear precedent, the Court lacks jurisdiction to examine Plaintiff's claims of discrimination.  See, e.g., Bennett, 425 F.3d at 127.[3]

---

[3] Plaintiff also contends that the revocation of her security clearance violated her Constitutional rights.  See Compl. ¶¶ 111-116; Opp. at 17.  However, as stated in Defendant's Motion, Plaintiff fails to state any recognizable claim under either the First, Fifth, or Sixth Amendment of the United States Constitution.  Moreover, Plaintiff's conclusory allegations that she "adequately alleges claims" concerning violation of her due process and free speech rights

**III.     Even if the Court Held Jurisdiction Over Any of Plaintiff's Claims, Those Claims Should Be Dismissed.**

To the extent the consolidated complaint asserts a claim concerning Defendant's alleged failure to properly control distribution of Plaintiff's personnel and disability information, Plaintiff fails to state a claim under the Privacy Act, 5 U.S.C. § 552a. With regard to all of Plaintiff's other claims of discrimination, alternatively, even if the Court had jurisdiction over any of those claims, Plaintiff cannot establish a prima facie case of discrimination based on her membership in any protected class, nor can Plaintiff establish a prima facie case of failure-to-accommodate discrimination.

**A.     Plaintiff Fails To State A Claim Under The Privacy Act.**

As described in Defendant's motion, in order for a plaintiff to bring a damages lawsuit against an agency under subsection (g)(1)(D) of the Privacy Act, the plaintiff must show a violation of the Act, that he has suffered an adverse effect, that the Privacy Act violation caused the adverse effect, and that the agency acted in an "intentional or willful manner." 5 U.S.C. § 552a(g)(4); Albright v. United States, 732 F.2d 181 (D.C. Cir. 1984). The words "intentional and willful," however, are considered terms of art under the Privacy Act, and the voluminous case law construing this standard makes clear that it is a formidable barrier for a plaintiff seeking damages. See White v. OPM, 840 F.2d 85, 87 (D.C. Cir. 1988); Laningham v. United States Navy, 813 F.2d1236, 1242 (D.C. Cir. 1987); Albright, 732 F.2d at 189; McCready v. Principi, 297 F.Supp.2d 178, 193 (D.D.C. 2003).

---

are insufficient and "will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although Plaintiff's opposition contends that Defendant "repeatedly, knowingly, intentionally and maliciously" disclosed her personnel and disability information, it is not enough for a plaintiff to allege that the disclosure of information was intentional. Albright, 732 F.2d at 189. The Privacy Act "does not make the Government strictly liable for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions." Rather, the "'intentional or willful' action requirement of Section 552a(g)(4) refers only to the intentional or willful failure of the agency to abide by the Act, and not to all voluntary actions which might otherwise inadvertently contravene one of the Act's strictures." Id. In order to establish that an agency's conduct was intentional or willful, a plaintiff

> must prove that the agency acted with something greater than gross negligence. An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.

Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (citations, quotation marks, and brackets omitted). Additionally, a plaintiff must demonstrate that he has suffered actual damages flowing from the alleged improper disclosure. Doe v. Chao, 540 U.S. 614, 627 (2004).

Here, the Complaint alleges that on March 30, 2004, Plaintiff's personnel file containing sensitive information was found unattended in an office. Compl. ¶¶ 10, 81; McGrath Decl., Att.6. Even taking Plaintiff's allegations as true that an employee found Plaintiff's personnel and disability information unattended in an FSIS office, the allegations fail to state a claim that Defendant "acted with something greater than gross negligence." Deters, 85 F.3d at 660. Plaintiff's allegations do not establish that any alleged violation of the Privacy Act caused any

alleged adverse effect, nor do the allegations support a claim that the agency acted in an "intentional or willful manner." 5 U.S.C. § 552a(g)(4). Plaintiff fails to allege facts supporting the above requirements for a claim for monetary damages under subsections (g)(1)(D) and (g)(4). Because the Privacy Act "does not make the Government strictly liable for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions," Plaintiff fails to meet the high standard required for a damages claim under the Privacy Act. Accordingly, Plaintiff's claims concerning an alleged violation of the Privacy Act should be dismissed.

### B.  Plaintiff Fails To State Any Claim under the Rehabilitation Act.

Plaintiff's opposition contends that Defendant discriminated against her "for a perceived mental disability when it ignored the recommendations of appropriately qualified mental health experts, disparaged her, revoked her security clearance, denied her work assignments and informed her that no accommodation was available to employees with "perceived" disabilities. Opp. at 16-17. In addition to highlighting the reasons why this Court lacks jurisdiction over such claims of discrimination, see Bennett, 425 F.3d at 127, Plaintiff's assertions contradict her own claims. In order to establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must establish that 1) she was a disabled person within the meaning of the Act,[4] 2) that she was qualified to perform the essential functions of the job with or without reasonable accommodation, and 3) that she suffered an adverse employment decision because of her

---

[4] Under 29 U.S.C. § 794(d), the standards used to determine whether the Rehabilitation Act has been violated in a complaint alleging employment discrimination are the same standards applied under title I of the Americans with Disabilities Act of 1990. Additionally, "[b]ecause of the similarity between the ADA and the Rehabilitation Act, 'cases interpreting either are applicable and interchangeable.'" Scarborough v. Natsios, 190 F. Supp.2d 5, 19 n.10 (D.D.C. 2002)(quoting Gorman v. Bartch, 152 F.3d 907, 912 (8th Cir.1998)).

disability. See Duncan v. WMATA, 240 F.3d 1110, 1114 (D.C. Cir.2001); Dorchy v. WMATA, 45 F. Supp.2d 5, 10 (D.D.C. 1999). Similarly, to establish a prima facie case for failure to accommodate, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute;...(3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." Scarborough v. Natsios, 190 F. Supp.2d 5, 19 (D.D.C. 2002)(citations omitted).

Plaintiff can prove neither discrimination nor failure to accommodate under the Rehabilitation Act. Plaintiff cannot demonstrate that she is "disabled" within the meaning of the statute because she alleges only that her employer *perceived* her as having a disability. Plaintiff does not allege, nor did she allege below, that she has been discriminated against on the basis of any specific disability recognized under the statute.[5] See Compl. ¶¶ 70-76. Moreover, at the same time, while Plaintiff states that she was discriminated against on the basis of a *perceived* disability, Plaintiff also alleges that Defendant failed to accommodate this unidentified disability. It is entirely unclear to what accommodation Plaintiff believes she was entitled. Therefore, for all of these reasons, Plaintiff's claims brought under the Rehabilitation Act must fail. See, e.g., Scarborough v. Natsios, 190 F. Supp.2d 5, 19 (D.D.C. 2002).

      **C.**    **Plaintiff Cannot Otherwise Establish A Prima Facie Case Of Discrimination Or Retaliation.**

Plaintiff cannot otherwise establish a prima facie case of discrimination based on her age

---

[5] Plaintiff's administrative complaints failed to allege discrimination based on any other disability, including mental disability, and thus, regardless, Plaintiff failed to exhaust a claim of discrimination based on such disability.

or gender.  Importantly, Plaintiff fails to allege that she suffered an actionable adverse action.  In responding to Defendant's argument that her allegations consist essentially of a description of everyday interactions with supervisors and coworkers regarding work assignments and other work-related matters, see Brown v. Brody, 199 F.3d 446, 456 (D.C. Cir. 1999); Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002), Plaintiff contends that the revocation of her security clearance, her mental status exams, and her placement on administrative leave were not "everyday" events.  Opp. at 15-16.  Once again, the Court cannot explore such allegations because ultimately it would require the agency to justify its contention that Plaintiff could not sustain a security clearance.  See, e.g., Bennett, 425 F.3d at 127.

   The only remaining events identified by Plaintiff fail on their face to support actionable claims of discrimination based on her age or gender.  First, Plaintiff's opposition fails to address Defendant's argument's concerning her specific claim of non-selection for a Physical Scientist position, GS-1301-14.  See Def. Motion at 26.  It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded."  Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002).  Second, Plaintiff's specific claims related to the handling of her EEO complaints are not actionable.  See Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990)(alleged failure to process an EEO claim properly not actionable under Title VII), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates

14

only a cause of action for discrimination. It does not create an independent cause of action for the mishandling of an employee's discrimination complaints.").

Third, even if any of Plaintiff's allegations constituted actionable adverse actions, Plaintiff cannot meet the burden of proving that her sex or age had anything at all to do with any of her claims in this case. See Stella v. Mineta, 284 F.3d 135, 144-45 (D.C. Cir. 2002) (citing McDonnell Douglas, 411 U.S. 792, 802 (1973); Miller v. Lyng, 660 F. Supp. 1375, 1376 (D.D.C. 1987). Plaintiff's conclusive assertion in her opposition that "a reader is forced to deduce motive from the context provided in the Complaint," Opp. at 16, is insufficient to show any causal connection. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987)("[a] plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment). Indeed, the only claim in this entire case, which is both arguably exhausted and constitutes an actionable adverse action, concerns Plaintiff's allegations about a reprimand for late payment of a government-issued credit card. See Compl. ¶ 90; McGrath Decl., Att. 8. Yet, as with all of Plaintiff's other claims, she altogether fails to allege, and cannot establish, that the reprimand was connected in any way to her gender or age. See Stella, 284 F.3d at 144-45.

To the extent Plaintiff is attempting to assert a claim of harassment or hostile work environment, Plaintiff's claims similarly fail. Plaintiff complains, inter alia, that supervisors made "disparaging comments," Compl. at ¶ 24, that her supervisor made distasteful jokes to another employee when Plaintiff was not around, Compl. at ¶ 25, and that co-workers and those junior to her "avoided cooperating or working with her," Compl. ¶ 29. Plaintiff's opposition further states that she was subjected to a hostile work environment because she was forced to submit to mental

15

health evaluations and because her supervisor shouted at her. Opp. at 15; Lewis Aff. ¶¶ 36, 37. Yet, as set forth in Defendant's motion, in order to establish a prima facie case of hostile work environment (harassment), a plaintiff must offer evidence that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). The Supreme Court reemphasized in Faragher v. Boca Raton, 524 U.S. 775, 788 (1998), that the standards for finding a hostile work environment are "sufficiently demanding to ensure that Title VII does not become a 'general civility code'" and that the conduct must be so extreme as to amount to a change in the terms and conditions of employment.

The events identified by Plaintiff do not create a continuous pattern, nor are they severe enough to meet the standards established by the United States Supreme Court. Considering all of Plaintiff's allegations, it does not appear that any of the alleged events were based on Plaintiff's membership in a protected class – that is based on the fact that she is a female over the age of 40. Plaintiff makes no allegation that she ever witnessed anyone making derogatory comments, or any comment specifically related to her sex or age. Moreover none of the alleged events were so objectively severe, pervasive or offensive as to constitute a hostile work environment. Thus, for all of these reasons, Plaintiff's harassment claims should be dismissed.

Finally, similar to the above claims, Plaintiff's retaliation claims fail because she fails to allege facts sufficient to support a prima facie case of retaliation. See Def. Motion at 27-29; Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006); Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405 (2006). Under Title VII, an employer is prohibited from

16

discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this title, or because he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this title*." 42 U.S.C. § 2000e-3(emphasis added).  The prohibition against reprisal under both statutes is limited to matters within the scope of the statutes and is not a prohibition against reprisal in general.  See 42 U.S.C. §2000e-3(a).

    First, Plaintiff has conceded that she believes she was retaliated against for her criticism of a FSIS Continuity of Operations Plan (COOP) and chemical weapons (CSEPP) plan in 1999.  See Compl., Exh. A, Document No. 1.  That is, Plaintiff's alleged protected activity is not participation in the EEO process but opposing practices and policies within the office.  Id.  The opposition clause of Title VII does not protect against reprisal for opposing any management practice; rather, it permits only a cause of action for opposing "any practice made an unlawful employment practice" under Title VII.  See 42 U.S.C. § 2000e-3(a).  Second, Plaintiff's opposition attempts to allege retaliation for letters she wrote to her to Congressmen, which fails to constitute participation in "an investigation, proceeding, or hearing *under this title*."  42 U.S.C. § 2000e-3; see Lewis Aff. ¶ 16.  Plaintiff cannot establish a connection between any actionable alleged discriminatory events and her EEO activity.

    Accordingly, even taking all of Plaintiff's allegations as true, Plaintiff fails to state a claim under Title VII, the ADEA, or the Rehabilitation Act, and the consolidated complaint should be dismissed.

**IV.     Plaintiff's Complaint Should Be Dismissed for Failure to Comply with Fed. R. Civ. P. 8(a) and 10(b).**

Contrary to Plaintiff's assertion that her claims are "reasonably apparent from the Complaint," Opp. at 14, the amended consolidated complaint fails to meet the required pleadings standards in order to enable Defendant to understand the precise nature of each of Plaintiff's claims against him. As previously noted, Plaintiff recites her entire work history at the Department of Agriculture. See generally Compl. Though Plaintiff details numerous events that she alleges were discriminatory, she fails to specify which of these events form the basis of this lawsuit. Her reference to various issues that she contends were presented administratively leave Defendant to speculate about what claims are actually before the Court, whether those claims were raised in prior lawsuits, and whether those claims were exhausted administratively. "This type of shot-gun pleading effectively precludes Defendant from fashioning a coherent answer to the complaint, and at the discovery stage, could force Defendant to litigate a host of discovery issues unnecessarily." Gilbert v. Chertoff, slip opinion, 2006 WL 2793169, (D.D.C., Sept. 28, 2006)(attached as Defendant's Exhibit B).

Under the Federal Rules of Civil Procedure, the principal function of the complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. Here, the amended and consolidated complaint fails to meet these minimum requirements. Fed. R. Civ. P. 8(a), 10(b). Moreover, as stated above, "[a] plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Therefore, Plaintiff's

conclusory allegations that she has adequately alleged claims of discrimination and violations of her constitutional rights are insufficient to satisfy the applicable pleading standards.  Because the consolidated complaint fails to comply with the Rules and fails to meet the pleadings standards, all of Plaintiff's claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, and the reasons stated in Defendant's Motion, Defendant respectfully requests dismissal of Plaintiff's amended consolidated complaint.


Dated: May 3, 2007            Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/
RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

**CERTIFICATE OF SERVICE**

I certify that the foregoing Reply was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **2400 Wynncrest Circle**
> **Apartment 10105**
> **Arlington, TX 76006-7017**

on this 3rd day of May, 2007.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530