UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY OF )<br>AGRICULTURE )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No.: 05-1507 (GK)<br>                06-0255 (GK) (con) |

**DEFENDANT'S MOTION FOR RECONSIDERATION AND
FOR LEAVE TO FILE OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

On May 22, 2007, the Court entered a Minute Order granting as unopposed Plaintiff's motion to strike Defendant's "statement and attachments". Because counsel for Defendant believed in good faith that she had responded to Plaintiff's opposition and motion to strike, and Defendant in fact intended to oppose Plaintiff's motion to strike, Defendant respectfully requests that the Court reconsider its Order and grant Defendant leave to file the attached opposition.

The grounds for this motion are set forth in the accompanying memorandum and a draft order is attached. Pursuant to LCvR 7(m), undersigned counsel consulted with Plaintiff, *pro se*, who stated that she opposed this motion.[1]

Dated: June 1, 2007         Respectfully submitted,

                             /s/
                            JEFFREY A. TAYLOR, D.C. Bar No. 498610
                            United States Attorney

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a).

/s/
RUDOLPH C. CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY OF )<br>AGRICULTURE )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 05-1507 (GK)<br>06-0255 (GK) (con) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION AND FOR LEAVE TO FILE OPPOSITION**

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully requests that the Court reconsider its May 22, 2007 Minute Order granting plaintiff's motion to strike Defendant's "statement and attachments." Although the Court granted plaintiff's motion as unopposed, defendant opposes his motion and would have filed a timely opposition but for substantial confusion engendered by a combination of plaintiff's prolific filings and undersigned counsel's apparent misinterpretation of her filings on the Court's Docket.

**BACKGROUND**

In this case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 791, Plaintiff Linda Lewis, *pro se*, has made multiple "revised" filings of her complaint, motions, and memorandums, including six different filings related to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment. See, e.g., Document Nos. 41, 42, 43, 44, 45, 47. One of the documents, attached to Plaintiff's

"Revised Memorandum in Opposition" was a "Revised Motion to Strike Defendant's Statement and Attachments," which was entered on the Court's Docket as a separate entry. Document No. 45. Plaintiff's motion asked that the Court strike Defendant's statement and attachments because, among other things, the "statement" is not an affidavit attesting to the accuracy of the documents it attaches and because Plaintiff has not yet had an opportunity to address the attachments through discovery or a hearing. Id.

Although on May 3, 2007, Defendant filed its reply to Plaintiff's opposition, the undersigned failed to file a separate opposition to Plaintiff's motion to strike. See Document No. 48. On May 22, 2007, this Court entered a Minute Order granting as unopposed Plaintiff's motion to strike Defendant's "statement" and attachments.

## STANDARD OF REVIEW

Motions for reconsideration of interlocutory orders are not specifically provided for in the Federal Rules of Civil Procedure. United Mine Workers of America 1974 Pension Trust v. Pittston Co., 793 F. Supp. 339, 344 (D.D.C. 1992), aff'd and remanded, 984 F.2d 469 (D.C. Cir. 1993), cert. denied, 509 U.S. 924 (1993); Rann v. Chao, 209 F.Supp.2d 75, 77 (D.D.C. 2002), affirmed, 346 F.3d 192 (2003), cert. denied, 125 S.Ct. 35 (2004). Although this Circuit has recognized motions to reconsider as motions to clarify or amend a judgment under Rule 59(e), Emory v. Secretary of the Navy, 819 F.2d 291, 293 (D.C. Cir. 1987), Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a case. See Campbell v. United States Dep't of Justice, 231 F.Supp.2d 1, 6 n. 8 (D.D.C. 2002)(stating that Rule 54(b) "addresses interlocutory judgments"); Moore v. Hartman, 332 F.Supp.2d 252, 256-57 (D.D.C.2004) (explaining that Rule 54(b) governs the disposition of requests for reconsideration

of interlocutory orders); APCC Servs., Inc. v. AT & T Corp., 281 F.Supp.2d 41, 44 (D.D.C. 2003) (same).[1]

Importantly, the standard for reconsideration of interlocutory orders under Rule 54(b) is distinct from the standard applicable to motions for reconsideration of final judgments. Rule 54(b) provides, in relevant part, that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). While the precise standard governing Rule 54(b) reconsideration is not entirely settled in our Circuit, it is clear that "courts have more flexibility in applying Rule 54(b)" than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b). Moore, 332 F.Supp.2d at 256. For example, our Court has held that Rule 54(b) reconsideration may be granted "as justice requires." APCC Servs., 281 F.Supp.2d at 44; Campbell, 231 F.Supp.2d at 7 (quoting Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C.2000)); M.K. v. Tenet, 196 F.Supp.2d 8, 12 (D.D.C.2001). Similarly, other courts have applied a variety of standards when confronted with a motion for

---

[1] Rule 59(e) allows a court to alter or amend a judgment within 10 days of the judgment's entry. Fed. R. Civ. P. 59(e). Rule 59(e) motions may be granted when "the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); see also Niedermeier v. Office of Max S. Baucus, 153 F. Supp.2d 23, 27-28 (D.D.C. 2001)(proper 59(e) motion may vacate a prior judgment where relevant portion of judgment contains or is premised upon a legal or factual error). Unlike Rule 59(e) motions, no authority establishes a particular time frame within which a motion for reconsideration pursuant to Rule 54(b) must be filed. See Tax Analysts v. IRS, 152 F. Supp.2d 1, 5 (D.D.C. 2001), aff'd in part, rev'd in part on other grounds, 294 F.3d 71 (D.C. Cir. 2002)(such motions should be filed within a "reasonable period after an interlocutory order.").

reconsideration under Rule 54(b).  See generally Moore, 332 F.Supp.2d at 257 n. 7 (surveying various standards);  see, e.g., Gallant v. Telebrands Corp., 35 F.Supp.2d 378, 394 (D.N.J. 1998) (predicating Rule 54(b) reconsideration on whether "the parties proffer 'supplemental evidence or new legal theories'").

**ARGUMENT**

The Court should exercise its discretion in this case and reconsider its Minute Order granting as unopposed Plaintiff's motion to strike defendant's statement and attachments.  Taken together, the circumstances in the docket with numerous entries seeking relief and multiple motions, revised memorandums, and erratas, created confusion for Defendant's counsel. Undersigned counsel certainly intended to respond to Plaintiff's various filings in Defendant's Reply.  Due to the multiple versions of documents filed, however, Defendant refrained from submitting any additional oppositions or responses to Plaintiff's filings.

The Court granted plaintiff's request to strike Defendant's "statement" and attachments as unopposed.  Notably, Defendant's Reply referred to the Declaration of Kevin McGrath, Chief, Complaints Management Branch, Civil Rights Division, Office of Management, FSIS, USDA, and attached exhibits, with the belief and understanding that the documents were properly filed in support of Defendant's Motion to Dismiss or for Summary Judgment.  See Def. Reply, Document No. 48.  In light of the fact that 28 U.S.C. § 1746 explicitly provides for unsworn declarations under penalty of perjury, that Plaintiff failed to consult with counsel for Defendant concerning any basis for her motion to strike, and that discovery or a hearing are necessarily irrelevant at this stage of the case because there is a pending motion to dismiss, counsel failed to address specifically Plaintiff's motion to strike.  Although Defendant's counsel may not have

4

artfully submitted a separate opposition to Plaintiff's motion, Defendant does in fact oppose Plaintiff's motion and regrets any confusion counsel may have had in responding to Plaintiff's various filings.

As set forth in more detail in the attached opposition, the Declaration and exhibits were properly submitted to the Court, and they should not be stricken from the record.[2]  Accordingly, Defendant respectfully requests that the Court exercise its discretion and reconsider the May 22, 2007 Minute Order, thus allowing Defendant leave to file the attached opposition.

## CONCLUSION

For all of these reasons, Defendant respectfully requests that the Court reconsider its May 22, 2007 Minute Order granting as unopposed Plaintiff's "motion to strike Defendant's statement and attachments."

Dated: June 1, 2007

                                           Respectfully submitted,

                                           /s/
                                           JEFFREY A. TAYLOR, D.C. Bar No. 498610
                                           United States Attorney

---

[2] Defendant notes that pursuant to Fed. R. Civ. P. 55(e), a default judgment may not be entered "against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."  Although final judgment has not been entered against Defendant in this case, similarly, Plaintiff has not established a right to the relief sought in her motion.  Plaintiff should not be allowed to proceed with her claims in this case simply due to the undersigned counsel's inadvertent failure to file a separate opposition to Plaintiff's motion to strike.

   /s/
RUDOLPH C. CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

   /s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

**CERTIFICATE OF SERVICE**

      I certify that the foregoing Motion For Reconsideration and For Leave to File Opposition was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **2400 Wynncrest Circle**
> **Apartment 10105**
> **Arlington, TX 76006-7017**

on this <u>1st</u> day of June, 2007.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530