UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY OF )<br>AGRICULTURE )<br>)<br>Defendant. )<br>) | Civil Action No.: 05-1507 (GK)<br>06-0255 (GK) (con) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Mike Johanns, Secretary, United States Department of Agriculture, by and through the undersigned counsel, respectfully opposes Plaintiff's "Motion to Strike Defendant's Statement and Attachments." See Document Nos. 42, 45, 47. In addition to Plaintiff's failure to consult with counsel for Defendant concerning the basis of Plaintiff's motion to strike, Plaintiff's motion should be denied because Plaintiff presents no grounds upon which she is entitled to the relief sought.

On February 7, 2007, Defendant moved to dismiss, or in the alternative, for summary judgment, and filed in support of his motion the Declaration of Kevin McGrath, Chief, Complaints Management Branch, Civil Rights Division, Office of Management, FSIS, USDA, and attached exhibits. See Document No. 38. Plaintiff subsequently responded to this motion and filed six related documents, including a "Motion to Strike Defendant's Statement and Attachments." See Document Nos. 41-45, 47. Presumably, Plaintiff's motion to strike refers to the McGrath Declaration and exhibits supporting Defendant's Motion to Dismiss, or in the alternative, fo Summary Judgment. Plaintiff is not entitled to such relief because 28 U.S.C. §

1746 explicitly provides for the submission of unsworn declarations under penalty of perjury; Plaintiff failed to consult with counsel for Defendant concerning any basis for her motion to strike; and discovery or a hearing are necessarily irrelevant to the proper submission of an agency declaration.

First, Plaintiff contends that the Declaration is improper because it is not an "affidavit attesting to the accuracy of the documents it attaches." Pl. Motion. However, 28 U.S.C. § 1746 explicitly provides that unsworn declarations may, "with like force and effect," be submitted in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". 28 U.S.C. § 1746. Thus, in this case, as in many cases, the government submitted the unsworn Declaration of Kevin McGrath, who is responsible for managing the staff that coordinates the processing of formal complaints of discrimination and serves as the focal point for Agency communications for complaint adjudication. See Document No. 38. In that declaration, Mr. McGrath, testified about his personal knowledge of Plaintiff's various complaints of discrimination with the Agency. Mr. McGrath cited to supporting exhibits and concluded his declaration with the following: "I, Kevin McGrath, do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief . . . Executed on this 7th day of February 2007 . . . (Signature)." Id. Accordingly, pursuant to 28 U.S.C. § 1746, Defendant properly submitted the McGrath Declaration and supporting exhibits, and Plaintiff's motion to strike the documents on those grounds should be denied.

Second, Plaintiff contends that Defendant's attachments "are partly illegible." Pl. Motion. However, Plaintiff failed to confer with counsel for Defendant concerning any

difficulties she might be having with the attachments.  See LCvR 7(m)(duty to confer concerning nondispositive motions in a good faith effort to narrow any areas of disagreement).  Accordingly, counsel did not have the opportunity to provide Plaintiff with additional copies and did not have the opportunity to resolve any dispute over the exhibits prior to the filing of Plaintiff's motion to strike.  Accordingly, Plaintiff failed to comply with the Court's Local Rules, and Plaintiff's contentions are insufficient to support her motion to strike.

    Finally, although not entirely clear, Plaintiff apparently argues that the McGrath Declaration and attached exhibits should be stricken because she has not had an opportunity to address his "representations" through discovery or a hearing.[1]  To the contrary, Plaintiff has had multiple opportunities to address Defendant's arguments concerning her failure to exhaust administrative remedies.  Indeed, Plaintiff has filed multiple versions of complaints, statements, revised motions, memorandums, erratas, and a plethora of documents that she contends support her claims.  See Document Nos. 1, 21, 23, 30, 35, 41-45, 47; see also Docket Entries in 06-0255 (GK).

    Moreover, as Plaintiff was advised, factual assertions contained in the attachments in support of Defendant's Motion may be accepted by the Court as true unless Plaintiff submits her own affidavit or documentary evidence contradicting the assertions in Defendant's materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7.1(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides that when a motion is supported as provided in the Rule, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the

---

[1] Plaintiff also states that the affidavit and attachments "appear to be partly, if not, wholly outside the record."  Defendant is not entirely sure what Plaintiff's basis is for such a contention, nor is Defendant clear as to what "record" Plaintiff is referring.

adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). Accordingly, the McGrath Declaration and attached Exhibits were properly submitted in support of Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, which is currently pending before this Court. Plaintiff bears the burden of setting forth specific facts disputing Defendant's Motion and showing that there is a genuine issue for trial. Only upon such a showing, and after the Court rules on Defendant's pending motion, may discovery be appropriate. Therefore, Plaintiff has failed to show any valid reason upon which the Court should strike the McGrath Declaration and attached Exhibits, and Plaintiff's motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Defendant requests that the Court deny Plaintiff's "Motion to Strike Defendant's Statement and Attachments."

Dated: June 1, 2007

                              Respectfully submitted,

                              /s/
                              JEFFREY A. TAYLOR, D.C. Bar No. 498610
                              United States Attorney

                              /s/
                              RUDOLPH C. CONTRERAS, D.C. Bar No. 434122
                              Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220

**CERTIFICATE OF SERVICE**

     I certify that the foregoing Opposition was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

> **Linda M. Lewis**
> **2400 Wynncrest Circle**
> **Apartment 10105**
> **Arlington, TX 76006-7017**

on this 1st  day of June, 2007.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530