UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS<br>　　　Plaintiff,<br><br>v.<br><br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No.: 05-1507 (GK)<br>§ 　　　　　　　　　　06-0255 (GK)<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE and REQUEST FOR RECONSIDERATION**

### I. Introduction

Plaintiff *pro se* Linda Lewis hereby replies to Defendant's Opposition to Plaintiff's Motion to Strike and responds to Defendant's Opposition to Plaintiff's Motion to Strike and Motion for Reconsideration. Plaintiff asks the Court to reject Defendant's opposition and motion, and to grant Plaintiff's motion to strike the "declaration" of Kevin McGrath and other attachments to Defendant's Motion to Dismiss.

### II. Background

On February 7, 2007, the Defendant served by mail a Motion to Dismiss or in the Alternative for Summary Judgment. See Document No. 38. Plaintiff served by mail on March 8, a Memorandum in Opposition to Defendant's Motion to Dismiss or for Summary Judgment. With the Memorandum, Plaintiff filed Plaintiff's Motion to Strike Defendant's Statement and Attachments. See Document No. 42. Due to a health emergency that resulted in hospitalization, the filing was incomplete; therefore, Plaintiff filed a Motion for Extension of Time to File a

RECEIVED
JUN 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Reply. See Document No. 46. On April 10, 2007, the Court issued a Minute Order granting Plaintiff's above motion. On March 29, 2007, Plaintiff served by mail Plaintiff's Revised Motion to Strike Defendant's Statement and Attachments in conjunction with Plaintiff's revised memorandum in opposition to Defendant's Motion to Dismiss. See Document No. 45. After being granted an enlargement of time by the Court to reply to Plaintiff's Revised Opposition, Defendant failed to respond either to Plaintiff's Revised Motion to Strike. See Document No. 46 and April 10 Minute Order. On May 22, 2007, the Court issued a Minute Order granting Plaintiff's Motion to Strike as unopposed. Plaintiff, who is *pro se* and is not authorized to file electronically, never received a mailed copy or notice of the Order. Plaintiff learned of it only when she received a May 31 email from the Defendant notifying Plaintiff of a planned motion for reconsideration, which Plaintiff opposed. Defendant filed with the Court a Motion for Reconsideration and for Leave to File Opposition to Plaintiff's Motion to Strike, which the Certificate of Service alleges was served on the Plaintiff on June 1, 2007. See Document No. 49. But, the envelope in which the Motion arrived bears a postmark of June 4. See Attachment 1. Per a Minute Order dated June 4, 2007, the Court granted Defendant's Motion for Reconsideration and leave to file an opposition to Plaintiff's motion to strike. Plaintiff was unable to oppose the motion because it was not mailed until that date and because Plaintiff did not receive a copy of the Court's Order. Plaintiff did not learn of the Order until late on June 14, when she gained access to PACER in order to locate information needed for her opposition to the motion. Plaintiff previously was receiving orders by mail, in accordance with local rules, and hopes to continue receiving orders by mail.

2

### III. Reply to Defendant's Arguments

In Defendant's Opposition to Plaintiff's Motion to Dismiss, Defendant assures the Court that Mr. McGrath made his declaration, under penalty of perjury, on the basis of personal knowledge. But, that is not what he actually says. McGrath states:

> I am responsible for managing the staff that coordinates the processing of formal complaints of discrimination and serves [sic] as the focal point for Agency communications for complaint adjudication.

He then adds, "Our records reflect that Ms. Linda Lewis, Plaintiff in this case, filed the following complaints of discrimination with the Agency."

Mr. McGrath's passive wording leaves open the possibility that he relied entirely on second-hand information. He nowhere says, "I received a phone call from Ms. Lewis," or "I am the person who opens the mail," or even "I searched through our files." His statement, which cites portions of the attached documents, offers no information that enables the reader to appreciate his role and authority, if any. He offers no information regarding the provenance, timing or accuracy of the documents, and makes no statement certifying the authenticity of the attached documents as true and correct copies. His personal knowledge appears to be limited to his position description; he notes that he has been responsible for managing the Complaints Management Branch since 1998. But, that information that is immaterial to the discussion and outside the record.

Under the Federal Rules of Civil Procedure, 12 (f), the McGrath declaration may be stricken because it is redundant and immaterial.

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

3

The McGrath declaration and all attachments fail to meet the requirements of Federal Rules of Civil Procedure, 56 (e).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Kevin McGrath nowhere provides information that "affirmatively" proves he is competent to provide any information that is not readily deduced from the documents themselves, and therefore his declaration should be stricken. Kevin McGrath nowhere certifies the papers that he cites as true and correct; therefore, the attached documents should be stricken.

Most importantly, the McGrath declaration makes no mention of Plaintiff's earlier EEO complaints, filed prior to 2004, although the declaration includes no limitations on its scope. The attachments also include no documentation of Plaintiff's earlier complaints. Yet, Mr. McGrath clearly acknowledges that he has been responsible for managing complaints since 1998. Between 1998 and 2004, Plaintiff filed new claims and older claims were reviewed; discovery was conducted, depositions were held, and complaints were consolidated. In fact, the great majority of activity on Plaintiff's claims occurred in the period 2000-2002, and all of Plaintiff's recollections of personal encounters with Mr. McGrath fall in that timeframe.

Attachments 3-6, certified by a declaration of the Plaintiff, include documents recently retrieved from storage. The documents show that Mr. McGrath was personally aware of Plaintiff's earlier claims. Attachment 3 reflects Plaintiff's personal observation

4

Case 1:05-cv-01507-GK   Document 51   Filed 06/19/2007   Page 5 of 14

that Kevin McGrath was present at an October 30, 2001, deposition of Plaintiff by USDA officials on the subject of her complaints. Attachment 4 reflects Plaintiff's personal observation that Kevin McGrath was present at the October 30, 2001 deposition. Attachment 5 describes documents Plaintiff received by mail from USDA around May 31, 2001, that included letters, on the subject of Plaintiff's complaints, addressed to and from Kevin McGrath. In Attachment 6, a letter signed by Kevin McGrath acknowledges receiving Plaintiff's December 13 letter, Attachment 4.

In summary, Attachments 3-6 indicate that Mr. McGrath had personal knowledge of Plaintiff's early complaints and Plaintiff believes that the U.S. Department of Agriculture would have additional evidence of his direct involvement. His failure to make any mention of pre-2004 complaints, and the lack of any explanation, indicate a deliberate attempt to create a false and prejudicial picture of the history of Plaintiff's discrimination complaints. The complaints excluded, importantly, covered particularly grievous abuses by USDA officials.

In the Opposition, page 2, Defendant states that "unsworn declarations may, 'with like force and effect,' may be submitted per 28 U.S.C. sec 1746. On that basis, Mr. McGrath's declaration should be treated as described in NRCP 56(g) for affidavits made in bad faith.

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

At a minimum, Mr. McGrath's declaration should be stricken and he should be subjected to deposition or cross-examination before any of his statements are accepted as the basis for any decision by the Court, as permitted by Federal Rules of Civil Procedure,

56(3), which states:

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Mr. McGrath also should be called to account for the seeming disappearance of all records related to complaints 99086, 990200, 000187, 98005, and 970252, records that included correspondence, reports of investigation, transcripts and EEOC discovery motions.

In a footnote on page 1 of Defendant's Motion for Reconsideration, Defendant counsel argues that Local Civil Rule 7 exempts "counsel" from any requirement to discuss motions with pro se parties. In the very next document, Defendant implies that Plaintiff's motion to strike should be rejected for Plaintiff's alleged "failure to consult with counsel for the Defendant concerning the basis of Plaintiff's motion to strike." See Defendants Opposition to Plaintiff's Motion to Strike, page 1. This begs the question: Was counsel being disingenuous in arguing that there is no duty to confer, or in arguing that there is?

Because Plaintiff's motion to strike was filed as an element of her opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, it did not occur to Plaintiff that a conference was required. Adding to the confusion was Defendant counsel's failure to confer with Plaintiff about the motion to dismiss and other motions.

Prior to filing the motion to dismiss, Defendant counsel contacted the Plaintiff by email ostensibly to confer regarding Defendant's proposed briefing schedule. But, Defendant counsel refused to provide any specifics. See Attachment 2.

6

Defendant counsel also did not accurately report the date when the latest motion was served on the Plaintiff. Defendant's Motion for Reconsideration and for Leave to File Opposition to Plaintiff's Motion to Strike includes a certificate of service that gives June 1, 2007, as the date of service. See Document No. 49. But, the envelope in which the Motion was served on Plaintiff bears a postmark of June 4. See Attachment 1. Plaintiff is concerned that such a practice may prejudice her case.

Regarding Plaintiff's claim that attachments only "are partly legible," Defendant alleges that Plaintiff had a duty to communicate that information to the Defendant. But, Defendant had the means to determine before mailing whether the attachments were legible, and therefore already possessed that information. If there was an oversight, why didn't Defendant correct it after mailing, as Plaintiff did by filing an errata?

Here, again, Defendant claims that Plaintiff owes a greater duty to counsel than counsel owes to the pro se Plaintiff. Defendant did not have to file a motion to dismiss or for summary judgment in order to obtain additional information regarding Plaintiff's claims. If Plaintiff's motion should be rejected, in all fairness, so should Defendant's motion to dismiss.

Defendant alleges that "discovery or a hearing are necessarily irrelevant to the proper submission of an agency declaration." But, that statement clearly is contrary to 56(e) which allows the Court to permit a deposition to oppose and affidavit.

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Defendant argues that it was overly burdensome to read each of the two sets of documents served by the Plaintiff, each including a clearly labeled Motion to Dismiss. Plaintiff admits that, due to illness, the opposition had some problems. But, Defendant unfairly

7

exaggerates them by citing the entire Court record, not just the motion in question, as evidence of its claims, and leaves out of the record Defendant's multiple filings for enlargements of time, and massive motion to dismiss. If a pro se Plaintiff can fairly be expected to read Defendant's massive motion to dismiss, can it be unreasonable to expect the government's legal team to read a one-page motion?

Defendant apparently feels no obligation to accurately state the date when Defendant's Motion for Reconsideration was served on the Plaintiff, which actually was June 4, not "this 1st day of June, 2007," to which the Defendant attested on the Certificate of Service. See Attachment 2. Thus, Defendant counsel gives the Court a false and potentially prejudicial impression that the Motion was mailed three days earlier than it actually was. It is Plaintiff's impression that the Federal Rules of Civil Procedure (5.b) state that, "Service by mail is complete upon mailing."

Defendant writes, emphatically, "Plaintiff has had <u>multiple</u> opportunities to address Defendant's arguments concerning her failure to exhaust administrative remedies." That remark is not only inaccurate – Defendant is only recently raised many of his current concerns - it is not even on point. The McGrath declaration was first provided to the Plaintiff as an attachment to Defendant's Motion to Dismiss. For all of the reasons previously stated, Kevin McGrath deserves to questioned regarding that declaration. But, Defendant continues to argue that no discovery should be allowed.

Defendant cites no specific opportunity where the Plaintiff had the opportunity previously to cross-examine or depose witnesses who were party to the correspondence and events described in Defendant's attachments. Plaintiff had no opportunity to depose or cross-examine USDA officials to obtain an explanation for USDA's failure to carry out Judge

Schneider's order remanding the consolidated claims to the agency, to obtain an explanation for USDA's failure to notify the Plaintiff of her rights per Judge Schneider's order, or to explain USDA's apparent failure to preserve a record of Plaintiff's pre-2004 claims.

Defendant's efforts to hide the existence of documentation related to Plaintiff's earlier complaints per his attachments and declaration of Kevin McGrath are consistent with other actions by the Defendant to delay and obstruct investigation of Plaintiff's complaints, such as USDA's 2/1/2 year delay in acting on Plaintiff's appeal of USDA's revocation of her security clearance. They are consistent with USDA attempts to prevent depositions in 2002, by falsely alleging that Dr. O. I. Jacykewycz was unavailable for deposition and by refusing to allow senior officials to be placed under oath, leading an EEOC judge to exclaim, "This is not an opportunity to lie, cheat and steal!"

The complaints that Defendant hides from the record describe how discrimination by USDA officials undermined the public welfare by preventing Ms. Lewis from correcting deficiencies in emergency preparedness or finding new ones. For three and a half years, USDA kept the Plaintiff in exile, on forced administrative leave, at public expense. In exile, Linda Lewis could not continue her efforts to get FEMA to prepare a national emergency communications plan and ensure that first responders had interoperable communications equipment. In exile, she could not continue efforts to ensure that federal and state agencies had adequate emergency plans.

Plaintiff Linda Lewis was still on administrative leave on the morning of September 11, 2001, when terrorists attacked the World Trade Center and the Pentagon, just across the river from USDA headquarters. Just as she had warned, government's response to the attacks was

chaotic. In New York City, police were unable to warn firefighters in the towers of imminent building collapse.

After USDA finally returned her to work, she reported that FEMA procedures for coordinating federal disaster assistance were dangerously bureaucratic, but again, Plaintiff was marginalized. The problem did not come to the public's attention until August, 2005, when Hurricane Katrina struck, and thousands of Americans died and many more suffered needlessly waiting for federal assistance mired in red tape. Even as the disaster unfolded, Plaintiff's supervisors marginalized Ms. Lewis and Merritt Lake, a supporting witness in her case. Mr. Lake, an officer in the U.S. Public Health Service, told Plaintiff that supervisors would not allow him to aid disaster victims in New Orleans until he had promised to keep his mouth shut about problems in USDA.

Thus, more than Plaintiff's career is at stake in this case. At stake, also, is whether discriminatory practices that undermine public safety will continue.

## V. Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Strike Defendant's Statement and Attachments and consider imposing additional sanctions on the Defendant for bad faith.

Dated: June 18, 2007

Respectfully submitted,

*Linda M. Lewis*
Linda M. Lewis
2400 Wynncrest Cir. #10105
Arlington, TX  76006
(202) 210-8539

## CERTIFICATE OF SERVICE

I certify that the foregoing Reply to Defendant's Opposition to Plaintiff's Motion to Strike and Motion for Reconsideration was served by overnight mail, this _18th_ day of June, 2007, at the following address:

>   Megan L. Rose
>   Assistant United States Attorney
>   Judiciary Center Building
>   Civil Division
>   555 4th Street, NW
>   Washington, D.C. 20530

Signed,

*Linda M. Lewis*
Linda M. Lewis (pro se)
2400 Wynncrest Circle, #10105
Arlington, Texas 76006-7017
(202) 210-8539
lewisplan@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS<br>　　　Plaintiff,<br><br>v.<br><br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No.:  05-1507 (GK)<br>§　　　　　　　　　　　06-0255 (GK)<br>§<br>§<br>§<br>§ |

**DECLARATION OF LINDA LEWIS IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE**

I, Linda Lewis, Plaintiff in this case, hereby declare under penalty of perjury that the attached documents are true and correct copies of originals created by me or received by me on or in close proximity to the cited dates.

Attachment 1 is an envelope postmarked June 4, 2007, in which I personally received documents from the Department of Justice dated June 1. Attachment 2 is a series of emails on January 11, 2007, between Defendant counsel, Megan Rose and me. Attachment 3 is my personally created January 5, 2002, unsigned letter to Robert Doheny at the Federal Labor Relations Authority. Attachment 4 is my personally created December 13, 2001, unsigned letter to Kevin McGrath. Attachment 5 is a list of documents that I personally prepared and titled, "Provided by USDA in Discovery – 5/20/01." Attachment 6 is a letter signed by Kevin McGrath and dated December 27, 2001, referring to my December 13 correspondence (attachment 4), a letter that I received by mail at my home address.

1

Attachment 3 includes a statement reflecting my personal observation that Kevin McGrath was present at an October 30, 2001, deposition of me by USDA regarding my complaints filed with the agency's civil rights office to that date.

Attachment 4 includes a statement reflecting my personal observation that Kevin McGrath was present at an October 30, 2001 deposition on the subject of my complaints.

Attachment 5 is a list that I personally prepared describing documents that I received by mail from USDA. The list mentions letters addressed to and from Kevin McGrath on the subject of my EEO complaints filed through early 2000. As background, Delaney Siegel Zorn and Associates is a USDA contractor that prepared a Report of Investigation for my complaints filed with the civil rights office.

The letter, Attachment 6, signed by Kevin McGrath acknowledges that he received my letter of December 13 (Attachment 4).

I hereby certify under penalty of perjury that the foregoing information is true and correct to the best of my personal knowledge and belief.

Signed, this __18th__ day of June, 2007, by

_Linda M. Lewis_
Linda M. Lewis
2400 Wynncrest Circle, Apt. 10105
Arlington, Texas 76006
Phone: 202-210-8539

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA M. LEWIS<br>　　　Plaintiff,<br><br>v.<br><br>MIKE JOHANNS, SECRETARY OF AGRICULTURE,<br>　　　Defendant. | Civil Action No.: 05-1507 (GK)<br>　　　　　　　　　　06-0255 (GK) |

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Strike Defendant's Statement and Attachments and Plaintiff's Reply to Defendant's Opposition, it is this _____ day of _____, 2007,

ORDERED that Defendant's Statement and Attachments be stricken from Defendant's Motion to Dismiss.

_____
UNITED STATES DISTRICT JUDGE