UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
LINDA M. LEWIS,               )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 05-1507 (GK)
                              )   Civil Action No. 06-255 (GK)
ED SCHAFER,¹                  )        (Consolidated)
Secretary of Agriculture,     )
                              )
        Defendant.            )
_____)
```

## MEMORANDUM OPINION

Plaintiff Linda M. Lewis, proceeding pro se, brings this action against Ed Schafer in his official capacity as Secretary of Agriculture. Plaintiff alleges gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Count I); retaliation in violation of Title VII (Count II); age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (Count III); disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (Count IV); improper revocation of a security clearance in violation of Executive Order No. 12,968 (Count V); and violations of the First, Fifth, and Sixth Amendments of the United States Constitution (Count VI).

This matter is before the Court on Defendant's Motion to

---

¹ Pursuant to Fed. R. Civ. P. 25(d), Secretary of Agriculture Ed Schafer is automatically substituted as defendant for former Secretary of Agriculture Mike Johanns.

Dismiss or in the Alternative for Summary Judgment [**Dkt. No. 38**]. Upon consideration of the Motion, Revised Opposition, Reply, and the entire record herein, and for the reasons set forth below, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) is **denied**; Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) is **granted** as to Count V and **granted in part and denied in part** as to Counts I through IV and VI; and Defendant's Motion for Summary Judgment is **denied**.

I.   **BACKGROUND**[2]

Plaintiff was an employee of the Food Safety and Inspection Service ("FSIS") within the Department of Agriculture from September 1992 to October 2005, where she was employed as a GS-13 emergency programs specialist. She alleges that she was subjected to a persistent pattern of discrimination based on her gender, age

---

[2] Local Civil Rule 7(h) provides that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue." Because the Defendant failed to submit such a statement, the Court will construe his motion solely as a motion to dismiss. See Baptiste v. Bureau of Prisons, ___ F. Supp. 2d ___, 2008 WL 2067784, at *1 n.1 (D.D.C. May 16, 2008) (dismissing motion for summary judgment for failure to comply with Local Civil Rule 7(h)). Furthermore, Defendant's Motion to Dismiss was filed after an answer was filed to the Consolidated Amended Complaint. Therefore, the Court will address only those arguments raised pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff, although such allegations will bear closer scrutiny when considered under Fed. R. Civ. P. 12(b)(1) rather than Fed. R. Civ. P. 12(b)(6). Wilbur v. CIA, 273 F. Supp. 2d 119, 122 (D.D.C. 2003). Therefore, the facts set forth herein are taken from Plaintiff's Consolidated Amended Complaint.

(fifty-six at the time of the filing of the Consolidated Amended Complaint), and perceived disability, and was also subjected to retaliation for protected Equal Employment Opportunity ("EEO") activity.  She claims that she was denied promotions, subjected to humiliation and emotional distress, and denied scheduled within-grade pay increases.

Plaintiff filed a number of EEO complaints during the time she was employed at the agency.  On or about February 13, 2002, the Equal Employment Opportunity Commission ("EEOC") consolidated five EEO complaints pending before the Commission.  On October 21, 2003, an Administrative Law Judge ordered that the consolidated complaints be "returned to the Agency for issuance of a final agency opinion." Consolidated Am. Compl. ¶ 9.  However, the agency never issued any final agency decision prior to the initiation of this action.

On May 14, 2004, Plaintiff filed a new EEO complaint with the FSIS civil rights office.  The Consolidated Amended Complaint alleges that the agency dismissed this complaint on "April 15" and that Plaintiff received the agency's decision on "April 30" but does not state the year in which these events occurred. Consolidated Am. Compl. ¶ 10.

Plaintiff filed two additional EEO complaints on December 10, 2004 and on March 8, 2005.  The agency took no action on either

3

complaint.[3]

On July 29, 2005, Plaintiff filed her complaint in this Court in Civil Action No. 05-1507 (GK). On February 13, 2006, Plaintiff filed a new civil action, Civil Action No. 06-0255 (GK), concerning the claims raised in her December 10, 2004 and March 8, 2005 EEO complaints.

On December 21, 2006, the Court consolidated the two cases and gave leave to Plaintiff to file her Consolidated Amended Complaint, which was deemed filed the same day. Defendant filed an answer on January 11, 2007. He then filed the pending Motion to Dismiss or in the Alternative for Summary Judgment on February 7, 2007.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b) "must be made before pleading if a responsive pleading is allowed." Stated in somewhat less opaque language, a "defendant filing a pre-answer motion under Federal Rule of Civil Procedure 12(b) must do so before his answer is due." McMillan v. District of Columbia, 233 F.R.D. 179, 182 (D.D.C. 2005). Because the Defendant had previously filed an answer, he is precluded from now filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Therefore his Motion to Dismiss pursuant to Rule 12(b)(6) is **denied** and none of the arguments it raised are addressed on the merits.

---

[3] On March 26, 2007, shortly before Plaintiff's Opposition to the pending Motion was due, she received a Final Agency Decision, dated February 23, 2007, dismissing four of her complaints.

Challenges to the Court's subject matter jurisdiction, however--like that posed by Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)--may be raised at any time. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). To prevail on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction to hear the case. In re Swine Flu Immunization Prods. Liab. Litig., 880 F.2d 1439, 1442-43 (D.C. Cir. 1989); Jones v. Exec. Office of the President, 167 F. Supp. 2d 10, 13 (D.D.C. 2001). While the court must accept as true all factual allegations contained in the complaint, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "plaintiff's factual allegations in the complaint...will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," because the plaintiff bears the burden of proof. Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal quotation marks omitted). In making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings. Lipsman v. Sec'y of the Army, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

Furthermore, as discussed above, Defendant has failed to submit a statement of material facts not in dispute as required by

Local Civil Rule 7(h), and his Motion for Summary Judgment is therefore **denied**.  See Baptiste, 2008 WL 2067784, at *1 n.1.

**III. ANALYSIS**

The Court's subject matter jurisdiction is implicated only in those defense arguments concerning Plaintiff's purported Whistleblower Protection Act claim and the revocation of her security clearance (Count V of the Consolidated Amended Complaint). By contrast, Defendant's argument that Plaintiff failed to timely exhaust her administrative remedies is not jurisdictional in nature, Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988) (administrative exhaustion provisions of 42 U.S.C. § 2000e-16(c) are not jurisdictional), and therefore will not be addressed in Defendant's Rule 12(b)(1) challenge.

Defendant's Whistleblower Protection Act argument is easily dealt with--as Plaintiff argues in her Opposition and as a review of the Consolidated Amended Complaint demonstrates, Plaintiff has not plead any claim under the Whistleblower Protection Act.  See Consolidated Am. Compl. ¶¶ 98-116.   Therefore, the Motion to Dismiss is **denied** as to any purported Whistleblower Protection Act arguments.

Defendant's argument regarding the revocation of Plaintiff's security clearance is also straight-forward.  "Because the authority to issue a security clearance is a discretionary function of the Executive Branch..., employment actions based on denial of

6

security clearance are not subject to judicial review." Bennett v. Chertoff, 425 F.3d 999, 1001 (D.C. Cir. 2005); Ryan v. Reno, 168 F.3d 520, 524 (D.C. Cir. 1999) ("an adverse employment action based on denial or revocation of a security clearance is not actionable under Title VII"). Thus, Count V of the Consolidated Amended Complaint (improper revocation of a security clearance) and those portions of the remaining counts of the Consolidated Amended Complaint that rely upon the revocation of Plaintiff's security clearance are **dismissed for lack of subject matter jurisdiction**.[4]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) is **denied**; Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) is **granted** as to Count V and **granted in part and denied in part** as to Counts I through IV and VI; and Defendant's Motion for Summary Judgment is **denied**. Count V and those portions of the remaining counts that rely upon the revocation of Plaintiff's security clearance are

---

[4] It should be noted that the Government argues, incorrectly, that Plaintiff's claims "center on the revocation of her security clearance." Reply at 3. In fact, Plaintiff alleges a number of adverse employment actions that are entirely unrelated to the revocation of her security clearance. The clearance was revoked in early 1999, and many of the alleged adverse employment actions took place before that time.

**dismissed for lack of subject matter jurisdiction**. An Order shall accompany this Memorandum Opinion.

July 26, 2008

/s/
Gladys Kessler
United States District Judge

**Copies to: Attorneys of record via ECF**